# STATE OF ALASKA

## DEPARTMENT OF LAW

### OFFICE OF THE ATTORNEY GENERAL

FRANK H. MURKOWSKI,
GOVERNOR

1031 WEST 4TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1994
PHONE:      (907)269-5274
FAX:        (907)278-7022

April 14, 2005

*VIA CERTIFIED MAIL RETURN RECEIPT REQUEST*
*ARTICLE NO. 7099 3220 0008 3643 8516*

RECEIVED
APR 18 2005
PACNW FINANCIAL SERVICES

Mr. John S. Bishop
Vice President Operations
State Farm Fire and Casualty Company
1000 Wilmington Drive
Dupont, WA 98327

Re:   *In the Matter of the Estate of Mildred C. McGalliard,*
      3AN-04-1499 PR (Probate, Anchorage Superior Court);
      3603 Wyoming Drive Contaminated Site Cleanup – M&M
      Enterprises; AGO File No. 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.

Dear Mr. Bishop:

On behalf of the State of Alaska and its Department of Environmental Conservation, I am presenting a claim to the State Farm Fire and Casualty Company (State Farm) under the rental dwelling policies issued to Joseph L. and Mildred C. McGalliard for the 3601 Wyoming Drive property in Anchorage, Alaska (policy number 92-95-9466-6).

Field investigations conducted by contractors retained by the Alaska Department of Environmental Conservation (DEC) have identified high levels of hazardous substance contamination on the adjoining property owned by the McGalliards at 3603 Wyoming Drive property. Specifically, DEC's investigation has identified high levels of lead and other hazardous substance contamination in the backyard portion of the property. This hazardous substance contamination has contaminated groundwater resources of the State and the presence of the contamination threatens additional damages to the State's groundwater resources -- and to public health and the environment -- if the contamination is not removed.

The Attorney General's Office has conducted an investigation into the history of the property and has obtained historical documents and records concerning the property. Our investigation found that use of the insured premises by State Farm's insureds Joseph and Mildred McGalliard (McGalliards) resulted in hazardous

EXHIBIT  C
PG   1   OF   4

April 14, 2005
Page 2

substance contamination and damage to the State's groundwater resources. Specifically, the McGalliards stored cracked lead acid batteries and other scrap in the backyard of their 3603 Wyoming Drive property that leaked hazardous substances into the ground, and they disposed of battery acid, after attempts to neutralize it, into an underground leach field constructed in their yard. Hazardous substances were also released onto the adjoining alleyway behind the 3603 and 3601 Wyoming Drive properties. These activities occurred over several decades between 1973 and the mid- to late 1980s. These activities have been documented through aerial photos, interviews, and public records memorializing previous investigations. Hazardous substances disposed of in the leach field and released on the ground surface have migrated and contaminated groundwater at the site and the adjoining unpaved alleyway.

**Probate Claims by the State of Alaska.** As a result of this contamination, the State of Alaska filed a claim against the Probate Estate of your insured, Mildred C. McGalliard on January 24, 2005. A copy of the State's Claim is attached.

Mrs. McGalliard's son, Michael Bateman, was appointed special administrator of her estate on March 8, 2005. A copy of the court appointment is also enclosed. The special administrator has not acted on the State's claim.

**Coverage under the State Farm Policies.** As a result of an administrative subpoena issued by DEC, we have obtained copies of the relevant policies issued to the McGalliards by State Farm from December 29, 1983 until November 4, 1994 when State Farm apparently cancelled the policy because of "debris in the yard, including inoperable snowmobiles, trailers, an old refrigerator, and mattresses." Letter of Sept. 2, 1994 from Rita Ritter, State Farm Fire & Cas. to Mildred C. McGalliard. State Farm's policies provide coverage in the amount of $300,000 per occurrence under Coverage L, Business Liability, for "property damage to which this coverage applies and which arises from the ownership, maintenance, or use of the insured premises."

We are requesting that you acknowledge coverage for the State's claims filed against the McGalliard Estate for property damage to the State's groundwater and for the state's response costs as damages under Coverage L. Specifically, we are seeking payment of sums to reimburse the State for its response costs under AS 46.03.822 and for the costs of future cleanup work. Our analysis of coverage is provided below.

3235429280_3

EXHIBIT C
PG 2 OF 4

April 14, 2005
Page 3

The policy defines "property damages" as "physical injury to or destruction of tangible property, including loss of use of this property." As the U.S. District Court for the District of Alaska found in *Mapco Alaska Petroleum, Inc. v. The Central National Ins. Co. of Omaha*, 795 F. Supp. 941, 950-951 (D. Alaska 1991), under Alaska law, "damages" in a general liability policy includes environmental cleanup costs undertaken with DEC regulatory oversight. Similarly, the U.S. District Court found that "contamination of groundwater qualifies as property damage and as such is covered by [general liability] insurance policies." 795 F. Supp at 952.

Coverage L applies to "property damage under Section 2, which occurs during the period this policy is in effect." Paragraph 1, Section I and II – Conditions. Damage to the groundwater was occurring during the policy period since contaminants were leaching into the groundwater and migrating. The policies were triggered each time the groundwater and the other property not owned by the insured was exposed to contaminants during the policy term and as long as the groundwater contamination is unremediated. *See Mapco*, 795 F. Supp. at 948 (Alaska Supreme Court generally follows California insurance law); *Montrose Chem. Corp. v. Admiral Ins.*, 913 P.2d 878, 880 (Cal. 1995) (California Supreme Court adopted continuous trigger theory in third party insurance disputes over standard occurrence language).

Given the site assessments for the property and our investigation of the activities at the site, these occurrences happened throughout the 1983 to 1996 policy periods. Groundwater will continue to be impacted until the contamination source is removed. In sum, there is coverage for multiple occurrences under the policies issued to the McGalliards by State Farm.

Finally, the property damage arose out of the use of the insured premises since the release of contaminants onto the alleyway adjoining the 3603 and 3601 properties is part of the "insured premises." See Paragraph 3.c. Definitions ("insured premises" means: the ways immediately adjoining on land").

DEC plans to undertake a state-led cleanup of the Wyoming Drive property this June through one of its term contractors. DEC has determined that in order to protect human health and the environment, it will undertake a cleanup action to remove the highly contaminated soils from the backyard portion of the site and in the adjoining alleyway. DEC's term contractor has estimated the "order of magnitude cost" of this action at around $315,000. As of the end of 2004, the State had already incurred response costs in the amount of $48,903. The State has incurred additional costs since December of 2004 and can provide an accounting of those costs at your request.

3235429280_5

EXHIBIT _C_
PG _3_ OF _4_

April 14, 2005
Page 4

The State is also submitting claims to the insurance companies that provided the McGalliard's homeowners policy coverage on 3603 Wyoming Drive property (Alaska Pacific Assurance Company, CIGNA and Vesta).

**Requested Action.** We request that State Farm acknowledge coverage under coverage L of the policies issued to Mr. and Mrs. McGalliard and pay the State the above sums. I am providing you with copies of the environmental reports for the property and DEC's response cost invoices and supporting materials. Given the pending site cleanup actions and the probate case, we request that you provide a response to our claim as soon as possible but no later than May 16, 2005.

Please give Assistant Attorney General Breck Tostevin a call at 269-5274 if you have any questions concerning this matter.

Sincerely,

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: *[signature]*
Breck C. Tostevin
Assistant Attorney General

BCT/cam
Enclosures

cc: Michael A. Bateman, Special Admin.
of the Estate of Mildred McGalliard
Rich Sundet, DEC/CS

3235429280_7

EXHIBIT C
PG 4 OF 4