

# YOUR
# STATE FARM
# RENTAL DWELLING
# POLICY

FP-6103.2
(7/83)

EXHIBIT F
PG 1 OF 15

# TABLE OF CONTENTS

## DECLARATIONS
Your Name
Location of Your Residence
Policy Period
Coverages
Limits of Liability
Deductibles

|  | Beginning on Page |
|---|---|
| TABLE OF CONTENTS | 1 |
| AGREEMENT | 2 |
| DEFINITIONS | 2 |
| SECTION I - YOUR PROPERTY | |
| COVERAGES | 3 |
| Coverage A - Dwelling | |
| Coverage B - Personal Property | |
| Coverage C - Loss of Rents | |
| Additional Coverages | |
| Inflation Coverage | |
| LOSSES INSURED | 5 |
| LOSSES NOT INSURED | 5 |
| CONDITIONS | 7 |
| SECTION II - YOUR LIABILITY | |
| COVERAGES | 9 |
| Coverage L - Business Liability | |
| Coverage M - Premises Medical Payments | |
| EXCLUSIONS | 9 |
| ADDITIONAL COVERAGES | 11 |
| CONDITIONS | 11 |
| SECTIONS I AND II - CONDITIONS | 12 |
| OPTIONAL PROVISIONS | 13 |

Includes copyrighted material of State Farm Fire and Casualty Company.
Copyright, State Farm Fire and Casualty Company, 1983.
And also,
Includes copyrighted material of Insurance Services Office with its permission.
Copyright, Insurance Services Office, 1975, 1977.

FP-8103.2
(7/83)

PRINTED IN U.S.A.

1

EXHIBIT F
PG 2 OF 15

## RENTAL DWELLING POLICY - SPECIAL FORM 3

### AGREEMENT

We will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy.

### DEFINITIONS

Throughout this policy, "you" and "your" refer to the "named insured" shown in the Declarations and "we", "us" and "our" refer to the Company indicated in the Declarations. In addition, certain words and phrases are defined as follows:

1. "bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death resulting therefrom.

2. "insured" means:
   a. if the named insured is designated in the Declarations as an individual and is a sole proprietor, the named insured and spouse;
   b. if the named insured is designated in the Declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof;
   c. if the named insured is designated in the Declarations as other than an individual, partnership or joint venture, the organization trustees, directors or governors or stockholder thereof while acting within the scope of their duties;
   d. any employee of the named insured while acting within the scope of that employment;
   e. any person or organization while acting as real estate manager for the named insured.

   The insurance afforded applies separately to each insured against whom claim is made, or suit is brought, except with respect to the limit of the Company's liability.

   This insurance does not apply to bodily injury or personal injury or property damage arising out of the conduct of any partnership or joint venture which is not designated in this policy as a named insured;

3. "insured premises" means:
   a. the residence premises;
   b. one or two family premises of which you acquire ownership or control and for which you report your intention to insure under this policy within 30 days after acquisition;
   c. the ways immediately adjoining on land; and
   d. one or two family dwelling premises alienated by any insured if possession has been given to others.

4. "motor vehicle" means:
   a. a motorized land vehicle designed for travel on public roads or subject to motor vehicle registration. A motorized land vehicle in dead storage on an insured premises is not a motor vehicle;
   b. a trailer or semi-trailer designed for travel on public roads and subject to motor vehicle registration. A boat, camp, home or utility trailer not being towed by or carried on a vehicle included in 4a is not a motor vehicle;
   c. a motorized golf cart, snowmobile, or other motorized land vehicle owned by any insured and designed for recreational use off public roads, while off an insured premises. A motorized golf cart while used for golfing purposes is not a motor vehicle;
   d. a motorized bicycle, tricycle or similar type of equipment owned by any insured while off an insured premises;
   e. any vehicle while being towed by or carried on a vehicle included in 4a, 4b, 4c, or 4d.

5. "named insured" means the person or organization named in the Declarations of this policy;

2

EXHIBIT ___F___
PG ___3___ OF ___15___

6. "personal injury" means injury arising out of one or more of the following offenses:
   a. false arrest, detention or imprisonment or malicious prosecution;
   b. libel, slander or defamation of character; or
   c. invasion of privacy, wrongful eviction or wrongful entry.

7. "property damage" means physical injury to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any insured is not considered to be property damage.

8. "residence premises" means the one or two family dwelling, other structures, and grounds which is shown in the Declarations.

## SECTION I - COVERAGES

### COVERAGE A - DWELLING

We cover:
1. the dwelling on the residence premises shown in the Declarations used principally as a private residence, including structures attached to the dwelling;

2. materials and supplies located on or adjacent to the residence premises for use in the construction, alteration or repair of the dwelling or other structures on the residence premises;

3. wall to wall carpeting attached to the dwelling on the residence premises; and

4. outdoor antennas.

Dwelling Extension. We cover other structures on the residence premises, separated from the dwelling by clear space. Structures connected to the dwelling by only a fence, utility line, or similar connection are considered to be other structures.

Our limit of liability for other structures is an amount equal to 10% of the limit of liability for Coverage A. This is an additional amount of insurance.

We do not cover other structures:
1. used in whole or in part for commercial, manufacturing or farming purposes; or

2. rented or held for rental to any person not a tenant of the dwelling, unless used solely as a private garage.

### COVERAGE B - PERSONAL PROPERTY

We cover personal property owned or used by any insured which is rented or held for rental with the residence premises or used for the maintenance of the residence premises. This coverage applies only while the personal property is on the residence premises or temporarily off premises for repairs.

Property Not Covered. We do not cover:
1. articles separately described and specifically insured in this or any other insurance;

2. animals, birds or fish;

3. any engine or motor propelled vehicle or machine, including the parts, designed for movement on land. We do cover those used solely for the service of the residence premises and not licensed for use on public highways;

4. watercraft including motors, equipment and accessories;

5. aircraft and parts;

6. outdoor signs.

### COVERAGE C - LOSS OF RENTS

The limit of liability for Coverage C is the total limit for all the following coverages.
1. **Fair Rental Value.** If a loss covered under this Section makes that part of the residence premises rented to others or held for rental by you uninhabitable, we cover its fair rental value. Payment shall be for the shortest time required to repair

3

EXHIBIT F
PG 4 OF 15

or replace the part of the premises rented or held for rental but not exceeding 12 consecutive months from the date of loss. This period of time is not limited by expiration of this policy. Fair rental value shall not include any expense that does not continue while that part of the residence premises rented or held for rental is uninhabitable.

2. **Prohibited Use.** If a civil authority prohibits you from use of the residence premises as a result of direct damage to neighboring premises by a Loss Insured in this policy, we cover any resulting Fair Rental Value loss for a period not exceeding two weeks during which use is prohibited.

We do not cover loss or expense due to cancellation of a lease or agreement.

## ADDITIONAL COVERAGES

1. **Debris Removal.** We will pay the reasonable expense incurred by you in the removal of debris of covered property provided coverage is afforded for the peril causing the loss. Debris removal expense is included in the limit of liability applying to the damaged property. When the amount payable for the actual damage to the property plus the expense for debris removal exceeds the limit of liability for the damaged property, an additional 5% of that limit of liability will be available to cover debris removal expense.

2. **Reasonable Repairs.** We will pay the reasonable cost incurred by you of repairing damage to covered property necessary to protect the property from further damage or loss provided coverage is afforded for the peril causing the loss. This coverage does not increase the limit of liability applying to the property being repaired.

3. **Trees, Shrubs and Other Plants.** We cover trees, shrubs, plants or lawns, on the residence premises, for loss caused by the following Losses Insured: Fire or lightning, Explosion, Riot or civil commotion, Aircraft, Vehicles not owned or operated by a resident of the residence premises, Vandalism or malicious mischief or Theft. The limit of liability for this coverage shall not exceed 5% of the limit of liability that applies to the dwelling for all trees, shrubs, plants and lawns nor more than $500 for any one tree, shrub or plant. This coverage may increase the limit of liability otherwise applicable. We do not cover property grown for business purposes.

4. **Fire Department Service Charge** (not applicable in Arizona and New Mexico). We will pay up to $500 for your liability assumed by contract or agreement for fire department charges incurred when the fire department is called to save or protect covered property from a Loss Insured. No deductible applies to this coverage.

5. **Property Removed.** Covered property while being removed from a premises endangered by a Peril Insured Against and for not more than 30 days while removed is covered for direct loss from any cause. This coverage does not increase the limit of liability applying to the property being removed.

6. **Personal Effects.** We will pay up to $500 for loss at the residence premises caused by a Peril Insured Against to personal effects of others while such property is in your care, custody or control. This coverage is subject to the limitations and exlusions applicable to Coverage B - Personal Property. This coverage is limited to $100 per person and does not increase the limit of liability applying to Coverage B - Personal Property.

7. **Burglary.** We will pay for loss of personal property from a known location within a building on the residence premises when it is probable that the property has been stolen and there is visible evidence of forcible entry to or forcible exit from that building.

## INFLATION COVERAGE

The limits of liability specified in the Declarations of this policy for Coverage A Dwelling and Coverage B Personal Property shall be increased at the same rate as the increase in

4

EXHIBIT __F__
PG __5__ OF __15__

the Composite Construction Cost Index published by the U.S. Department of Commerce.

To determine the limits of liability on a particular date, the latest available Index level will be divided by the Index level as of the effective date of this inflation coverage provision and the resulting factor multiplied by the limits of liability for Coverage A and Coverage B separately. In no event will the limits of liability be reduced to less than shown in the policy or most recent renewal notice, whichever is greater.

If during the term of this policy the limit of liability for Coverage A is changed at the request of the insured, then the effective date of this inflation coverage provision is amended to coincide with the effective date of such change.

## SECTION I - LOSSES INSURED

**COVERAGE A - DWELLING AND COVERAGE B - PERSONAL PROPERTY**

We insure for accidental direct physical loss to the property described in Coverage A and Coverage B except as provided in Section I - Losses Not Insured.

## SECTION I - LOSSES NOT INSURED

1. We do not insure for loss to the property described in Coverage A and Coverage B either consisting of, or directly and immediately caused by, one or more of the following:
   a. freezing of a plumbing, heating or air conditioning system or of a household appliance, or by discharge, leakage or overflow from within the system or appliance caused by freezing, while the dwelling is vacant, unoccupied or being constructed unless you have used reasonable care to:
      (1) maintain heat in the building; or
      (2) shut off the water supply and drain the system and appliances of water;
   b. freezing, thawing, pressure or weight of water or ice, whether driven by wind or not, to a fence, pavement, patio, swimming pool, foundation, retaining wall, bulkhead, pier, wharf or dock;
   c. theft in or to a dwelling under construction, or of materials and supplies for use in the construction until the dwelling is completed and occupied;
   d. theft of any property which is not actually part of any building or structure;
   e. vandalism and malicious mischief or breakage of glass and safety glazing materials if the dwelling has been vacant for more than 30 consecutive days immediately before the loss. A dwelling being constructed is not considered vacant;
   f. leakage or seepage of water or steam unless sudden and accidental from any:
      (1) heating or air conditioning system;
      (2) household appliance; or
      (3) plumbing system, including from or around any shower stall or other shower bath installation, bath tub or other plumbing fixture;
   
   If loss is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance. We do not cover loss to the system or appliance from which the water or steam escaped;
   g. wear and tear; marring; deterioration; inherent vice; latent defect; mechanical breakdown; rust; mold; wet or dry rot; contamination; smog; smoke from agricultural smudging or industrial operations; settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings; birds, vermin, rodents, insects or domestic animals.
   
   Any ensuing loss from items a. through g. not excluded is covered.

2. We do not insure for loss which would not have occurred

:5

in the absence of one or more of the following excluded events. We do not insure for such loss regardless of: a) the cause of the excluded event; or b) other causes of the loss; or c) whether other causes acted concurrently or in any sequence with the excluded event to produce the loss.

    a. **Ordinance or Law**, meaning enforcement of any ordinance or law regulating the construction, repair, or demolition of a building or other structure, unless specifically provided under this policy.

    b. **Earth Movement**, whether combined with water or not, including but not limited to earthquake, volcanic eruption, landslide, subsidence, mudflow, sinkhole, erosion, or the sinking, rising, shifting, expanding, or contracting of earth.

    However, we do insure for direct loss by fire, explosion, theft or breakage of glass or safety glazing materials resulting from earth movement.

    c. **Water Damage**, meaning:
      (1) flood, surface water, waves, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind;
      (2) water which backs up through sewers or drains; or
      (3) natural water below the surface of the ground, including water which exerts pressure on, or seeps or leaks through a building, sidewalk, driveway, foundation, swimming pool or other structure.

    However, we do insure for direct loss by fire, explosion, or theft resulting from water damage.

    d. **Neglect**, meaning neglect of the insured to use all reasonable means to save and preserve property at and after the time of a loss, or when property is endangered by a Loss Insured.

    e. **War**, including undeclared war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for a military purpose, and including any consequence of any of these. Discharge of a nuclear weapon shall be deemed a warlike act even if accidental.

    f. **Nuclear Hazard**, meaning any nuclear reaction, radiation, or radioactive contamination, all whether controlled or uncontrolled or however caused, or any consequence of any of these. Loss caused by the nuclear hazard shall not be considered loss caused by fire, explosion, or smoke. However, we do insure for direct loss by fire resulting from the nuclear hazard.

3. We do not insure for loss consisting of one or more of the items below. Further, we do not insure for loss described in Paragraphs 1. and 2. immediately above regardless of whether one or more of the following: a) directly or indirectly cause, contribute to or aggravate the loss; or b) occur before, at the same time, or after the loss or any other cause of the loss:

    a. conduct, act, failure to act, or decision of any person, group, organization or governmental body whether intentional, wrongful, negligent, or without fault;

    b. defect, weakness, inadequacy, fault or unsoundness in:
      (1) planning, zoning, development, surveying, siting;
      (2) design, specifications, workmanship, construction, grading, compaction;
      (3) materials used in construction or repair; or
      (4) maintenance;
    of any property (including land, structures, or improvements of any kind) whether on or off the residence premises.

However, we do insure for ensuing loss from items a. and b. unless the ensuing loss is itself a Loss Not Insured by this Section.

EXHIBIT F
PG 7 OF 15

## SECTION I - CONDITIONS

1. **Insurable Interest and Limit of Liability.** Even if more than one person has an insurable interest in the property covered, we shall not be liable:
   a. to the insured for an amount greater than the insured's interest; nor
   b. for more than the applicable limit of liability.

2. **Your Duties After Loss.** In case of a loss to which this insurance may apply, you shall see that the following duties are performed:
   a. give immediate notice to us or our agent, and in case of theft, also to the police;
   b. protect the property from further damage or loss, make reasonable and necessary repairs required to protect the property, and keep an accurate record of repair expenditures;
   c. prepare an inventory of damaged personal property showing in detail, the quantity, description, actual cash value and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;
   d. as often as we reasonably require:
      (1) exhibit the damaged property;
      (2) provide us with records and documents we request and permit us to make copies; and
      (3) submit to examinations under oath and subscribe the same;
   e. submit to us, within 60 days after the occurrence, your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:
      (1) the time and cause of loss;
      (2) interest of the insured and all others in the property involved and all encumbrances on the property;
      (3) other insurance which may cover the loss;
      (4) changes in title or occupancy of the property during the term of this policy;
      (5) specifications of any damaged building and detailed estimates for repair of the damage;
      (6) an inventory of damaged personal property described in 2c;
      (7) records supporting the fair rental value loss.

3. **Loss Settlement.** Covered property losses are settled as follows:
   a. Personal property and structures that are not buildings at actual cash value at the time of loss. There may be deduction for depreciation. We will not pay an amount exceeding that necessary to repair or replace;
   b. Carpeting, domestic appliances, awnings and outdoor antennas, whether or not attached to buildings, at actual cash value at the time of loss but not exceeding the amount necessary to repair or replace;
   c. Buildings under Coverage A at replacement cost without deduction for depreciation, subject to the following:
      (1) We will pay the cost of repair or replacement, without deduction for depreciation, but not exceeding the smallest of the following amounts:
         (a) the limit of liability under this policy applying to the building;
         (b) the replacement cost of that part of the building damaged for equivalent construction and use on the same premises; or
         (c) the amount actually and necessarily spent to repair or replace the damaged building.
      (2) We will pay the actual cash value of the damage until actual repair or replacement is completed.
      (3) You may disregard the replacement cost loss settlement provisions and make claim under this policy for loss or damage to buildings on an actual cash value basis and then make claim within 180 days after loss for any additional liability on a replacement cost basis.

4. **Loss to a Pair or Set.** In case of loss to a pair or set we may elect to:

7

EXHIBIT F
PG 8 OF 15

a. repair or replace any part to restore the pair or set to its value before the loss; or
b. pay the difference between actual cash value of the property before and after the loss.

5. **Glass Replacement.** Loss for damage to glass caused by a Loss Insured shall be settled on the basis of replacement with safety glazing materials when required by ordinance or law.

6. **Appraisal.** If you and we fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser and notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by you and us.

7. **Other Insurance.** If a loss covered by this policy is also covered by other insurance, we will pay only the proportion of the loss that the limit of liability that applies under this policy bears to the total amount of insurance covering the loss.

8. **Suit Against Us.** No action shall be brought unless there has been compliance with the policy provisions and the action is started within one year after the occurrence causing loss or damage.

9. **Our Option.** We may repair or replace any part of the property damaged or stolen with equivalent property.

10. **Loss Payment.** We will adjust all losses with you. We will pay you unless some other person is named in the policy or is legally entitled to receive payment. Loss will be payable 60 days after we receive your proof of loss and:
    a. reach agreement with you; or
    b. there is an entry of a final judgment; or
    c. there is a filing of an appraisal award with us.

11. **Abandonment of Property.** We need not accept any property abandoned by any insured.

12. **Mortgage Clause.** The word "mortgagee" includes trustee.

    If a mortgagee is named in this policy, any loss payable under Coverage A shall be paid to the mortgagee and you, as interests appear. If more than one mortgagee is named, the order of payment shall be the same as the order or precedence of the mortgages.

    If we deny your claim, that denial shall not apply to a valid claim of the mortgagee, if the mortgagee:
    a. notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;
    b. pays any premium due under this policy on demand if you have neglected to pay the premium;
    c. submits a signed, sworn statement of loss within 6 days after receiving notice from us of your failure do so. Policy conditions relating to Appraisal, S Against Us and Loss Payment apply to the mortg gee.

    If this policy is cancelled by us, the mortgagee shall t notified at least 10 days before the date cancellation take effect.

    If we pay the mortgagee for any loss and deny paymer to you:
    a. we are subrogated to all the rights of the mortgag

8

EXHIBIT F
PG 9 OF 15

granted under the mortgage on the property; or
b. at our option, we may pay to the mortgagee the whole principal on the mortgage plus any accrued interest. In this event, we shall receive a full assignment and transfer of the mortgage and all securities held as collateral to the mortgage debt.

Subrogation shall not impair the right of the mortgagee to recover the full amount of the mortgagee's claim.

13. **No Benefit to Bailee.** We will not recognize any assignment or grant any coverage for the benefit of any person or organization holding, storing or transporting property for a fee regardless of any other provision of this policy.

## SECTION II - LIABILITY COVERAGES

**COVERAGE L - BUSINESS LIABILITY**

If a claim is made or a suit is brought against any insured for damages because of bodily injury, personal injury, or property damage to which this coverage applies and which arises from the ownership, maintenance, or use of the insured premises, we will:
a. pay up to our limit of liability for the damages for which the insured is legally liable; and
b. provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages resulting from the occurrence equals our limit of liability.

**COVERAGE M - PREMISES MEDICAL PAYMENTS**

We will pay the necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing bodily injury which arises out of a condition on the insured premises or for which the insured is provided bodily injury liability coverage under this policy. Medical expenses means reasonable charges for medical, surgical, x-ray, dental, ambulance, hospital, professional nursing, prosthetic devices and funeral services.

## SECTION II - EXCLUSIONS

1. Coverage L - Business Liability and Coverage M - Premises Medical Payments do not apply to:
   a. bodily injury, personal injury, or property damage which is expected or intended by the insured;
   b. bodily injury, personal injury, or property damage arising out of the rendering or failing to render professional services;
   c. bodily injury, personal injury, or property damage arising out of the ownership, maintenance, use, loading or unloading of:
      (1) aircraft;
      (2) any motor vehicle owned or operated by, or rented or loaned to any insured; or
      (3) any watercraft owned by or operated by, or rented or loaned to any insured;
   d. bodily injury, personal injury, or property damage caused directly or indirectly by war, civil war, insurrection, rebellion, revolution, warlike act by a military force or military personnel, destruction or seizure or use for a military purpose, and including any consequence of any of these. Discharge of a nuclear weapon shall be deemed a warlike act even if accidental;
   e. bodily injury, personal injury, or property damage arising out of premises, other than the insured premises, or to liability assumed by the insured under any contract or agreement relating to such premises;
   f. to bodily injury or property damage for which the insured may be held liable:
      (1) as a person or organization engaged in the business of manufacturing, distributing, selling or

9

EXHIBIT F
PG 10 OF 15

serving alcoholic beverages, or
(2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed
   (a) by, or because of the violation of any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverages, or
   (b) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;
   but part (b) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above.

2. **Coverage L - Business Liability**, does not apply to:
   a. liability assumed under any unwritten contract or agreement, or by contract or agreement in connection with any business of the insured other than the rental of the insured premises;
   b. property damage to property owned by the insured;
   c. property damage to property rented to, occupied or used by or in the care of the insured;
   d. bodily injury or personal injury to any person eligible to receive any benefits required to be provided or voluntarily provided by the insured under any workers' or workmen's compensation, non-occupational disability or occupational disease law;
   e. bodily injury, personal injury, or property damage for which any insured under this policy is also an insured under a nuclear energy liability policy or would be an insured but for its termination upon exhaustion of its limit of liability. A nuclear energy liability policy is a policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, Nuclear Insurance Association of Canada, or any of their successors.

f. personal injury caused by a violation of a penal la or ordinance committed by or with the knowledge consent of any insured;
g. personal injury sustained by any person as a res of an offense directly or indirectly related to the e ployment of the person by the insured;
h. personal injury arising out of any publication utterance in item b. of the definition of persor injury:
   (1) if the first injurious publication or utterance of same or similar material by or on behalf of t insured was made prior to the effective date this insurance; or
   (2) concerning any business or services made by at the direction of any insured with knowled of the falsity;

3. **Coverage M - Premises Medical Payments** does n apply to bodily injury:
   a. to any person, eligible to receive any benefits requir to be provided or voluntarily provided under a workers' or workmen's compensation, non-occup tional disability or occupational disease law;
   b. from any nuclear reaction, radiation or radioactr contamination, all whether controlled or uncontrolle or however caused, or any consequence of any these;
   c. to any insured, any tenant or other person regular residing on the insured premises or to any empl ee if the bodily injury arises out of employment the insured;
   d. to any tenant if the bodily injury occurs on insured premises rented from the insured or to a employee of any tenant if the bodily injury occurs the insured premises and arises out of employme of the tenant;
   e. to any person engaged in maintenance and repair the insured premises or alteration, demolition new construction at such premises.

10

EXHIBIT  F
PG  11  OF  15

## SECTION II - ADDITIONAL COVERAGES

We cover the following in addition to the limits of liability:

1. **Claim Expenses.** We pay:
    a. expenses incurred by us and costs taxed against any insured in any suit we defend;
    b. premiums on bonds required in a suit defended by us, but not for bond amounts greater than the limit of liability for Coverage L. We are not obligated to apply for or furnish any bond;
    c. reasonable expenses incurred by any insured at our request, including actual loss of earnings (but not loss of other income) up to $50 per day for assisting us in the investigation or defense of any claim or suit;
    d. interest on the entire judgment which accrues after entry of the judgment and before we pay or tender, or deposit in court that part of the judgment which does not exceed the limit of liability that applies.

2. **First Aid Expenses.** We will pay expenses for first aid to others incurred by any insured for bodily injury covered under this policy. We will not pay for first aid to you or any other insured.

## SECTION II - CONDITIONS

1. **Limit of Liability.** Regardless of the number of insureds, claims made or persons injured, our total liability under Coverage L stated in this policy for all damages resulting from any one occurrence shall not exceed the limit of liability for Coverage L stated in the Declarations. All bodily injury, personal injury and property damage resulting from any one accident or from continuous or repeated exposure to substantially the same general conditions shall be considered to be the result of one occurrence.

    Our total liability under Coverage M for all medical expense payable for bodily injury to one person as the result of one accident shall not exceed the limit of liability for Coverage M stated in the Declarations.

2. **Severability of Insurance.** This insurance applies separately to each insured. This condition shall not increase our limit of liability for any one occurrence.

3. **Duties After Loss.** In case of an accident or occurrence, the insured shall perform the following duties that apply. You shall cooperate with us in seeing that these duties are performed:
    a. Give written notice to us or our agent as soon as practicable, which sets forth:
        (1) the identity of this policy and insured;
        (2) reasonably available information on the time, place and circumstances of the accident or occurrence; and
        (3) names and addresses of any claimants and available witnesses;
    b. forward to us every notice, demand, summons or other process relating to the accident or occurrence;
    c. at our request, assist in:
        (1) making settlement;
        (2) the enforcement of any right of contribution or indemnity against any person or organization who may be liable to any insured;
        (3) the conduct of suits and attend hearings and trials;
        (4) securing and giving evidence and obtaining the attendance of witnesses;
    d. the insured shall not, except at the insured's own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of the bodily injury.

4. **Duties of an Injured Person - Coverage M - Premises Medical Payments.** The injured person or someone acting on behalf of the injured person shall:
    a. give us written proof of claim, under oath if required,

11

  as soon as practicable;
  b. execute authorization to allow us to obtain copies of medical reports and records; and
  c. the injured person shall submit to physical examination by a physician selected by us when and as often as we reasonably require.

5. **Payment of Claim - Coverage M - Premises Medical Payments.** Payment under this coverage is not an admission of liability by any insured or us.

6. **Suit Against Us.** No action shall be brought against us unless there has been compliance with the policy provisions.
  No one shall have any right to join us as a party to any action against any insured. Further, no action with respect to Coverage L shall be brought against us until the obligation of the insured has been determined by final judgment or agreement signed by us.

7. **Bankruptcy of any Insured.** Bankruptcy or insolvency of any insured shall not relieve us of any of our obligations under this policy.

8. **Other Insurance - Coverage L - Business Liability.** This insurance is excess over any other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy.

## SECTION I AND SECTION II - CONDITIONS

1. **Policy Period.** This policy applies only to loss under Section I or bodily injury, personal injury, or property damage under Section II, which occurs during the period this policy is in effect.

2. **Concealment or Fraud.** This entire policy shall be void if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance.

3. **Liberalization Clause.** If we adopt any revision which would broaden coverage under this policy without additional premium within 60 days prior to or during the period this policy is in effect, the broadened coverage will immediately apply to this policy.

4. **Waiver or Change of Policy Provisions.** A waiver or change of any provision of this policy must be in writing by us to be valid. Our request for an appraisal or examination shall not waive any of our rights.

5. **Cancellation.**
  a. You may cancel this policy at any time by notifying us in writing of the date cancellation is to take effect.
  b. We may cancel this policy only for the reasons stated in this condition by notifying you in writing of the date cancellation takes effect. This cancellation notice may be delivered to you, or mailed to you at your mailing address shown in the Declarations. Proof of mailing shall be sufficient proof of notice:
  (1) When you have not paid the premium, whether payable to us or to our agent or under any finance or credit plan, we may cancel at any time by notifying you at least 10 days before the date cancellation takes effect.
  (2) When this policy has been in effect for less than 60 days and is not a renewal with us, we may cancel for any reason by notifying you at least 10 days before the date cancellation takes effect.
  (3) When this policy has been in effect for 60 days or more, or at any time if it is a renewal with us, we may cancel if there has been a material misrepresentation of fact which, if known to us, would have caused us not to issue this policy or if the risk has changed substantially since the policy was issued. We may cancel this policy by notifying you at least 30 days before the date cancellation takes effect.
  (4) When this policy is written for a period longer

12

than one year, we may cancel for any reason at anniversary by notifying you at least 30 days before the date cancellation takes effect.

c. When this policy is cancelled, the premium for the period from the date of cancellation to the expiration date will be refunded. When you request cancellation, the return premium will be based on our rules for such cancellation. The return premium may be less than a full pro rata refund. When we cancel, the return premium will be pro rata.

d. If the return premium is not refunded with the notice of cancellation or when this policy is returned to us, we will refund it within a reasonable time after the date cancellation takes effect.

6. **Non-Renewal.** We may elect not to renew this policy. We may do so by delivery to you, or mailing to you at your mailing address shown in the Declarations, written notice at least 30 days before the expiration date of this policy. Proof of mailing shall be sufficient proof of notice.

7. **Assignment.** Assignment of this policy shall not be valid unless we give our written consent.

8. **Subrogation.** Any insured may waive in writing before a loss all rights of recovery against any person. If not waived, we may require an assignment of rights of recovery for a loss to the extent that payment is made by us.

If an assignment is sought, any insured shall sign and deliver all related papers and cooperate with us in any reasonable manner.

Subrogation does not apply under Section II to Premises Medical Payments.

9. **Death.** If any person named in the Declarations or the spouse, if a resident of the same household, dies:
   a. we insure the legal representative of the deceased but only with respect to the premises and property of the deceased covered under this policy at the time of death;
   b. insured includes with respect to your property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

## OPTIONAL POLICY PROVISIONS

Each Optional Provision applies only as indicated in the Declarations or Extension Certificate.

**Option N - Named Additional Insured.** The definition of insured in this policy includes the person or organization named in the Declarations as an additional insured or whose name is on file with us with respect to:
   a. Section I: Coverage A - Dwelling;
   b. Section II: Coverage L - Business Liability and Coverage M - Premises Medical Payments but only with respect to the residence premises. This coverage does not apply to bodily injury to any employee arising out of or in the course of the employee's employment by the person or organization.

This provision applies only with respect to the location shown in the Declarations.

**Option S - Other Structures.** Our limit of liability for covered other structures under Coverage A Dwelling Extension provisions is amended to be the amount shown in the Declarations for this option.

13

EXHIBIT  F
PG  14  OF  15

IN WITNESS WHEREOF, this Company has executed and attested these presents; but this policy shall not be valid unless countersigned by the duly authorized Agent of this Company at the agency hereinbefore mentioned.

*Laura P. Sullivan*
Secretary

*Edward B Rust Jr*
President

The Board of Directors, in accordance with Article VI(c), of this Company's Articles of Incorporation, may from time to time distribute equitably to the holders of the participating policies issued by said Company such sums out of its earnings as in its judgment is proper.

OPTIONAL POLICY

514

EXHIBIT _F_
PG _15_ OF _15_