# State Farm Insurance Companies®



May 5, 2005

Anchorage Service Center
PO Box 437
DuPont, Washington 98327-0437
800 478 3510  Fax 888 251 6069

**CERTIFIED MAIL--RETURN RECEIPT REQUESTED**

MICHAEL BATEMAN
AS ADMINISTRATOR FOR THE ESTATE OF
MILDRED C MCGALLIARD
3004 BARBARA DRIVE
ANCHORAGE AK  99517

RECEIVED
Bliss, Wilkens & Clayton
MAY 6 2005
File # 957-271  Atty JKW
cc _____
Calendar _____ File _____

RE:  Claim Number:     02-G025-201
     Date of Loss:     January 1, 1994
     Our Insured:      Joseph McGalliard
     Policy Number:    92-95-9466-6
     Insured Location: 3601 Wyoming Drive
                       Anchorage, Alaska
     Policy Type:      Rental Dwelling, Forms FP-8103.2 and FP-8103.3
     Claimant:         State of Alaska, Department of Environmental Conservation

Dear Mr. Bateman:

We have received a copy of the claim filed by the state. Please advise if you are tendering their claim to State Farm®. I understand the claim involves allegations that dangerous and damaging environmental conditions have existed for a number of years at the property located at 3601 Wyoming Drive in Anchorage, mainly due to the conditions at the adjoining property, 3603 Wyoming Drive.

The purpose of this letter is to outline the issues that may preclude coverage for you under your policy prior to our continuing to investigate the claim. There is a question as to whether this company is obligated to defend or indemnify you for claims arising out of the claim filed on April 14, 2005, by the State of Alaska, concerning your former rental property at 3601 Wyoming Drive, Anchorage, Alaska.

It is our understanding that these conditions continued for several years. During the time period in question, there were at least two policy forms in force. Both will be referenced in this letter. If we find additional policy forms which apply to this claim, we may assert additional reservations, if they apply. We wish to call your attention to the fact that we specifically reserve our right to deny coverage to you (and anyone claiming coverage under the policy to whom the reason applies) for the following reasons:

1)   There is a question whether the liability agreement of the policy noted above has been met, i.e., whether your actions as alleged in the claim constitute **bodily injury**, **personal injury**, or **property damage**, caused by an **occurrence** which

EXHIBIT  B
PG  1  OF  9

HOME OFFICES:  BLOOMINGTON, ILLINOIS 61710-0001

MICHAEL BATEMAN
02-G025-201
Page 2
May 5, 2005

arises from the ownership, maintenance, or use of the **insured premises** as defined by the policy.

### RENTAL DWELLING POLICY - SPECIAL FORM 3 (FP-8103.3)

**DEFINITIONS**

"You" and "your" mean the "named insured" shown in the **Declarations**. Your spouse is included if a resident of your household. "We", "us" and "our" mean the Company shown in the **Declarations**.

Certain words and phrases are defined as follows:

1. **"bodily injury"** means bodily harm, sickness or disease. This includes required care, loss of services and death resulting therefrom. **Bodily injury** does not include any of the following which are communicable: disease, bacteria, parasite, virus, or other organism, any of which are transmitted by any **insured** to any other person. It also does not include the exposure to any such disease, bacteria, parasite, virus, or other organism by any **insured** to any other person.

5. **"insured premises"** means:

    a. the **residence premises**;

    b. one or two family premises of which you acquire ownership or control and for which you report your intention to insure under this policy within 30 days after acquisition;

    c. the ways immediately adjoining on land; and

    d. one or two family dwelling premises alienated by any **insured** if possession has been given to others.

8. **"occurrence"**, when used in Section II of this policy, means an accident, including exposure to conditions, which results in:

    a. **bodily injury**;

    b. **property damage**; or

    c. **personal injury**;

    during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one **occurrence**.

9. **"personal injury"** means injury arising out of one or more of the following offenses:

    a. false arrest, detention or imprisonment or malicious prosecution;

EXHIBIT _B_
PG _2_ OF _9_

MICHAEL BATEMAN
02-G025-201
Page 3
May 5, 2005

      b.    libel, slander or defamation of character; or

      c.    invasion of privacy, wrongful eviction or wrongful entry.

10.    "**property damage**" means physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any **insured** is not considered to be **property damage**.

11.    "**residence premises**" means the one or two family dwelling, other structures, and grounds which is shown in the **Declarations**.

2)    There is a question whether the following liability exclusions apply to the allegations made.

**RENTAL DWELLING POLICY - SPECIAL FORM 3 (FP-8103.3)**

**SECTION II - EXCLUSIONS**

1.    **Coverage L - Business Liability** and **Coverage M - Premises Medical Payments** do not apply to:

    a.    **bodily injury**, **personal injury**, or **property damage**:

        (1)    which is either expected or intended by an **insured**; or

        (2)    to any person or property which is the result of willful and malicious acts of an **insured**;

    f.    **bodily injury**, **personal injury**, or **property damage** arising out of premises, other than the **insured premises**, or to liability assumed by the **insured** under any contract or agreement relating to such premises;

    i.    **bodily injury** or **property damage** arising out of the actual, alleged or threatened discharge, dispersal, spill, release or escape of pollutants:

        (1)    at or from premises owned, rented or occupied by the **named insured**;

        (2)    at or from any site or location used by or for the **named insured** or others for the handling, storage, disposal, processing or treatment of waste;

        (3)    which are at any time transported, handled, stored, treated, disposed of, or processed as waste by or for the **named insured** or any person or organization for whom the **named insured** may be legally responsible; or

MICHAEL BATEMAN
02-G025-201
Page 4
May 5, 2005

    (4)    at or from any site or location on which the **named insured**, employee or any contractor or subcontractor working directly or indirectly on behalf of the **named insured** is performing operations:

        (a)    if the pollutants are brought on or to the site or location in connection with such operations; or

        (b)    if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants.

Subparagraphs (1) and (4)(a) of this exclusion do not apply to **bodily injury** or **property damage** caused by heat, smoke or fumes which result from a hostile fire or poisoning or asphyxiation due to escape of fumes from a furnace or flue because of a malfunction of the furnace or flue.

In addition, Coverage L and Coverage M do not apply to loss, cost or expense arising out of any governmental direction or request that the **named insured** test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants;

As used in this exclusion:

"hostile fire" means one which becomes uncontrollable or breaks out from where it was intended to be.

"pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.

"waste" includes materials to be recycled, reconditioned or reclaimed.

2.    **Coverage L - Business Liability**, does not apply to:

    a.    liability:

        (1)    for your share of any loss assessment charged against all members of an association of property owners; or

        (2)    assumed under any unwritten contract or agreement, or by contract or agreement in connection with any business of the **insured** other than the rental of the **insured premises**;

    b.    **property damage** to property owned by any **insured**;

EXHIBIT B
PG 4 OF 9

MICHAEL BATEMAN
02-G025-201
Page 5
May 5, 2005

        c.      **property damage** to property rented to, occupied or used by or in the care of the **insured**;

        i.      **property damage** or **personal injury** to premises you sell, give away or abandon, if the **property damage**, or **personal injury** arises out of those premises.

3)    There is a question as to whether the following conditions, as stated in your policy, have been met:

**RENTAL DWELLING POLICY - SPECIAL FORM 3 (FP-8103.3)**

**SECTION II - CONDITIONS**

3.    **Duties After Loss**. In case of an accident or **occurrence**, the **insured** shall perform the following duties that apply. You shall cooperate with us in seeing that these duties are performed:

    a.    give written notice to us or our agent as soon as practicable, which sets forth:

        (1)    the identity of this policy and **insured**;

        (2)    reasonably available information on the time, place and circumstances of the accident or **occurrence**; and

        (3)    names and addresses of any claimants and available witnesses;

    b.    immediately forward to us every notice, demand, summons or other process relating to the accident or **occurrence**;

    c.    at our request, assist in:

        (1)    making settlement;

        (2)    the enforcement of any right of contribution or indemnity against any person or organization who may be liable to any **insured**;

        (3)    the conduct of suits and attend hearings and trials;

        (4)    securing and giving evidence and obtaining the attendance of witnesses;

EXHIBIT _B_
PG _5_ OF _9_

    d.    the **insured** shall not, except at the **insured's** own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of the **bodily injury**.

8.    **Other Insurance - Coverage L - Business Liability**. This insurance is excess over any other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy.

**SECTION I AND SECTION II - CONDITIONS**

1.    **Policy Period**. This policy applies only to loss under Section I or **bodily injury**, **personal injury**, or **property damage** under Section II which occurs during the period this policy is in effect.

4)    There is a question whether the liability agreement of the policy noted above has been met, i.e., whether your actions as alleged by the State of Alaska constitute **bodily injury**, **personal injury**, or **property damage** to which this coverage applies and which arises from the ownership, maintenance, or use of the **insured premises** as defined by the policy.

**RENTAL DWELLING POLICY - SPECIAL FORM 3 (FP-8103.2)**

**DEFINITIONS**

Throughout this policy, "you" and "your" refer to the "named insured" shown in the Declarations and "we", "us" and "our" refer to the Company indicated in the Declarations.

In addition, certain words and phrases are defined as follows:

1.    "**bodily injury**" means bodily harm, sickness or disease, including required care, loss of services and death resulting therefrom.

3.    "**insured premises**" means:

    a.    the **residence premises**;

    b.    one or two family premises of which you acquire ownership or control and for which you report your intention to insure under this policy within 30 days after acquisition;

    c.    the ways immediately adjoining on land; and

    d.    one or two family dwelling premises alienated by any **insured** if possession has been given to others.

6.    "**personal injury**" means injury arising out of one or more of the following offenses:

EXHIBIT ___B___
PG ___6___ OF ___9___

MICHAEL BATEMAN
02-G025-201
Page 7
May 5, 2005

        a.    false arrest detention or imprisonment or malicious prosecution;

        b.    libel, slander or defamation of character; or

        c.    invasion of privacy, wrongful eviction or wrongful entry.

    7.    "**property damage**" means physical injury to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any **insured** is not considered to be **property damage**.

5)    There is a question as to whether the following liability exclusions apply to the allegations made:

**RENTAL DWELLING POLICY - SPECIAL FORM 3 (FP-8103.2)**

**SECTION II - EXCLUSIONS**

1.    **Coverage L - Business Liability** and **Coverage M - Premises Medical Payments** do not apply to:

    a.    **bodily injury, personal injury,** or **property damage** which is expected or intended by the **insured**;

    e.    **bodily injury, personal injury,** or **property damage** arising out of premises, other than the **insured premises**, or to liability assumed by the **insured** under any contract or agreement relating to such premises;

2.    **Coverage L - Business Liability**, does not apply to:

    a.    liability assumed under any unwritten contract or agreement, or by contract or agreement in connection with any business of the **insured** other than the rental of the **insured premises**;

    b.    **property damage** to property owned by the **insured**;

    c.    **property damage** to property rented to, occupied or used by or in the care of the **insured**;

6)    There is a question as to whether the following conditions, as stated in your policy, have been met:

**RENTAL DWELLING POLICY - SPECIAL FORM 3 (FP-8103.2)**

**SECTION II - CONDITIONS**

1.    **Limit of Liability**. Regardless of the number of **insureds**, claims made or persons injured, our total liability under Coverage L stated in this policy for all damages resulting from any one occurrence shall not exceed the limit of liability for Coverage L stated in the Declarations. All **bodily injury, personal injury**

EXHIBIT _B_
PG _7_ OF _9_

MICHAEL BATEMAN
02-G025-201
Page 8
May 5, 2005

and **property damage** resulting from any one accident or from continuous or repeated exposure to substantially the same general conditions shall be considered to be the result of one occurrence.

Our total liability under Coverage M for all medical expense payable for **bodily injury** to one person as the result of one accident shall not exceed the limit of liability for Coverage M stated in the Declarations.

3. **Duties After Loss.** In case of an accident or occurrence, the **insured** shall perform the following duties that apply. You shall cooperate with us in seeing that these duties are performed:

   a. Give written notice to us or our agent as soon as practicable, which sets forth:

      (1) the identity of this policy and **insured**;

      (2) reasonably available information on the time, place and circumstances of the accident or occurrence; and

      (3) names and addresses of any claimants and available witnesses;

   b. forward to us every notice, demand, summons or other process relating to the accident or occurrence;

   c. at our request, assist in:

      (1) making settlement;

      (2) the enforcement of any right of contribution or indemnity against any person or organization who may be liable to any **insured**;

      (3) the conduct of suits and attend hearings and trials;

      (4) securing and giving evidence and obtaining attendance of witnesses;

   d. the **insured** shall not, except at the insured's own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of the **bodily injury**.

8. **Other Insurance - Coverage L - Business Liability.** This insurance is excess over any other valid and collectible insurance except insurance written specifically to cover as excess over the limits of liability that apply in this policy.

**SECTION I AND SECTION II - CONDITIONS**

1. **Policy Period.** This policy applies only to loss under Section I or **bodily injury**, **personal injury**, or **property damage** under Section II, which occurs during the period this policy is in effect.

EXHIBIT ___B___
PG ___8___ OF ___9___

MICHAEL BATEMAN
02-G025-201
Page 9
May 5, 2005

For these and other good and valid reasons which may become known, you are hereby notified that any action taken by State Farm Fire and Casualty Company or its authorized representatives in investigating, negotiating, denying, or defending claims arising out of such incident shall not be considered a waiver of such policy defense or of any policy defense which may be involved in this case, nor shall such action waive any of your rights under the policy. State Farm Fire and Casualty Company also does not waive, but expressly reserves all other of its legal rights including but limited to those in AS 23.42.310.

Claim Representative Gayle White (261 3871) will handle the investigation of the claim.
Ms. White will contact you to confirm receipt of this letter and to proceed with the investigation of this claim. If you have questions, please contact us.

Sincerely,


Vince Watson
Team Manager
907 261 3883
State Farm Fire and Casualty Company


cc:   Agent Dave Strike

  BRECK TOSTEVIN
  STATE OF ALASKA
  1031 WEST 4TH AVENUE SUITE 200
  ANCHORAGE AK  99501

EXHIBIT  B
PG  9  OF  9