Breck C. Tostevin
Senior Assistant Attorney General
Department of Law
1031 West 4th Avenue, Suite 200
Anchorage, AK   99501
(907) 269-5274
(907) 278-7022 (fax)
breck_tostevin@law.state.ak.us

Attorneys for the State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>MICHAEL BATEMAN, as personal representative of the Estate of Mildred McGalliard; and STATE OF ALASKA,  )<br>)<br>Defendants.  ) | Case No. 3:06-cv-00152-TMB<br><br>REPLY TO STATE FARM'S "CONDITIONAL NON-OPPOSITION TO STATE OF ALASKA'S MOTION FOR EXTENSION OF TIME TO FILE A MOTION TO DISMISS" |

      The State of Alaska, through the Office of the Attorney General, hereby files its Reply to State Farm's "Conditional Non-Opposition to State of Alaska's Motion for Extension of Time to File A Motion to Dismiss."  In its "Conditional Non-Opposition," State Farm opposes giving the State an opportunity to dismiss the Complaint as to the Estate of McGalliard, which assigned its coverage rights in the State Farm policies to the State of Alaska on

September 27, 2006. State Farm also opposes the State's request to hold in abeyance briefing of State Farm's summary judgment motion pending resolution of the question of whether this is the proper forum to resolve these issues. Finally, State Farm has applied for default against the Estate knowing that the State has filed an extension of time to dismiss the Complaint as to the Estate and that the Estate has assigned the coverage rights to the State of Alaska. Docket 21.

This Court should reject State's Farm's efforts to defeat the State of Alaska's rights under these insurance policies even before the State has had an opportunity to be heard. The State is the real party in interest with respect to the State Farm coverage after the Estate's assignment of its rights. The State respectfully requests that it been given an extension of time to be heard before its rights under the State Farm policies are determined in the guise of a ruling against the Estate. The State requests that State Farm's proposed order be denied and the State's request for an extension granted.

## I.   **STATEMENT OF FACTS**

Between March 1983 and November 2, 1994, Defendant State Farm issued rental property insurance to Joseph and Mildred McGalliard (policy number 92-95-9466-6) for the property located at 3601 Wyoming Drive in Anchorage (hereinafter Policies).

In January 2005, the State filed a claim against the Estate of Mildred McGalliard seeking cleanup of hazardous substances at the Wyoming Drive site and reimbursement of the State's costs of investigation and cleanup.

In April 2005, the State made a demand on State Farm under these Policies issued to Mildred McGalliard, now deceased, to reimburse the State for its hazardous substance response costs associated with the property. State Farm denied the State's claim.

During hazardous substance cleanup actions undertaken in the summer of 2005 at the property, the Alaska Department of Environmental Conservation discovered and removed lead contamination on the 3601 Wyoming Drive Property. Attachment G at ¶24, Affidavit of Breck Tostevin. These response costs incurred by the State total some $432,576.

On March 29, 2006, the State of Alaska Department of Environmental Conservation filed a state court civil action against Michael Bateman as Special Administrator of the Estate of Mildred McGalliard to recover the State's costs. *State of Alaska, Department of Environmental Conservation v. Michael Bateman, in his capacity as special administrator of the Estate of Mildred McGalliard*, 3AN-06-6485 CI. Tostevin Aff. at ¶5. The State Court action seeks recovery under Alaska's strict liability mini-CERCLA statute, AS 46.03.822, of the State costs of investigating and removing lead and other hazardous substance

contamination at the Wyoming Drive Site, including interest, attorney's fees and a declaration of the Estate's liability for future monitoring costs.

In April 2006, State Farm, ACE/INA and Vesta Insurance Company agreed to provide a defense for the Estate to the State of Alaska's state court cost recovery action under reservations of rights.

On June 26, 2006, State Farm then filed this federal declaratory judgment against the Estate and the State of Alaska, as a potential assignee of the Estate's policy rights. *Id.* at ¶6. On July 18, counsel for the State informed State Farm's attorney that the State of Alaska was immune under the 11th Amendment of the U.S. Constitution from suit in federal court. Attachment A, Tostevin Aff. State Farm's counsel did not agree but ultimately agreed to provide the State until August 31, 2006 to respond to State Farm's Complaint. Attachments A-E to Tostevin Aff. State Farm later agreed to provide the State and the Estate until September 29 to respond to the Complaint because of the need for State's counsel to confer with counsel for the Estate concerning the federal action. Docket 9 at Exhibit 1.

Prior to any entry of appearance, State Farm, on September 19, 2006, filed a motion for summary judgment arguing that there is no coverage for the State of Alaska's claims under one of the two different insurance policies issued to Mildred McGalliard. Docket 11.

Because the Estate could not afford to independently defend against the State Farm action, the Estate agreed on September 27, 2006 to assign its coverage rights in the State Farm Policies to the State of Alaska. Attachment F pp. 3-18 of Tostevin Aff. On September 28, the State moved to amend its State Court Action to join State Farm, and the other insurers, in a forum in which all parties could litigate these state law issues of insurance coverage and state environmental cleanup laws. Attachment G to Tostevin Aff. Counsel for the State informed counsel for State Farm of the assignment and the motion to amend the State Court Case to include State Farm and requested that State Farm dismiss the Federal declaratory judgment action against the State and the Estate. Attachment F to Tostevin Aff. State Farm rejected the State's request. Attachment H to Tostevin Aff.

On September 29, 2006, the State appeared in this action and sought an extension of time to move to dismiss State Farm's Complaint as to the State of Alaska and the Estate of McGalliard. Dockets 16 & 17. The State also requested that State Farm's pending Motion for Summary Judgment be held in abeyance. Docket 16.

**II. THE STATE OF ALASKA'S MOTION SHOULD BE GRANTED**

In its previously filed motion, the State of Alaska requested:

1) an extension of time until October 20, 2006 to file a response to the Complaint filed by State Farm against Michael Bateman, Administrator of the Estate of McGalliard and the State of Alaska, and

2) an order holding in abeyance the briefing on State Farm's pending summary judgment motion until after the resolution of the threshold issue of whether this matter is properly before the Federal Court.

While filing something it calls a "Conditional Non-Opposition," State Farm has actually opposed both sets of relief sought by the State: Docket 19. The State of Alaska is the assignee of the Estate's coverage rights in the State Farm policies. Appendix F at pp 3-8, Tostevin Aff. Consequently, the State of Alaska is the real party in interest in this litigation brought by State Farm against the McGalliard Estate in Federal Court. State Farm cannot ignore this assignment and litigate with the Estate in a forum in which the State of Alaska enjoys immunity from suit. The State should be given an opportunity to be heard before State Farm moves to defeat State's rights in the guise of obtaining a judgment against the McGalliard Estate.

The State, therefore, requests that State Farm's proposed order be rejected. The State of Alaska respectfully requests an extension of time until October 20, 2006 to file a response to the Complaint filed by State Farm against Michael Bateman, Administrator of the Estate of McGalliard, and the State of Alaska , and an order holding in abeyance the briefing on State Farm's pending

summary judgment motion until after the resolution of the threshold issue of whether this matter is properly before the Federal Court.

DATED at Anchorage, Alaska this 11th day of October, 2006.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

s/Breck C. Tostevin
By:   Breck C. Tostevin
      Senior Assistant Attorney General
      1031 West 4th Avenue, Suite 200
      Anchorage, AK   99501
      (907) 269-5274
      (907) 278-7022 fax
      ABA No. 8906037

Certificate of Service
I hereby certify that on this 11th day
of October, 2006, a copy of the foregoing
document was served via electronically on:

James K. Wilkens
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK   99501

and served by U.S. Mail on:

Michael Bateman
3004 Barbara Drive
Anchorage, AK   99517


s/Breck C. Tostevin