Breck C. Tostevin
Senior Assistant Attorney General
Department of Law
1031 West 4th Avenue, Suite 200
Anchorage, AK   99501
(907) 269-5274
(907) 278-7022 (fax)
breck_tostevin@law.state.ak.us

Attorneys for the State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| STATE FARM FIRE AND ) <br> CASUALTY COMPANY, ) <br> ) <br>        Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MICHAEL BATEMAN, as personal ) <br> representative of the Estate of Mildred ) <br> McGalliard; and STATE OF ALASKA, ) <br> ) <br>        Defendants. ) <br> _____ ) | Case No. 3:06-cv-00152-TMB <br><br> OPPOSITION TO ENTRY OF <br> DEFAULT AGAINST <br> MICHAEL BATEMAN AND IN <br> THE ALTERNATIVE, MOTION <br> TO SET ASIDE DEFAULT |

      The State of Alaska, through the Office of the Attorney General, hereby files its Opposition to State Farm's Application for Entry of Default against Defendant Michael Bateman, and, in the Alternative, Motion to Set Aside Entry of Default."

      Michael Bateman is the Special Administrator of the Estate of McGalliard.  The State of Alaska is the assignee of the Estate's coverage rights in

the State Farm insurance policies at issue here. Affidavit of Breck Tostevin at Attachment F, pp. 3-18 . On September 29, 2006, the State appeared in this action and sought an extension of time to move to dismiss State Farm's complaint as to the State of Alaska and the Estate of McGalliard because the State is the real party in interest and is immune from suit in federal court for such state law claims under the 11th Amendment of the U.S. Constitution. Dockets 16 &17.

In spite of the State's appearance in this action requesting additional time to file a Motion to Dismiss State Farm's Complaint against the Estate, State Farm has applied for entry of default against the Estate. State Farm's request should be denied. State Farm cannot receive a default judgment by ignoring the State's receipt of an assignment of the rights in these policies or by ignoring the State's efforts to defend the Estate against State Farm's Complaint.

I.   **STATEMENT OF FACTS**

Between March 1983 and November 2, 1994, Defendant State Farm issued rental property insurance to Joseph and Mildred McGalliard (policy number 92-95-9466-6) for the property located at 3601 Wyoming Drive in Anchorage (hereinafter State Farm Policies). During hazardous substance cleanup actions undertaken in 2005, the Alaska Department of Environmental Conservation discovered and removed lead contamination on the 3601 Wyoming Drive Property. Attachment G at ¶24, Affidavit of Breck Tostevin (Tostevin Aff.).

On March 29, 2006, the State of Alaska Department of Environmental Conservation filed a state court civil action against Michael Bateman as Special Administrator of the Estate of Mildred McGalliard to recover these costs. *State of Alaska, Department of Environmental Conservation v. Michael Bateman, in his capacity as special administrator of the Estate of Mildred McGalliard*, 3AN-06-6485 CI. Tostevin Aff. at ¶5. The State Court Action seeks recovery under Alaska's strict liability mini-CERCLA statute, AS 46.03.822, of the State costs of investigating and removing lead and other hazardous substance contamination at the Wyoming Drive Site, including interest, attorney's fees and a declaration of the Estate's liability for future monitoring costs.

In April 2006, State Farm, ACE/INA and Vesta Insurance Company agreed to provide a defense for the Estate to the State of Alaska's state court cost recovery action under reservations of rights.

On June 26, 2006, State Farm then filed this federal declaratory judgment against the Estate and the State of Alaska, as a potential assignee of the Estate's policy rights. Id. at ¶6. On July 18, counsel for the State informed State Farm's attorney that the State of Alaska was immune from suit in federal court under the 11th Amendment of the U.S. Constitution. Attachment A, Tostevin Aff. State Farm's counsel did not agree but ultimately agreed to provide the State until August 31, 2006 to respond to State Farm's Complaint. Attachments A-E, Tostevin Aff.. State Farm later agreed to provide the State and the Estate until

September 29 to respond to the Complaint because of the need for State's counsel to confer with counsel for the Estate concerning the federal action. Docket 9 at Exhibit 1.

Prior to any entry of appearance, State Farm filed a motion for summary judgment on September 19, 2006 arguing that there is no coverage for the State of Alaska's claims under one of the two insurance policies issued to Mildred McGalliard. Docket 11.

Because the Estate could not afford to independently defend against the State Farm action, the Estate agreed on September 27, 2006 to assign its coverage rights in the State Farm Policies to the State of Alaska. Attachment F pp. 3-18, Tostevin Aff..

On September 28, the State moved to amend its State Court Action to join State Farm, and the other insurers, in a forum in which all parties could litigate these state law issues of insurance coverage and state environmental cleanup laws. Attachment G, Tostevin Aff. Counsel for the State informed counsel for State Farm of the assignment and the motion to amend the State Court Case to include State Farm and requested that State Farm dismiss the Federal declaratory judgment action against the State and the Estate. Attachment F, Tostevin Aff. State Farm rejected the State's request. Attachment H to Tostevin Aff..

On September 29, 2006, the State appeared in this action and sought an extension of time to move to dismiss State Farm's Complaint as to the State of Alaska and the Estate of McGalliard. Dockets 16 & 17. The State also requested that State Farm's pending Motion for Summary Judgment to be held in abeyance. Docket 16.

    II.    **STATE FARM'S APPLICATION FOR DEFAULT AGAINST BATEMAN AS PERSONAL REPRESENTATIVE OF THE ESTATE SHOULD BE DENIED SINCE THE STATE OF ALASKA HAS APPEARED IN THIS ACTION SEEKING TO DEFEND AGAINST STATE FARM'S COMPLAINT AGAINST BOTH THE STATE AND THE ESTATE, AND IN THE EVENT DEFAULT HAS BEEN ENTERED IT SHOULD BE SET ASIDE ON THE SAME GROUNDS**

Federal Rule of Civil Procedure 55(a) allows default "when a party against whom a judgment for affirmative relief is sought has failed . . . to otherwise defend as provided in these rules." Here the State of Alaska has appeared and sought an extension of time to dismiss State Farm's Complaint against both the Estate and the State of Alaska. Docket 16. Consequently, the Clerk should not enter default against the Estate under Federal Rule 55(a).

In the event default has been entered as of the filing of this Motion, the Court should, under Federal Rule 55(c), set aside any default on the grounds that the State of Alaska has appeared in this action and as the real party in interest is defending State Farm's declaratory judgment action seeking a determination that there is no coverage for the State's environmental claims under the State Farm

policies. State Farm cannot ignore this assignment to the State. Nor do the rules provide for State Farm to obtain default judgment against the Estate before the State has an opportunity to be heard as to why State Farm's Complaint against the Estate should be dismissed. A proposed order is attached.

DATED at Anchorage, Alaska this 11th day of October, 2006.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:  s/Breck C. Tostevin
Breck C. Tostevin
Senior Assistant Attorney General
1031 West 4th Avenue, Suite 200
Anchorage, AK   99501
(907) 269-5274
(907) 278-7022 fax
ABA No. 8906037

Certificate of Service
I hereby certify that on this 11th day
of October, 2006, a copy of the foregoing
document was served via electronically on:

James K. Wilkens
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK   99501

and served by U.S. Mail on:

Michael Bateman
3004 Barbara Drive
Anchorage, AK   99517

s/Breck C. Tostevin