**STATE OF ALASKA**

**DEPARTMENT OF LAW**

OFFICE OF THE ATTORNEY GENERAL

FRANK H. MURKOWSKI,
GOVERNOR

1031 WEST 4TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1994
PHONE:   (907)269-5274
FAX:   (907)278-7022

VIA FACSIMILE

September 27, 2006

James K. Wilkens
Bliss, Wilkens & Clayton
500 L St., Suite 200
Anchorage, AK 99501

Re:  3603 Wyoming Drive, Contaminated Site
Cleanup - AGO File No. 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
Your File 957-271

Dear Jim:

I am writing to inform you that the State has reached an agreement with Michael Bateman, Special Administrator of the McGalliard Estate, in which he has assigned to the State of Alaska the Estate's coverage rights under the State Farm policies. Enclosed is a copy of the assignment.

The State will be filing a motion to amend its State Court action to add declaratory judgment claims against State Farm, ACE, INA and Vesta Insurance Company.

Irrespective of your interpretation of AS 44.23.020(c), with which I disagree, the State is unwilling to waive its 11th Amendment immunity from suit in federal court. Given Bateman's assignment of the insurance rights, the State requests that State Farm voluntarily dismiss its federal court action against the State and Bateman and litigate the insurance issues in State court where all the parties can be joined.

We do not believe it would be cost effective or beneficial to either the State or State Farm to litigate the 11th Amendment immunity issue. If State Farm does wish to litigate the issue of whether federal court is the proper forum, then I would request the professional courtesy of an extension of time until October 20 to file a motion to dismiss on behalf of the Estate and the State.

James K. Wilkens  
Bliss, Wilkens & Clayton

September 27, 2006  
Page 2

Again, the State is interested in a mediation with the Estate and all of its insurers as the most expeditious way of resolving this matter. Now that the Estate's coverage rights have been assigned to the State and a declaratory judgment action pending against the other insurers, perhaps such a mediation can go forward.

I would appreciate hearing from you as to State Farm's intentions as to the federal court action and whether an extension of time to respond in that action is needed.

If you have any questions concerning this matter, please contact me at 269-5274.

Sincerely,

DAVID W. MÁRQUEZ  
ATTORNEY GENERAL

By: *[signature]*  
Breck C. Tostevin  
Senior Assistant Attorney General

BCT/sjl  
Enclosure  
cc:   Andrew Fierro

# PARTIAL SETTLEMENT AGREEMENT AND
# ASSIGNMENT OF INSURANCE RIGHTS

This Partial Settlement Agreement and Assignment of Insurance Rights, effective as of the date it is fully executed, is made and entered into by the State of Alaska, the Estate of Mildred McGalliard, and Michael A. Bateman, Special Administrator of the Estate of Mildred McGalliard. The State of Alaska, the Estate of Mildred McGalliard, and Michael A. Bateman are hereinafter collectively referred to as the "Parties", and may be referenced singularly as a "Party".

WHEREAS, the State of Alaska, Department of Environmental Conservation has spent state funds investigating and responding to the release of hazardous substances from or on property owned by the Estate of Mildred McGalliard at 3603 Wyoming Drive, Anchorage, Alaska;

WHEREAS, on January 24, 2005, the State of Alaska, Department of Environmental Conservation filed a claim in the Probate Court against the Estate of Mildred McGalliard seeking recovery of past and future costs of responding to the release of hazardous substances at the 3603 Wyoming Drive site.

WHEREAS, on March 26, 2006, the State of Alaska, Department of Environmental Conservation filed a civil action against Michael A. Bateman, in his capacity as Special Administrator of the Estate of Mildred McGalliard, seeking recovery of state response costs and a declaratory judgment as to the Estate's liability to the State for future response costs;

WHEREAS, Alaska Pacific Assurance Company/Insurance Company of North America (formerly CIGNA), State Farm Fire & Casualty Company, and Vesta Insurance

Corporation, jointly retained defense counsel to defend Michael Bateman and the Estate under a reservation of rights as to coverage under the insurance policies for the State's claims;

WHEREAS, State Farm filed a declaratory judgment action in U.S. District Court for the District of Alaska against the Estate, Bateman and the State of Alaska, as potential assignee, seeking a declaration that State Farm is not required to defend the Estate under the State Farm policies.

WHEREAS, the Estate does not have the resources to independently fund a defense against State Farm's declaratory judgment action and the State does not wish to have any recovery from the State Farm policies reduced by a contingent fee for defense counsel;

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

### PARTIES

A. "State of Alaska" means the State of Alaska, Department of Environmental Conservation.

B. "Estate" means the Estate of Mildred McGalliard, its Special Administrator Michael A. Bateman, and their predecessors, successors, and assigns.

### DEFINITIONS

A. "Civil Action" as used herein shall mean the case entitled "State of Alaska, Department of Environmental Conservation v. Michael A. Bateman, in his capacity as Special Administrator of the Estate of Mildred McGalliard, Case No. 3AN-06-6485 Civil (Anchorage Superior Court).

B. "Wyoming Drive Property" as used herein shall mean Lots 5 & 6, Block 1, Conroy Rushton Subdivision, Anchorage, AK 99503 and the adjoining alleyway to the east of those Lots.

C. "3603 Wyoming Drive property" as used herein shall mean Lot 5, Block 1, Conroy Rushton Subdivision, Anchorage, AK 99503.

D. "Wyoming Drive Contamination" as used herein shall mean petroleum, lead and other heavy metal hazardous substance contamination on or from the Wyoming Drive Property that initially entered the environment prior to September 1, 2005.

E. "Policies" as used herein shall mean any insurance issued to Joseph P. McGalliard, Mildred McGalliard, Michael A. Bateman, or their predecessors, successors or assigns, providing actual or potential insurance coverage or indemnification rights relating to the Wyoming Drive Contamination including, but not limited to, Alaska Pacific Assurance Company/Insurance Company of North America (formerly CIGNA) (Policy numbers A51542605 and A01301925), State Farm Fire & Casualty Company, (Policy number F 92-95-9466-6), and Vesta Insurance Corporation (Policy number HM 000038126).

F. "Insurers" as used herein shall mean any company or entity that issued Policies as defined in this Agreement.

I. AGREEMENT BY THE STATE

A. In consideration of the assignment of rights in Article III(B) of this Agreement, the State of Alaska agrees to:

(1) as part of any sale of the 3603 Wyoming Drive property, allow Michael Bateman to recover as an administrative expense of the Estate the utility costs, repair costs, and

probate administration costs for publication he has incurred since May 1, 2003 and the property taxes he paid to the Municipality of Anchorage for the 3603 Wyoming Drive property in tax years 2004 and 2006, which now total $11,140.64, and any future out-of-pocket expenses for estate administration;

      (2) look first to the insurance coverage under the Policies to compensate it for claims raised in the Civil Action, provided, however, the decision to settle or otherwise compromise those assigned rights shall be within the sole discretion of the State;

      (4) not seek recovery of any attorneys fees it incurs litigating the issue of insurance coverage with the Insurers from Michael Bateman or the Estate;

      (3) allow the Estate to retain any net proceeds of the sale of the 3603 Wyoming Drive property after payment of any judgment or settlement of the State's claims in the Civil Action less the amount of any judgment or settlement received as a result of the insurance indemnification assigned to the State in Article II of this Agreement; and

      (4) release the future purchaser of the 3603 Wyoming Drive property from any liability for the site contamination except for (a) providing DEC and its contractors access to the 3603 Wyoming Drive property; (b) maintaining the soil cap in the eastern backyard of the 3603 Wyoming Drive property and (c) providing for the proper handling and disposal of contaminated soil or groundwater should it be disturbed as part of future construction or renovation of the property.

    B. Except as to those sums recoverable from the Insurers under the rights assigned under Article II of this Agreement and the obligations in Article I(A)(4)(a) & (b) of this Agreement, the State of Alaska, upon the effective date of this Settlement Agreement, releases,