Alaska (hereinafter the "Site"). The State seeks a declaration that the Estate of Mildred McGalliard is liable to the State for future costs responding to the release or threatened release of hazardous substances from the Site. The State also seeks a declaration that policies of insurance issued by Alaska Pacific Assurance Company, Insurance Company of North America, Vesta Insurance Corporation and State Farm Fire & Casualty Company provide coverage for the State's claims in this action.

2.   Subject matter jurisdiction is proper pursuant to Alaska statutory and common law, including AS 22.10.020 and AS 09.05.015.

3.   Personal jurisdiction is proper because the Defendants have engaged in substantial and not isolated activities in this State and because the claims arose in this State.

4.   Venue is properly laid in the Third Judicial District pursuant to AS 22.10.030 and Alaska Civil Rule 3(c) because the claims arose in the Third Judicial District.

## PARTIES

5.   Plaintiff State of Alaska is a sovereign state of the United States and is entitled to bring this action. The Department of Environmental Conservation (DEC) is the agency of state government with jurisdiction to enforce state environmental laws.

6.   Defendant Michael A. Bateman is a resident of Anchorage, Alaska.

7.   On March 8, 2005, Defendant Bateman was formally appointed by the Superior Court as the Special Administrator of the Estate of Mildred McGalliard under AS 13.16.210(2) with the powers of a personal representative under AS 13.16.325.

First Amended Complaint For Recovery Of Response Costs & Declaratory Relief
SOA, DEC V. BATEMAN, et. al., 3AN-06-6485 CI
Appendix G
Page 7 of 18
Exhibit H   2 of 11
Page 2 of 11

8. Defendant Bateman is being sued solely in his capacity as Special Administrator of the McGalliard Estate.

9. Defendant ACE Indemnity Insurance Company, formerly known as Alaska Pacific Assurance Company, (hereinafter ACE) is a corporation organized under the laws of the State of Pennsylvania. Defendant ACE is, and was at times relevant to this Complaint, engaged in the property and casualty insurance business in the State of Alaska.

10. Defendant Insurance Company of North America (hereinafter INA) is a corporation organized under the laws of the State of Pennsylvania. INA is, and was at times relevant to this Complaint, engaged in the property and casualty insurance business in the State of Alaska.

11. Defendant Vesta Insurance Company (hereinafter Vesta) is a corporation organized under the laws of the State of Texas. Vesta was at the times relevant to this Complaint, engaged in the property and casualty insurance business in the State of Alaska.

12. Defendant State Farm Fire and Casualty Company (hereinafter "State Farm") is a corporation organized under the laws of the State of Illinois. Defendant State Farm was at the times relevant to this Complaint authorized to transact business in the State of Alaska.

## GENERAL ALLEGATIONS

13. From February 26, 1960 to the time of her death on April 25, 2003, Mildred McGalliard, formerly known as Mildred C. Peters and Mildred C. Gilbeau, owned

Appendix G
Page 8 of 18

First Amended Complaint For Recovery Of Response Costs & Declaratory Relief
SOA, DEC V. BATEMAN, et. al., 3AN-06-6485 CI

Exhibit A    3 of 11

real property at 3603 Wyoming Drive, a residential property in the Spenard area of Anchorage (the "Wyoming Drive Property" or the "Property").

14. The 3603 Wyoming Drive Property is now part of the Estate of Mildred McGalliard.

15. The probate of the McGalliard Estate is pending in the action entitled *In the Matter of the Estate of Mildred C. McGalliard*, 3AN-04-1499 PR.

16. On January 24, 2005, the State of Alaska presented a timely claim under AS 13.16.460 to the McGalliard Estate by filing a claim concerning the Wyoming Drive Property in the Superior Court. A copy of the State's claim was mailed to Defendant Bateman at the time the claim was filed in Superior Court.

17. Following his appointment as Special Administrator, Defendant Bateman did not mail a notice of action on the State's claim within 60 days after the time for original presentment had expired.

18. Pursuant to AS 13.16.475(a), the State's Claim of January 24, 2005 is allowed against the McGalliard Estate.

19. At all relevant times, Mildred McGalliard and the Estate were or are, "owners" and "operators" of the 3603 Wyoming Drive Property within the meaning of AS 46.03.826(8).

20. In addition to the property located at 3603 Wyoming Drive, Joseph and Mildred McGalliard also owned property located at 3601 Wyoming Drive (Lot 6) from

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

Appendix G
Page 9 of 18

First Amended Complaint For Recovery Of Response Costs & Declaratory Relief
SOA, DEC V. BATEMAN, et. al., 3AN-06-6485 CI
Exhibit A    4 of 11

March 4, 1983 until September 13, 1989. 3601 Wyoming Drive is located adjacent to 3603 Wyoming Drive.

21.  Environmental site investigations conducted by Dames & Moore in 1991 and BGES, Inc. in May 2004 found lead, cadmium, mercury and 1,2,4 trichlorbenzene in the soil and groundwater beneath the Wyoming Drive Property.

22.  Lead, cadmium, mercury and 1,2,4 trichlorbenzene are "hazardous substances" within the meaning of AS 46.03.826(5).

23.  The release of hazardous substances at and from the Wyoming Drive property has caused damages to groundwater held in trust for the people of the State of Alaska and has caused property damages to those groundwater resources and to adjoining property. As of the filing of this Complaint, hazardous substance-contaminated soil and water remain at the Site.

24.  In order to protect human health, public safety and lessen migration of additional hazardous substances to groundwater, DEC through its environmental contractor, BGES, secured access to the Property, took actions to lessen surface migration of hazardous substances from the Property, and removed 372.3 tons of hazardous substance-contaminated soil from the 3601 and 3603 Wyoming Drive Properties and a portion of the adjoining alleyway.

25.  Hazardous substances in excess of DEC cleanup levels in 18 AAC 75 remain on a portion of the Wyoming Drive Property under the protective fill material placed on the Site by DEC's environmental contractors.

Appendix G
Page 10 of 18

First Amended Complaint For Recovery Of Response Costs & Declaratory Relief
SOA, DEC V. BATEMAN, et. al., 3AN-06-6485 CI

Exhibit A  5 of 11
Page 5 of 11

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

## FIRST CAUSE OF ACTION: STATE RESPONSE COSTS

26. Paragraphs 1 through 25 are incorporated herein by reference.

27. Hazardous substances within the meaning of AS 46.03.826 have been released at and from the Wyoming Drive Property.

28. Hazardous substances within the meaning of AS 46.03.826 were released on the 3601 Wyoming Drive property during the time of Mildred McGalliard's ownership.

29. The Estate, as legal successor of Mildred McGalliard, is jointly and severally liable under AS 46.03.822 based on her prior ownership of the 3601 Wyoming Drive property.

30. Plaintiff State of Alaska has incurred response costs, including legal fees and costs, in the amount of $432,576 as a result of its investigation of Site conditions, its efforts to contain and control access to the hazardous substance contamination, its development of cleanup plans for the property, and its removal and disposal of contaminated soil from the property and adjoining properties.

31. Pursuant to AS 46.03.822, AS 46.03.763, and other law, Mildred McGalliard and her Estate are strictly liable, jointly and severally, for the full amount of actual expenses incurred by the State as a result of the release, including direct and indirect costs of response, containment, removal or remedial action, full reasonable attorneys fees and costs, and incidental administrative expenses incurred by the State.

Appendix G
Page 11 of 18

First Amended Complaint For Recovery Of Response Costs & Declaratory Relief
SOA, DEC V. BATEMAN, et. al., 3AN-06-6485 CI

Exhibit A  6 of 11
Page 6 of 11

## SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT AS TO FUTURE RESPONSE COSTS

32. Paragraphs 1 through 31 are incorporated herein by reference.

33. Because contamination above cleanup levels remains on the Site, Plaintiff State of Alaska will continue to incur response costs for monitoring and other related activities in amounts to be proven.

34. Pursuant to AS 46.03.822, AS 46.03.763, and other law, Mildred McGalliard and her Estate are strictly liable, jointly and severally for the full amount of actual expenses incurred by the State in the future as a result of the release, including direct and indirect costs of response, containment, removal or remedial action, full reasonable attorneys fees and costs, and incidental administrative expenses incurred by the State.

## THIRD CAUSE OF ACTION: DECLARATORY RELIEF CONCERNING INSURANCE COVERAGE FOR THE STATE'S CLAIMS (DEFENDANT ACE)

35. Paragraphs 1 through 34 are incorporated herein by reference.

36. Defendant ACE issued homeowners insurance policies to Joseph and Mildred McGalliard (Policy Number A01301925) for the property located at 3603 Wyoming Drive between September 16, 1973 and September 16, 2000. At some point in time, coverage changed from ACE to INA.

37. Upon information and belief, Defendant ACE is jointly defending Defendant Bateman in this action under a reservation of rights.

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

Appendix G
Page 12 of 18

First Amended Complaint For Recovery Of Response Costs & Declaratory Relief
SOA, DEC V. BATEMAN, et. al., 3AN-06-6485 CI      Exhibit A     7 of 11
                                                  Page 7 of 11