Breck C. Tostevin
Senior Assistant Attorney General
Department of Law
1031 West 4th Avenue, Suite 200
Anchorage, AK  99501
(907) 269-5274
(907) 278-7022 (fax)
breck_tostevin@law.state.ak.us

Attorneys for the State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL BATEMAN, as personal representative of the Estate of Mildred McGalliard; and STATE OF ALASKA,<br><br>    Defendants. | Case No. 3:06-cv-00152-TMB<br><br>AFFIDAVIT OF BRECK TOSTEVIN IN OPPOSITION TO ENTRY OF DEFAULT |

I, Breck C. Tostevin, being first duly sworn, depose and say:

1. I am a Senior Assistant Attorney General representing Defendant State of Alaska in the above entitled case. I am also representing the State of Alaska in the state court action entitled *State of Alaska, Department of Environmental Conservation v. Michael Bateman, in his capacity as special administrator of the Estate of Mildred McGalliard*, 3AN-06-6485 CI.

2. On January 24, 2005, I filed a claim on behalf of the State of Alaska, Department of Environmental Conservation against the Estate of Mildred McGalliard.

3. On April 14, 2005, I sent a demand letter to State Farm requesting that it reimburse the State of Alaska for cleanup costs incurred on property owned by its insured, Mildred McGalliard, now deceased.

4. State Farm refused to reimburse the State of its response costs and the State incurred additional cleanup costs removing lead and other hazardous substances from the 3601 and 3603 Wyoming Drive Properties, both formerly owned by State Farm's insured, Ms. McGalliard.

5. On March 29, 2006, I filed a complaint on behalf of the State of Alaska Department of Environmental Conservation in state superior court against Michael Bateman as Special Administrator of the Estate of Mildred McGalliard to recover these costs. *State of Alaska, Department of Environmental Conservation v. Michael Bateman, in his capacity as special administrator of the Estate of Mildred McGalliard*, 3AN-06-6485 CI.

6. In April 2006, I understand that State Farm, ACE/INA and Vesta Insurance agreed to provide a defense for the Estate to the State of Alaska's state court cost recovery action under reservations of rights.

7. On June 26, 2006, State Farm then filed this federal declaratory judgment against the Estate and the State of Alaska, as a potential assignee of the Estate's policy rights.

8. On July 18, in a telephone conversation with State Farm's attorney I informed him that the State of Alaska was immune from suit in federal court under the 11th Amendment of the U.S. Constitution. State Farm's counsel did not agree with the State's position and but agreed to provide the State until August 31, 2006 to respond to State Farm's Complaint. Appendix A, B, C, D and E are true and accurate copies of letters between myself and James Wilkens.

9. State Farm later agreed to provide the State and the Estate with an additional extension until September 29 to respond to the Complaint because of the need for State's counsel to confer with counsel for the State concerning the federal action. See Docket 9, Exhibit A, letter from Breck Tostevin to James Wilkens, dated August 24, 2006.

10. Because the Estate could not afford to independently defend against the State Farm action, the Estate agreed on September 27, 2006 to assign its coverage rights in the State Farm Policies to the State of Alaska. Appendix F, pages 3-17, is a true and accurate copy of the Partial Settlement Agreement and Assignment of Insurance Rights between Michael Bateman, Special Administrator of the Estate and the State of Alaska.

11. On September 28, I filed a motion on behalf of the State to amend its State Court Action to join State Farm, and the other insurers, in a forum in which all parties could litigate these state law issues of insurance coverage and state environmental cleanup laws. Appendix G is a true and accurate copy of the Motion and Proposed Amended Complaint.

12. On September 27, I had a letter sent by fax to James Wilkens, counsel for State Farm, informing him of the assignment and providing him with a copy of the assignment. In my letter, I informed him of the State's motion to amend the State Court Case to include State Farm and requested that State Farm dismiss the Federal declaratory judgment action against the State and the Estate. Appendix F is a true and accurate copy of my letter.

13. On September 27, I received a letter from James Wilkens rejecting the State's request that State Farm dismiss its Federal court action. Appendix G is a true and accurate of the letter I received from James Wilkens.

14. On September 29, 2006, the State appeared in this action and sought an extension of time to move to dismiss State Farm's Complaint as to the State of Alaska and the Estate of McGalliard. Dockets 16 & 17. The State also requested that State Farm's pending Motion for Summary Judgment to be held in abeyance. Id.

Date: October 11, 2006                By: _____
                                          Breck C. Tostevin

SUBSCRIBED AND SWORN to me this 11th day of October, 2006.

_____
Notary Public in and for the State of Alaska
My Commission Expires with Office

Certificate of Service
I hereby certify that on this 11th[h] day of October, 2006, a copy of the foregoing document was served via electronically on:

James K. Wilkens
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK  99501

and served by U.S. Mail on:

Michael Bateman
3004 Barbara Drive
Anchorage, AK  99517

_____