# BLISS, WILKENS & CLAYTON
an association of LLCs
LAWYERS

500 L STREET, SUITE 200, ANCHORAGE, ALASKA 99501-5909
TELEPHONE: (907) 276-2999 FACSIMILE: (907) 276-2956
www.bwclawfirm.com

Ronald L. Bliss
James K. Wilkens
Alfred Clayton, Jr.

Jonathan P. Hegna

Of Counsel
Jean E. Kizer
Ann K. Stokes
Maryanne Boreen

July 18, 2006

**VIA FACSIMILE**

Breck C. Tostevin
Assistant Attorney General
Environmental Section
1031 W. 4th Ave., Suite 200
Anchorage, AK  99501

> Re: Insureds:  Joseph and Mildred McGalliard
> Location:  3601 Wyoming Dr., Anchorage, Alaska
> Our File:  957-271

Dear Breck:

This confirms our conversation regarding the declaratory judgment lawsuit I recently filed in federal court on behalf of State Farm against the Estate of McGalliard and the State of Alaska to determine what, if any, coverage exists under the State Farm policy. As you know, our declaratory judgment action seeks a judicial adjudication of rights, if any, held by the Estate of McGalliard under the subject State Farm policy. The State of Alaska is pursuing a liability lawsuit against the Estate of McGalliard for which it may, through assignment or otherwise, seek to collect on any available insurance coverage. It is for this reason we have named as defendants not only the Estate of McGalliard but also the State of Alaska as a potential assignee of contract rights.

You raised the question of the State of Alaska's Eleventh Amendment sovereign immunity. My understanding of this legal principle, although limited, is the State of Alaska has the right to exercise its sovereign immunity and be dismissed from the case, but the State of Alaska also has the right and ability to waive that privilege. Based upon our conversation, I understand you believe the State of Alaska has no ability to waive its sovereign immunity, and therefore cannot be a party to this lawsuit, even if it wished to be.

After our conversation, I looked again at the legal research on this point. Frankly, I believe I may be correct. For example, the Ninth Circuit recently ruled the Eleventh Amendment sovereign immunity has traditionally been characterized as a "personal

Breck C. Tostevin
July 18, 2006
Page 2

privilege," which the State of Alaska may waive at its pleasure. Armstrong v. Davis, 275 F.3d 849, 877 (9th Cir. 2001). In fact, the court specifically found a state can waive its Eleventh Amendment sovereign immunity merely by participating in litigation. See Armstrong, supra at 877-78.

Accordingly, I believe I need to stick to my original belief it is appropriate to name the State of Alaska in this lawsuit as a potential assignee of contractual rights from the Estate of McGalliard. I understand the State of Alaska can elect to assert its Eleventh Amendment sovereign immunity, and therefore obtain a dismissal from this action (which I would not contest). But, if the State of Alaska decides to be dismissed from this declaratory judgment action, I believe the State will be barred from later contesting any adjudication by the federal court as to the Estate of McGalliard's rights, if any, under the State Farm policy. Alternatively, the State of Alaska can waive its Eleventh Amendment sovereign immunity and participate in the adjudication of these rights, if any. This is the State's choice.

If I have somehow misconstrued the law, of course please let me know as I will be the first to admit constitutional law is not my strong suit.

In our discussion, I expressed my willingness to extend the time for the State of Alaska's response to my complaint until August 15, 2006, so that State Farm would have time to make a decision as to whether it will continue to pursue this claim against the State of Alaska. In light of the above, it appears the extension is not needed, at least by State Farm. Of course, if you still wish to have an extension, I am happy to accommodate it. Just let me know.

I look forward to hearing from you. Of course, if you have any questions, feel free to contact me.

Regards,

BLISS, WILKENS & CLAYTON

*James K. Wilkens* /by

James K. Wilkens

JKW:jw
cc: Michael Bateman
    Gayle White

N:\JAW\957-271\TOSTEVIN.6.DOC