**STATE OF ALASKA**

## DEPARTMENT OF LAW

OFFICE OF THE ATTORNEY GENERAL

FRANK H. MURKOWSKI,
GOVERNOR

1031 WEST 4TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1994
PHONE:       (907)269-5274
FAX:         (907)278-7022

July 19, 2006

James K. Wilkens
Bliss, Wilkens & Clayton
500 L St., Suite 200
Anchorage, AK 99501

Re:  3603 Wyoming Drive, Contaminated Site
     Cleanup - AGO File No. 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
     Your File 957-271

Dear Jim:

I received your letter of July 18 concerning the declaratory judgment lawsuit you filed on behalf of State Farm against the Estate of McGalliard and the State of Alaska concerning coverage for the State's Wyoming Drive Contaminated Site cleanup claims.

I am familiar with the Ninth Circuit's case in *Armstrong v. Davis*, 275 F.3d 849, 877 (9th Cir. 2001), holding that a state can, as a matter of federal constitutional law, waive its Eleventh Amendment sovereign immunity by participating in litigation. The problem I have is that Alaska state law prohibits the Attorney General from doing so.

AS 44.23.020(c) provides that

(c)   Before January 1, 1999, the attorney general may, in a case that involves the state's title to submerged lands, or in any case in which the state seeks to allocate fault to the federal government or a federal employee under AS 09.17.080, waive the state's immunity from suit in federal court provided under the Eleventh Amendment to the Constitution of the United States. The expiration on January 1, 1999, of the attorney general's authority to waive the state's Eleventh Amendment immunity does not affect existing waivers in ongoing cases.

Consequently, the State cannot elect to participate in the federal declaratory judgment case.

Appendix B
Page 1 of 2

James K. Wilkens  
Bliss, Wilkens & Clayton

July 20, 2006  
Page 2

I believe the solution to this problem is for either the State or State Farm to file a declaratory judgment action in State court where the real party in interest – the State of Alaska – can litigate the issue of coverage. Given that the Estate's Special Administrator cannot afford to do so means that dismissing the State from the federal court action is not going to resolve the problem from our perspective.

I appreciate your offer of an extension of time for the State to respond to the Complaint until August 15, 2006. I look forward to hearing from you whether State Farm intends to proceed with its federal declaratory judgment action against the State and/or Michael Bateman.

If you have any questions concerning this matter, please contact me at 269-5274.

Sincerely,

DAVID W. MÁRQUEZ  
ATTORNEY GENERAL

By: *[signature]*  
Breck C. Tostevin  
Assistant Attorney General

BCT/sjl

Cc: Michael Bateman  
Andrew Fierro

Appendix B  
Page 2 of 2