# BLISS, WILKENS & CLAYTON
an association of LLCs
LAWYERS

500 L STREET, SUITE 200, ANCHORAGE, ALASKA 99501-5909
TELEPHONE: (907) 276-2999 FACSIMILE: (907) 276-2956
www.bwclawfirm.com

Ronald L. Bliss
James K. Wilkens
Alfred Clayton, Jr.
———
Jonathan P. Hegna

Of Counsel
Jean E. Kizer
Ann K. Stokes
Maryanne Boreen

RECEIVED JUL 25 2006 DEPARTMENT OF LAW OFFICE OF THE ATTORNEY GENERAL 3RD JUDICIAL DISTRICT ANCHORAGE, ALASKA

July 24, 2006

Breck C. Tostevin
Assistant Attorney General
Environmental Section
1031 W. 4th Ave., Suite 200
Anchorage, AK  99501

  Re: Insureds: Joseph and Mildred McGalliard
     Location: 3601 Wyoming Dr., Anchorage, Alaska
     Our File: 957-271

Dear Breck:

 Thank you for your letter dated July 19, 2006.

 As you know, State Farm wishes to seek a judicial adjudication of its rights and obligations under the insurance policies issued for 3601 Wyoming.  State Farm filed this declaratory judgment action in federal court, the forum in which State Farm would prefer the issue to be decided.  State Farm has named as a defendant Michael Bateman, as the personal representative of the Estate of Mildred McGalliard.  In an abundance of caution, State Farm also named the State of Alaska, as a potential assignee of rights, if any, under the policy.  At present, the State of Alaska actually has no legal rights under the policy and only stands in the position of a potential creditor of the Estate, with the possibility it may ultimately be able to obtain, through assignment or otherwise, rights under the State Farm policies.

 You raised the question of whether the State of Alaska is protected by Eleventh Amendment immunity.  As I mentioned, I am not an expert on constitutional law matters, particularly involving the Eleventh Amendment.  Based on what I do know, I am beginning to question whether Eleventh Amendment immunity even applies here since the Eleventh Amendment is intended to protect the State from being subject to liability or claims which may tap the State's coffers.  The Eleventh Amendment does not necessarily apply in cases involving declaratory or prospective relief.  Fireman's Fund Ins. Co. v. City of Lodi, California, 302 F.3d 928 (9th Cir. 2002).  Here, State Farm is not seeking to obtain any money or injunctive relief against the State of Alaska.  Rather, the question is solely whether State Farm owes any duty to defend or indemnify under the

Breck C. Tostevin
July 24, 2006
Page 2

subject State Farm policy. As to the only relief being sought, the State of Alaska stands in the position of a potential assignee of rights. Thus, it would appear the Eleventh Amendment's immunity does not even apply.

As mentioned in prior correspondence, it also seems incontestable the State of Alaska can waive any Eleventh Amendment immunity issue, including by mere participation in the lawsuit. Armstrong v. Davis, 275 F.3d 849 (9th Cir. 2001). Your reference to AS 44.23.020(c) does not seem to address or answer the question of how the State of Alaska goes about waiving the immunity. As far as I can see, the statute you cited is limited solely to the question of whether and how the Attorney General may waive Eleventh Amendment immunity as to cases involving the State's title to submerged lands or where the State seeks to allocate fault to the federal government or a federal employee under AS 09.17.080. This section does not seem to have any application to other matters, particularly including circumstances such as the present, where there is no claim of affirmative relief against the State of Alaska; the only reason the State of Alaska has been named is as a potential assignee of contractual rights under an insurance policy.

In any event, these disputes regarding the Eleventh Amendment seem irrelevant. Regardless of any differences we may hold as to the application of the Eleventh Amendment sovereign immunity, or the State's waiver of such immunity, there exist practical solutions which meet the interests of both our clients (i.e. which allows State Farm to obtain a judicial determination of its rights under this insurance policy in its chosen forum of federal court, and allows the State of Alaska to avoid the necessity of addressing the question of Eleventh Amendment immunity or waiver.) If the State believes it cannot or should not waive its Eleventh Amendment sovereign immunity, State Farm would be agreeable to dismissal of the State of Alaska from this lawsuit. Although I think it would be preferable to have the State of Alaska participate as a party in this action (as a potential assignee of any rights under the insurance policy), the State is not an indispensable party. Rather, the only indispensable parties are those parties to the contract itself. If the State of Alaska wishes to participate in this process without being a party itself, it can render whatever assistance it believes is necessary or appropriate to Mr. Bateman. Indeed, the State of Alaska has already acted in this capacity by assisting Mr. Bateman in the drafting and presentation of the appropriate probate papers. The State of Alaska could participate in the briefing on the coverage issues in the federal declaratory judgment action in the same capacity. This, of course, is something solely between you and Mr. Bateman.

Breck C. Tostevin
July 24, 2006
Page 3

    State Farm intends to proceed with its declaratory judgment action as above. If you wish or need an extension until August 15, 2006, we would be happy to sign any appropriate stipulation to this effect.

    Thank you for your consideration of these matters. Of course, if you have any questions, feel free to contact me.

                                Regards,

                                BLISS, WILKENS & CLAYTON

                                James K. Wilkens

JKW:jw

cc:  Michael Bateman
     Gayle White

N:\JAW\957-271\TOSTEVIN.7.DOC

Appendix C
Page 3 of 3