James K. Wilkens
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK  99501
(907) 276-2999
(907) 276-2956 (fax)
jkw@bwclawyers.com

Lawyers for State Farm

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,           Plaintiff,     vs.   MICHAEL BATEMAN, as personal representative of the Estate of Mildred McGalliard; and STATE OF ALASKA,           Defendants. | Case No. 3:06-CV-00152-TMB   **STATE FARM'S REPLY TO STATE OF ALASKA'S OPPOSITION TO APPLICATION FOR ENTRY OF DEFAULT AGAINST DEFENDANT MICHAEL BATEMAN** |

I.  **BACKGROUND FACTS**[1]

State Farm provided certain insurance for the rental property owned by Mildred McGalliard ("McGalliard") at 3601 Wyoming Drive in Anchorage, Alaska.  The State of Alaska contends the McGalliards created a pollution liability on the property where the McGalliards resided, located next door at 3603 Wyoming.  The State of Alaska

---

[1] A more detailed statement of the facts is contained in State Farm's pending Motion for Summary Judgment [Docket 11], incorporated by reference.

asserts the pollution at 3603 Wyoming migrated onto the adjoining rental property at 3601 Wyoming. McGalliard is now deceased, and the properties are held in her estate ("McGalliard Estate"). The State of Alaska filed a liability lawsuit against the McGalliard Estate, alleging statutory pollution liability under AS 46.03.822. State Farm agreed to provide a defense to the McGalliard Estate under a reservation of rights, and then filed this federal declaratory judgment action, seeking adjudication that State Farm has no coverage for this liability claim. In this declaratory judgment action, State Farm named the McGalliard Estate (as the party to the insurance contract) and the State of Alaska (as a potential judgment creditor of the McGalliard Estate).

At the request of the State of Alaska, State Farm previously agreed to three extensions of time for the State of Alaska to respond, and twice agreed to extensions of time to the McGalliard Estate.[2] Recently, the State of Alaska entered an appearance on its own behalf (only) [Docket 17] and indicated it intended to file a motion to dismiss the claim against the State of Alaska on the basis of Eleventh Amendment immunity. The McGalliard Estate has never filed any appearance or response to State Farm's complaint for declaratory relief. In accord with the Court's order dated

---

[2] As the State of Alaska's own submissions make clear, the State of Alaska utilized these agreed extensions to negotiate and enter into a purported "assignment agreement," which the State in turn now seeks to use as a basis for avoiding the federal court's adjudication of the private contract rights and duties under the subject insurance policy.

August 28, 2006 [Docket 10], State Farm applied for default by the deadline of October 10, 2006.  Despite the fact the State of Alaska has not filed a Rule 26(c) motion, nor obtained a Court order allowing substitution, the State of Alaska now opposes the request for entry of default against the McGalliard Estate, on the basis of its purported assignment of private contract rights.

## II.   THERE ARE TWO DEFENDANTS IN THIS LAWSUIT

The State of Alaska's position in opposing the default against the McGalliard Estate is based on a fundamental analytical flaw that this federal action involves two separate defendants, the State of Alaska and the McGalliard Estate.

### A.   State of Alaska

The State of Alaska was named as a defendant due to the fact it was a potential judgment creditor as a result of the underlying liability lawsuit.  The State of Alaska has indicated it does not wish the federal court to adjudicate any of its rights in this matter, and said it will be filing a motion to dismiss based upon the Eleventh Amendment immunity.  While State Farm disagrees with the State of Alaska's claimed entitlement to Eleventh Amendment immunity as to such claim,[3] State Farm has no objection to a voluntary dismissal of the State of Alaska (_qua_ the State of Alaska) from this lawsuit.  However, State Farm intends to continue to pursue its claim against its insured, the McGalliard Estate.

**B.  McGalliard Estate**

The primary defendant in this federal declaratory judgment action is the McGalliard Estate, as the legal successor in interest to the actual party to the subject insurance contract. Despite the fact State Farm has twice agreed to extensions of time for the McGalliard Estate to appear and respond to the complaint, the McGalliard Estate has not appeared or responded. On August 28, 2006, the Court agreed to the second extension of time, but also ordered that "[i]f either Defendant does not file an answer by September 29, 2006, State Farm shall have until October 10, 2006, to apply for default." <u>See</u> Court's Order dated August 28, 2006 [Docket 10]. Due to the McGalliard Estate's failure to respond, and consistent with the Court's order, State Farm applied for default by the required deadline of October 10, 2006. The State of Alaska now objects to the default application, apparently on its belief its purported assignment somehow changes the fact there are two separate defendants in this lawsuit.

The State of Alaska fails to satisfy Rule 25(c) of the Federal Rules of Civil Procedure, which provides, in the case of any transfer of interest, the action may be continued against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. In the absence of a motion for and

---

[3] State Farm also contests that the purported assignment of rights, or assignment agreement generally, is valid under Alaska law.

order of the court allowing such substitution, the action may be continued in the name of the original party to the suit and the successor in interest will be bound by any judgment resulting from the litigation. nSight, Inc. v. PeopleSoft, Inc., 2006 WL 1305237 (N.D. Cal. May 11, 2006); Int'l Rediscount Corp. v. Hartford Accident & Indem. Co., 425 F. Supp. 669, 674 (Del. 1977), citing 7A C. Wright & A. Miller, Federal Practice & Procedure § 1958; Sun-Maid Raison Growers of California v. California Packaging Corp., 273 F.2d 282, 284 (9th Cir. 1959). Here, the State of Alaska has neither filed a Rule 26 request for substitution, nor obtained Court approval for substitution of its purported interest as an assignee of the McGalliard Estate rights.[4] Accordingly, in the absence of such a motion for an order of the Court allowing such substitution, State Farm is allowed and required to continue to pursue its declaratory judgment action in the name of the original party to the suit.

Such Rule 25(c) substitution is much more than mere form in this case. The State of Alaska has clearly indicated its desire to avoid federal jurisdiction of the declaratory adjudication of the subject private contract rights, claiming Eleventh Amendment immunity. However, such Eleventh Amendment protection may apply (if at all) only to the State of Alaska qua the State of Alaska

---

[4] Contrary to the State of Alaska's intimation, the State entered an appearance solely on its own behalf as the State of Alaska. See Docket 17. Further, only on its own behalf as the State of Alaska did it seek an extension of time to file a response to the complaint. See Docket 16.

(who has been given the opportunity to dismiss itself from the lawsuit if it wishes). The State of Alaska should not be allowed to pursue a backdoor "end run" around State Farm's chosen forum of federal jurisdiction by voluntarily accepting private assignment rights from the McGalliard Estate and then seek to imbue such assigned private contract rights with additional Eleventh Amendment protection. It will be critical in the evaluation of such Eleventh Amendment issues to clarify the State of Alaska's role in this lawsuit. As an assignee of the McGalliard Estate's private contract rights, the State of Alaska will "step into the shoes" of the McGalliard Estate and will have legal rights no greater than the McGalliard Estate had prior to the assignment. *In re Bernal*, 207 F.3d 595 (9th Cir. 2000) ("[Assignee] ignores the undisputed fact of record that it was not a party to the original suit, but acquired whatever rights it may have in the property, if any, only by virtue of the assignment, and must therefore stand in its shoes with respect to all phases of the litigation."). *See generally* Restatement (Second) of Contracts § 336 (1981).

### III. **CONCLUSION**

The State of Alaska's objection to default of the McGalliard Estate arises from its stated intention of avoiding federal jurisdiction over this declaratory adjudication of private contract rights, relying on the Eleventh Amendment. Even though the Eleventh Amendment has no application in this context, State Farm will not object to a voluntary dismissal of the State of Alaska as

a named defendant in this federal declaratory judgment lawsuit. However, State Farm will proceed with its request that the federal court (not state court) adjudicate and determine the respective rights and duties of the private parties to the insurance contract: State Farm and the McGalliard Estate. If the State of Alaska now wishes to assert rights as an assignee of such private contract rights, it must comply with the express requirements of Rule 25(c), which will clarify and confirm the specific role the State of Alaska plays in this litigation.

DATED at Anchorage, Alaska, this 16th day of October, 2006.

BLISS, WILKENS & CLAYTON
Lawyers for State Farm

By: s/James K. Wilkens
500 L Street, Suite 200
Anchorage, AK  99501
Phone:  (907) 276-2999
Fax:    (907) 276-2956
E-mail: jkw@bwclawyers.com
ABA No.: 8408071

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day
of October, 2006, a copy of the foregoing
document was served electronically on:

Breck C. Tostevin
Assistant Attorney General
Environmental Section
1031 W. 4th Ave., Suite 200
Anchorage, AK  99501

and via U.S. mail on:

Michael Bateman
3004 Barbara Drive
Anchorage, AK  99517

s/James K. Wilkens

N:\JAW\957-271\PLDNGS\DEFAULT.REPLY.DOC