Breck C. Tostevin
Senior Assistant Attorney General
Department of Law
1031 West 4th Avenue, Suite 200
Anchorage, AK  99501
(907) 269-5274
(907) 278-7022 (fax)
breck_tostevin@law.state.ak.us

Attorneys for the State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>  Plaintiff,<br><br>vs.<br><br>MICHAEL BATEMAN, as personal representative of the Estate of Mildred McGalliard; and STATE OF ALASKA,<br><br>  Defendants. | Case No. 3:06-cv-00152-TMB<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

The State of Alaska, through the Office of the Attorney General, moves pursuant to Fed. R. Civil Proc. 12(b)(1) and 12(b)(6) to dismiss Plaintiff State Farm Fire and Casualty Company (State Farm's) Complaint against Michael

Bateman and the State of Alaska.[1]

As detailed below, the State seeks dismissal of State Farm's complaint because it is barred by the 11th Amendment of the U.S. Constitution which, *inter alia*, prohibits a federal court suit by a private person against a State on state law grounds, in the absence of the State's consent. Alternatively, the State requests that the Court abstain from exercising jurisdiction over the complaint since it is duplicative of a case pending in State court and because resolution of this litigation is entirely a matter of state environmental and insurance law that is better addressed by the State courts.

### I. PROCEDURAL HISTORY

On March 29, 2006, the State of Alaska filed a complaint in state superior court against Michael Bateman as Special Administrator of the Estate of Mildred McGalliard. *State of Alaska, Department of Environmental Conservation v. Michael Bateman, in his capacity as special administrator of the Estate of Mildred McGalliard*, 3AN-06-6485 CI.

On June 26, 2006, State Farm filed this declaratory judgment action in federal court against Michael Bateman, as the Personal Representative of the Estate of Mildred McGalliard, and the State of Alaska. The State was originally

---

[1] A motion to dismissed based on 11th Amendment sovereign immunity is a 12(b)(1) motion that goes to the subject matter jurisdiction of the Court. See C. Wright & A. Miller, *Federal Practice and Procedure*: Civil 3d § 1350, p. 79 (*citing Savage v. Glendale Union High School,* 343 F.3d 1036 (Ninth Cir. 2003)).

sued as a claimant against the Estate that had an interest in certain rental dwelling insurance policies issued by State Farm to Mildred McGalliard.[2] Since the filing of the Complaint, the Estate assigned its coverage rights under the policiesy and the State is now the actual assignee under those policies.[3] State Farm seeks a declaratory judgment from this Court that the insurance policies issued by State Farm do not cover the environmental cleanup claims brought by the State of Alaska in the State Court action, *State of Alaska, Department of Environmental Conservation v. Michael A. Bateman*, 3AN-06-6485.[4]

After the Estate's assignment of its insurance rights to the State, the State moved to amend its complaint to add declaratory judgment counts against State Farm and the other insurers.[5] The State Court has granted this motion.[6]

---

[2] State Farm Complaint Docket 1 at ¶7-9.

[3] Affidavit of Breck Tostevin at Attachment A; Motion for Substitution of State of Alaska for Michael Bateman.

[4] State Farm Complaint, Docket 1 at 3-4.

[5] Affidavit of Breck Tostevin at ¶9, Appendix B.

[6] *Id.* at ¶10, Appendix C.

## II.    ARGUMENT

A.  THE COMPLAINT AGAINST THE STATE OF ALASKA MUST BE DISMISSED AS BARRED UNDER THE 11TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

The Eleventh Amendment categorically bars any claim brought by an individual against a state in federal court.  The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of any Foreign State. [7]

On numerous occasions, the Supreme Court has acknowledged that the Eleventh Amendment incorporates principles of sovereign immunity as a limitation on the judicial authority otherwise conferred to the federal courts pursuant to Article III, sec. 2 of the U.S. Constitution.[8]  The jurisdictional bar provided by the Eleventh Amendment applies regardless of the nature of the relief sought.[9]

---

[7] The Eleventh Amendment was adopted following the Supreme Court's unpopular assumption of original jurisdiction in *Chisholm v. Georgia*, 2 U.S. (2Dall.) 419, 1 L.Ed 440 (1793), over a suit brought by a citizen of South Carolina against the State of Georgia.

[8] *Employees v. Missouri Dep't of Public Health and Welfare*, 411 U.S. 279, 291-92, 93 S. Ct. 1614, 1621-22 (1973); *Monaco v. Mississippi*, 292 U. S. 313, 322-323, 54 S. Ct. 745, 747-748 (1934); *Ex Parte State of New York*, 256 U.S. 490, 497, 41 S. Ct. 588, 589 (1921).

[9] *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1984) *citing Missouri v. Fiske*, 290 U.S. 18, 27, 54 S. Ct. 18, 21 (1933) (Eleventh Amendment applies to suits in equity as well as at law).

The rationale for the Court's historically broad reading of the Eleventh Amendment is rooted in the recognition that forcing a sovereign state to appear against its will in the courts of another sovereign is inconsistent with accepted principles of federalism.[10] With this principle in mind, the Supreme Court has emphasized that a state's constitutional interest in Eleventh Amendment immunity includes not only *whether* it may be sued, but *where* it may be sued.[11]

In *Ex Parte Young*, the Supreme Court carved out a narrow exception to Eleventh Amendment immunity. There, the court indulged in the fiction that a suit against a state official was not actually against a state where the official was alleged to have exceeded his lawful authority under state law in acting in the state's behalf by attempting to enforce an unconstitutional state statute.[12] The Court reasoned that because the state official's action was federally unconstitutional, he was "stripped" of his official authority and the plaintiff could obtain prospective injunctive relief in federal court barring the official from further unconstitutional activity. *Id*. No state official has been named as a defendant in this case based on an alleged violation of federal law. The narrow exception to Eleventh Amendment immunity stated in *Ex Parte Young*, 209 U.S. 123, 28 S. Ct 441 (1908) does not apply in this case because the State -- and not a

---

[10] *See Employees*, 411 U.S. at 294, 93 S. Ct. at 1614.

[11] *Pennhurst*, 465 U.S. at 100, 104 S. Ct. at 908.

[12] *Ex Parte Young*, 209 U.S. at 160, 28 S. Ct. at 454.

state official -- is the named defendant.  Therefore, the *Ex Parte Young* exception cannot apply.

Similarly, this Court need not apply *Ex Parte Young's* analysis of whether a suit against a public official for violation of a federal right is really a suit against the State itself.  Because State Farm has named the State as Defendant, the 11th Amendment inquiry of whether the suit is against the State ends there under *Pennhurst*.[13]

State Farm originally sued the State in this Court based on the State's status as a claimant against the Estate.[14]  The 11th Amendment bars naming a State in a federal court action based upon state law issues.[15]  It matters not that the State of Alaska's legal rights under the insurance is the result of an assignment from a private person.  State Farm seeks to bar rights of recovery belonging to the State of Alaska.[16]  Specifically, State Farm seeks to bar recovery under these policies of insurance by the State of Alaska for funds it has expended from its Oil

---

[13]  104 S. Ct. at 908 ("When the suit is brought only against state officials, a question arises as to whether the suit is a suit against the State itself").

[14]  See Complaint, Docket 1.

[15]  *Pennhurst*, 104 S.Ct. at 908.

[16]  *See* Complaint, Docket 1 at p. 3-4, Motion for Summary Judgment at Docket 11, p. 16.

and Hazardous Substance Response Fund.[17]  State Farm's action against the State directly impacts the State's treasury.  State Farm's action, therefore, directly implicates the concerns underlying the adoption of the 11th Amendment and the State is immune from having such rights adjudicated without its consent in federal court.[18]  The State, therefore respectfully requests dismissal of State Farm's Complaint against State of Alaska.

      B.  THE COMPLAINT AGAINST BATEMAN SHOULD BE SIMILARLY DISMISSED BECAUSE THE ESTATE'S COVERAGE RIGHTS HAVE BEEN ASSIGNED TO THE STATE AND BECAUSE STATE FARM SEEKS DECLARATORY RELIEF THAT THERE IS NO COVERAGE UNDER THE POLICIES FOR THE STATE'S CLAIMS

State Farm's Complaint against Michael Bateman should also be dismissed since it seeks to adjudicate rights assigned to the State of Alaska.  The Estate assigned its coverage rights under the State Farm policies at issue in this case on September 27, 2006.[19]  State Farm, both in its complaint and in its motion for summary judgment, seeks a declaration that the policies of insurance provide no coverage for the claims brought by the State of Alaska in the State Civil

---

[17] *Id.*; AS 46.08.005- .040.

[18] *See Employees*, 411 U.S. at 294, 93 S. Ct. at 1614.; *Pennhurst;* 465 U.S. at 100, 104 S. Ct. at 907.

[19] Attachment A to Affidavit of Breck Tostevin.

Action.[20] Consequently, the State of Alaska is the real party in interest and State Farm's action against Bateman should similarly be dismissed since it seeks an adjudication of the State's rights.

Concurrent with this Motion, the State has filed a motion under Fed. Civil Rule 25(c) requesting that the State be formally substituted for Michael Bateman, personal representative of the Estate, as a result of the assignment of the Estate's interest. Whether this Court grants or denies that Motion to Substitute, the Court should recognize the State as the real party in interest after the assignment and dismiss the entire State Farm action as one against the State.

C. ALTERNATIVELY, THE COURT SHOULD ABSTAIN FROM EXERCISING ITS JURISDICTION OVER THIS MATTER SINCE IT IS DUPLICATIVE OF A PENDING STATE COURT ACTION AND RESOLUTION OF THE ISSUES IN THIS CASE INVOLVE ISSUES OF STATE INSURANCE AND ENVIRONMENTAL LAW THAT ARE BETTER ADDRESSED IN THE FIRST INSTANCE BY THE STATE COURTS.

Even if this Court should find that the 11th Amendment does not bar litigation of this action in federal court, this Court should abstain from hearing State Farm's declaratory judgment action because 1) the State's enforcement of its environmental cleanup laws are important state interests; 2) the insurance coverage issues are unresolved matters of state law that the state courts should adequately address and 3) because the State Court Action provides a forum where

---

[20] *See* Complaint, Docket 1 at p. 3-4, Motion for Summary Judgment at Docket 11, p. 16.

all of these inter-related state environmental law and state insurance law issues can be heard.

As the U.S. Supreme Court noted in *Quackenbush v. Allstate Ins. Co.*,[21] a federal court may abstain from exercising its jurisdiction over a matter in situations in which the federal action would interfere with state court enforcement proceedings, require resolution of unsettled issues of state law or where the federal action would be duplicative of a pending state court action:

> We have thus held that federal courts have the power to refrain from hearing cases that would interfere with a pending state criminal proceeding,[22] or with certain types of state civil proceedings,[23] cases in which the resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law,[24] cases raising issues "intimately involved with [the States'] sovereign prerogative," the proper adjudication of which might be impaired by unsettled questions of state law,[25] cases whose resolution by a federal court might unnecessarily

---

[21] 517 U.S. 718, 116 S.Ct. 1712, 1721, 135 L.Ed.2d 1 (1996).

[22] *See Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

[23] *See Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); *Juidice v. Vail*, 430 U.S. 327, 97 S.Ct. 1211, 51 L.Ed.2d 376 (1977).

[24] *See Railroad Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed.2d 971 (1941).

[25] *See Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 79 S.Ct. 1070, 1072-1073, 79 L.Ed.2d 1070 (1959); 79 S.Ct. at 1074 (Stewart, J., concurring).

interfere with a state system for the collection of taxes;[26] and cases which are duplicative of a pending state proceeding.[27]

Here the State has already initiated a state court action against the Estate seeking to recover its environmental response costs expended from the State's Oil and Hazardous Substance Prevention and Response Fund. After the assignment of the Estate's insurance coverage rights, the State Superior Court granted the State's motion to amend its complaint to add declaratory judgment counts against State Farm.

As federal courts may "abstain out of deference to the paramount interests of another sovereign," which concerns implicate "principals of comity and federalism,"[28] this court should abstain from exercising jurisdiction in this case. The issues in this case revolve around the interpretation of AS 46.03.822, Alaska's strict liability law, and unresolved issues of state law concerning the interpretation of insurance policies in the environmental law context.[29] Moreover,

---

[26] *See Great Lakes Dredge & Dock Co. v. Huffman*, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed.2d 1407 (1943).

[27] *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Pennsylvania v. Williams*, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841 (1935).

[28] *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 718, 116 S.Ct. 1712, 1724, 135 L.Ed.2d 1 (1996)

[29] *See, e.g.,* State Farm's Motion for Summary Judgment at Docket 11, pages 4, 9, 12, 13.

the State's enforcement of its hazardous substance cleanup laws is a matter of important State concern.[30] The need for abstention becomes even more apparent given the State's Eleventh Amendment immunity, as argued above.

Under the *Younger* abstention doctrine, a federal court must abstain from hearing a plaintiff's action in federal court when state court proceedings are pending against that party and no proceeding of substance on the merits has taken place in federal court.[31] As the Ninth Circuit found in *M & A Gabaee*,[32] the filing a motion for an injunction and a temporary restraining order was not sufficient to find proceedings of substance on the merits in a federal court action.

Here, the State's superior court action is already pending against the Estate, State Farm and the other insurers and no proceedings on the substance of State Farm's state law claims have taken place in this Court. Accordingly, under the U.S. Supreme Court's abstention doctrines, this Court should abstain from considering these important matters to the State of Alaska in federal court and

---

[30] *See* AS 46.08.005("The legislature finds and declares that the release of oil or hazardous substances in to the environment presents a real and substantial threat to the public health and welfare, to the environment, and to the economy of the state. The legislature therefore concludes that is in the best interest of the state and its citizens to provide a fund…."); AS 46.08.030 ( "It is the intent of the legislature and declared to be the public policy of the state that funds for the abatement of a release of oil or hazardous substance will always be available.").

[31] *M & A Gabaee v. Community Redev. Agency of the City of Los Angeles*, 419 F.3d 1036, 1040 (9th Cir. 2005) (*citing Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 104 S.Ct. 2321 (1984)).

[32] *Id.* at 1041.

should instead allow the state court to address the unresolved state insurance law issues in the context of the State's environmental response cost recovery action.

### III.   CONCLUSION

State Farm's Complaint against Michael Bateman and the State of Alaska should be dismissed on 11th Amendment immunity grounds because the real party in interest is the State of Alaska and the State has not consented to suit in federal court on these claims.  Alternatively, the Court should abstain from hearing this case since it is duplicative of the State Court enforcement action brought by the State and because the issues in this case involve issues of state insurance and environmental law that are best addressed in the first instance by the State Courts.

DATED at Anchorage, Alaska this 17th day of October, 2006.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

　　　s/Breck C. Tostevin
By:   Breck C. Tostevin
      Senior Assistant Attorney General
      1031 West 4th Avenue, Suite 200
      Anchorage, AK   99501
      (907) 269-5274
      (907) 278-7022 fax
      ABA No. 8906037

Certificate of Service
I hereby certify that on this 17th day
of October, 2006, a copy of the foregoing
document was served via electronically on:

James K. Wilkens
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK   99501

and served by U.S. Mail on:

Michael Bateman
3004 Barbara Drive
Anchorage, AK   99517


s/Breck C. Tostevin

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
State Farm Fire & Casualty Co. v. Michael Bateman, SOA
Case No. 3:06-cv-00152-TMB                              Page 13 of 13