# PARTIAL SETTLEMENT AGREEMENT AND ASSIGNMENT OF INSURANCE RIGHTS

This Partial Settlement Agreement and Assignment of Insurance Rights, effective as of the date it is fully executed, is made and entered into by the State of Alaska, the Estate of Mildred McGalliard, and Michael A. Bateman, Special Administrator of the Estate of Mildred McGalliard. The State of Alaska, the Estate of Mildred McGalliard, and Michael A. Bateman are hereinafter collectively referred to as the "Parties", and may be referenced singularly as a "Party".

WHEREAS, the State of Alaska, Department of Environmental Conservation has spent state funds investigating and responding to the release of hazardous substances from or on property owned by the Estate of Mildred McGalliard at 3603 Wyoming Drive, Anchorage, Alaska;

WHEREAS, on January 24, 2005, the State of Alaska, Department of Environmental Conservation filed a claim in the Probate Court against the Estate of Mildred McGalliard seeking recovery of past and future costs of responding to the release of hazardous substances at the 3603 Wyoming Drive site.

WHEREAS, on March 26, 2006, the State of Alaska, Department of Environmental Conservation filed a civil action against Michael A. Bateman, in his capacity as Special Administrator of the Estate of Mildred McGalliard, seeking recovery of state response costs and a declaratory judgment as to the Estate's liability to the State for future response costs;

WHEREAS, Alaska Pacific Assurance Company/Insurance Company of North America (formerly CIGNA), State Farm Fire & Casualty Company, and Vesta Insurance

Partial Settlement Agreement and Assignment of Insurance Rights     Page 1 of 14

Appendix A

Corporation, jointly retained defense counsel to defend Michael Bateman and the Estate under a reservation of rights as to coverage under the insurance policies for the State's claims;

WHEREAS, State Farm filed a declaratory judgment action in U.S. District Court for the District of Alaska against the Estate, Bateman and the State of Alaska, as potential assignee, seeking a declaration that State Farm is not required to defend the Estate under the State Farm policies.

WHEREAS, the Estate does not have the resources to independently fund a defense against State Farm's declaratory judgment action and the State does not wish to have any recovery from the State Farm policies reduced by a contingent fee for defense counsel;

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

## PARTIES

A. "State of Alaska" means the State of Alaska, Department of Environmental Conservation.

B. "Estate" means the Estate of Mildred McGalliard, its Special Administrator Michael A. Bateman, and their predecessors, successors, and assigns.

## DEFINITIONS

A. "Civil Action" as used herein shall mean the case entitled "State of Alaska, Department of Environmental Conservation v. Michael A. Bateman, in his capacity as Special Administrator of the Estate of Mildred McGalliard, Case No. 3AN-06-6485 Civil (Anchorage Superior Court).

B. "Wyoming Drive Property" as used herein shall mean Lots 5 & 6, Block 1, Conroy Rushton Subdivision, Anchorage, AK 99503 and the adjoining alleyway to the east of those Lots.

C. "3603 Wyoming Drive property" as used herein shall mean Lot 5, Block 1, Conroy Rushton Subdivision, Anchorage, AK 99503.

D. "Wyoming Drive Contamination" as used herein shall mean petroleum, lead and other heavy metal hazardous substance contamination on or from the Wyoming Drive Property that initially entered the environment prior to September 1, 2005.

E. "Policies" as used herein shall mean any insurance issued to Joseph P. McGalliard, Mildred McGalliard, Michael A. Bateman, or their predecessors, successors or assigns, providing actual or potential insurance coverage or indemnification rights relating to the Wyoming Drive Contamination including, but not limited to, Alaska Pacific Assurance Company/Insurance Company of North America (formerly CIGNA) (Policy numbers A51542605 and A01301925), State Farm Fire & Casualty Company, (Policy number F 92-95-9466-6), and Vesta Insurance Corporation (Policy number HM 000038126).

F. "Insurers" as used herein shall mean any company or entity that issued Policies as defined in this Agreement.

## I. AGREEMENT BY THE STATE

A. In consideration of the assignment of rights in Article III(B) of this Agreement, the State of Alaska agrees to:

(1) as part of any sale of the 3603 Wyoming Drive property, allow Michael Bateman to recover as an administrative expense of the Estate the utility costs, repair costs, and

probate administration costs for publication he has incurred since May 1, 2003 and the property taxes he paid to the Municipality of Anchorage for the 3603 Wyoming Drive property in tax years 2004 and 2006, which now total $11,140.64, and any future out-of-pocket expenses for estate administration;

    (2) look first to the insurance coverage under the Policies to compensate it for claims raised in the Civil Action, provided, however, the decision to settle or otherwise compromise those assigned rights shall be within the sole discretion of the State;

    (4) not seek recovery of any attorneys fees it incurs litigating the issue of insurance coverage with the Insurers from Michael Bateman or the Estate;

    (3) allow the Estate to retain any net proceeds of the sale of the 3603 Wyoming Drive property after payment of any judgment or settlement of the State's claims in the Civil Action less the amount of any judgment or settlement received as a result of the insurance indemnification assigned to the State in Article II of this Agreement; and

    (4) release the future purchaser of the 3603 Wyoming Drive property from any liability for the site contamination except for (a) providing DEC and its contractors access to the 3603 Wyoming Drive property; (b) maintaining the soil cap in the eastern backyard of the 3603 Wyoming Drive property and (c) providing for the proper handling and disposal of contaminated soil or groundwater should it be disturbed as part of future construction or renovation of the property.

  B.  Except as to those sums recoverable from the Insurers under the rights assigned under Article II of this Agreement and the obligations in Article I(A)(4)(a) & (b) of this Agreement, the State of Alaska, upon the effective date of this Settlement Agreement, releases,

discharges and covenants not to sue Michael Bateman in his individual capacity (as opposed to his capacity as Special Administrator of the Estate) with respect to any and all claims, demands, actions, causes of action, lawsuits, and liabilities, of any kind and nature, (including, without limitation, all civil and administrative claims under federal or state statutes and implementing regulations, or common law for compensatory damages, or equitable or remedial relief, e.g. loss of use, restoration costs, remediation and response costs, consultant fees, attorney's fees and costs, property damage, natural resource damages or economic loss) that arise from, relate to, or are based on, or could in the future arise from, relate to, or be based on the Wyoming Drive Contamination.

## II. AGREEMENT BY THE ESTATE AND BATEMAN

A.  In consideration for the Agreements of the State contained in Article I, the Estate, through its Special Administrator Michael A. Bateman, and Michael A. Bateman agrees as follows:

(1) <u>Assignment of Rights</u>: The Estate and Michael Bateman hereby assign to the State of Alaska any and all of their coverage or indemnity rights under the Policies and their bad faith and other claims against the Insurers arising out of the Policies and/or the claims handling. The Estate agrees to cooperate with the State in any proceedings brought by the State concerning this assignment of rights and in any proceeding brought by any of the Insurers seeking a declaration of rights under the Policies including, but not limited to, providing testimony and, upon request, copies of any documents in the Estate's possession, custody or control.

(2) <u>Marketing and Sale of the 3603 Wyoming Drive Property</u>: The Estate agrees to retain a license real estate agent by October 16, 2006 to market the 3603 Wyoming Drive