RECEIVED
SEP 29 2006
DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
3rd JUDICIAL DISTRICT
ANCHORAGE, ALASKA

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| STATE OF ALASKA, DEPARTMENT OF ENVIRONMENTAL CONSERVATION, <br><br> Plaintiffs, <br><br> vs. <br><br> MICHAEL A. BATEMAN, in his capacity As Special Administrator of the Estate of MILDRED McGALLIARD, <br><br> Defendant. | COPY <br> Original Received <br><br> SEP 28 2006 <br><br> Clerk of the Trial Courts |

Case No. 3AN-06-6485 CI

### STATE OF ALASKA'S MOTION TO AMEND COMPLAINT

Plaintiff, State of Alaska, Department of Environment Conservation, moves this Court, pursuant to Alaska Rule of Civil Procedure 15(a), for permission to amend its Complaint filed on March 29, 2006. This motion is supported by the attached memorandum of points and authorities, the proposed First Amended Complaint for Response Costs and Declaratory Relief," and proposed order.

DATED this 28 day of September, 2006 at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: /s/ Breck C. Tostevin
Breck C. Tostevin
Senior Assistant Attorney General
ABA No. 8906037

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORGE

STATE OF ALASKA, DEPARTMET )
OF ENVIRONMENTAL CONSERVATION, )
)
Plaintiffs, )
)
vs. )
)
MICHAEL A. BATEMAN, in his capacity )
as Special Administrator of the Estate of )
MILDRED McGALLIARD, )
)
Defendant )
_____ )

Case No. 3AN-06-6485 CI

## MEMORANDUM IN SUPPORT OF
## STATE OF ALASKA'S MOTION TO AMEND
## COMPLAINT

Plaintiff, State of Alaska, Department of Environment Conservation (DEC), moves this Court, pursuant to Alaska Rule of Civil Procedure 15(a), for permission to amend its Complaint.

This case is a strict liability cost recovery action under Alaska's mini-CERCLA statute, AS 46.03.822 against the Estate of Mildred McGalliard to recover costs the State has incurred investigating and cleaning up hazardous substance contamination at the Wyoming Drive site in Anchorage.

The State now seeks to add four new parties to this action. These four entities are insurers of the Defendant Estate of Mildred McGalliard. The State seeks to

add these liability insurers to this action now as a result of the Estate's recent assignment of its insurance indemnity rights to the State. In its proposed Amended Complaint, the State seeks a declaratory judgment that the insurance policies issued by these insurers provide coverage for the costs incurred by the State responding to hazardous substance contamination at the Wyoming Drive site.

Specifically, the State seeks to join:

- ACE Indemnity Insurance Co. as successor to Alaska Pacific Assurance Company, and the Insurance Company of North America, who provided homeowner's insurance to Joseph and Mildred McGalliard for the 3603 Wyoming Drive property from September 1973 to September 16, 2000.

- Vesta Insurance Corporation who provided Mildred McGalliard homeowner's insurance on the 3603 Wyoming Drive Property from September 2000 to October 11, 2003;

- State Farm that provided Michael Bateman and Mildred McGalliard rental property insurance coverage for the adjoining 3601 Wyoming Drive property.

## I. LEGAL AUTHORITIES

Alaska Civil Rule 15 "provides that courts shall freely allow parties to amend pleadings when justice requires: '(a) ... [A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

given when justice so requires.'" *Ardinger v. Hummel*, 982 P.2d 727, 737 (Alaska 1999). "Leave to amend under Rule 15, subsection (a) has traditionally been freely given." *Id.* (quoting *Magestro v. State*, 785 P.2d 1211, 1212 (Alaska 1990). "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given.'" *Bauman v. Day*, 942 P.2d 1130, 1132 (Alaska 1997) (*quoting Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

## II. ARGUMENT

### A. The State's Motion to Amend Should be Granted

The State's motion to amend is timely under this Court's Pretrial Scheduling Order. Discovery is still in its early phases. The Defendant Estate of McGalliard is not prejudiced by bringing in other parties who may provide insurance coverage for the State's claims. None of the exceptions to the policy that the amendment of pleadings should be freely granted exist in this case. Accordingly, the State respectfully requests that its motion to amend its complaint and join these four additional parties be granted. The State requests that any trial of the insurance coverage issues be bifurcated from the underlying liability of the Estate to the State of Alaska

Memorandum In Support of Motion To Amend Complaint
SOA, DEC v. MICHAEL BATEMAN, 3AN-06-6485 CI

DATED this ___ day of September, 2006 at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: _____
Breck C. Tostevin
Senior Assistant Attorney General
ABA No. 8906037