James K. Wilkens
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK  99501
(907) 276-2999
(907) 276-2956 (fax)
jkw@bwclawyers.com

Lawyers for State Farm

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>     Plaintiff,<br><br>  vs.<br><br>MICHAEL BATEMAN, as personal representative of the Estate of Mildred McGalliard; and STATE OF ALASKA,<br><br>     Defendants. | Case No. 3:06-CV-00152-TMB<br><br>**STATE FARM'S PARTIAL OPPOSITION TO STATE OF ALASKA'S MOTION TO SUBSTITUTE STATE OF ALASKA FOR MICHAEL BATEMAN** |

As the purported assignee of private contractual rights under the State Farm insurance policies (which form the subject matter of this federal declaratory judgment action), the State of Alaska filed a motion under Rule 25(c) of the Federal Rules of Civil Procedure.  Under Rule 25(c), in the case of any transfer of interest, the action will proceed against the original party or, upon motion, the Court may direct an assignee to either be substituted or joined with the original party.  For the reasons

stated below, State Farm has no objection to the joinder of the State of Alaska as an assignee, but objects to dismissal of the McGalliard Estate.

I.  **JOINDER OF STATE OF ALASKA**

Although State Farm will be contesting the validity and enforceability of the assignment,[1] State Farm does not object to allowing the State of Alaska to voluntarily appear in this action as the purported assignee of rights from the McGalliard Estate. Indeed, clarifying the State of Alaska is voluntarily consenting to be sued in this action as the purported assignee of the private contractual rights of the McGalliard Estate is of critical distinction in establishing the inapplicability of the Eleventh Amendment immunity. (See State Farm's Opposition to State of Alaska's Motion to Dismiss.) Similarly, because of the State of Alaska's voluntary appearance as a purported assignee, State Farm has, simultaneous with this brief, filed a voluntary dismissal of claims against the State of Alaska (qua State of Alaska) as a named defendant to the complaint.

---

[1] For example, under applicable Alaska law, an insurance policy may be assignable or non-assignable, depending upon its terms. AS 21.42.270. Here, under the express terms of the State Farm policy, the policy may be assigned, but only with the written consent of State Farm. Without such written consent, the assignment is invalid. State Farm did not consent to the assignment, in writing or otherwise. Accordingly, the purported assignment of private contractual rights under the policy from the McGalliard Estate to the State of Alaska is facially invalid.

## II. DISMISSAL OF MCGALLIARD ESTATE

State Farm objects to dismissal of the McGalliard Estate, for the reason that complete relief may not be granted in this federal declaratory judgment action if the McGalliard Estate is dismissed.

### A. Contest to Validity of Assignment

As indicated above, State Farm will contest the enforceability and validity of the purported assignment of private contractual rights from the McGalliard Estate to the State of Alaska.[2] Simply put, the assignment may not be enforceable, in full or in part, leaving the possibility the McGalliard Estate still holds all or some rights or obligations under the subject State Farm policies. If State Farm is correct, the McGalliard Estate must remain a party to this declaratory judgment action for purposes of binding effect of any judgment. By dismissing the McGalliard Estate, State Farm will be prejudiced in its ability to obtain full judicial relief in this action.[3]

### B. Future Third-Party Claims

Even if the assignment is deemed valid, the McGalliard Estate must remain as a defendant since the purported assignment to the State of Alaska does not affect future third-party liability

---

[2] See n.1, supra.

[3] Even if the State of Alaska is correct in its assertion it received a complete and enforceable assignment (which contention State Farm contests), there is no harm in requiring the McGalliard Estate to remain a party, at least until such time the question as to the scope and enforceability of the purported assignment can be addressed by the parties and decided by the Court on the merits.

claims. Indeed, the assignment itself expressly relates solely to the State of Alaska's liability claims at issue in the underlying action, and specifically excludes any potential claims which may arise against the McGalliard Estate in the future. <u>See</u> purported Assignment, § III(B). Thus, the parties to the purported assignment recognize themselves the potential of a future liability claim for pollution activities at 3603 Wyoming asserted against the McGalliard Estate. Should that occur, the McGalliard Estate (or such future plaintiff claiming through the McGalliard Estate) would still be in a position of asserting potential rights under the subject State Farm policy. In this declaratory judgment action, State Farm has specifically sought declaratory relief against the McGalliard Estate dealing with all such legal rights and duties which may arise in the future. By dismissing the McGalliard Estate from this lawsuit at the present time, State Farm would be deprived of the opportunity to obtain complete judicial relief as to its rights and obligations under the subject insurance contracts.

## III. <u>CONCLUSION</u>

For these reasons, State Farm has no objection to the State of Alaska voluntarily joining this lawsuit as a purported assignee of private contractual rights of the McGalliard Estate. However, State Farm objects to dismissing the McGalliard Estate since, in order to obtain complete judicial relief in this federal declaratory judgment action, the McGalliard Estate continues to have legal interests in the subject insurance policies and must be

bound by the Court's declaratory adjudication of the parties' rights and obligations under the policies.

A proposed order is attached.

DATED at Anchorage, Alaska, this 19th day of October, 2006.

        BLISS, WILKENS & CLAYTON
        Lawyers for State Farm


By: s/James K. Wilkens
   500 L Street, Suite 200
   Anchorage, AK  99501
   Phone:   (907) 276-2999
   Fax:     (907) 276-2956
   E-mail:  jkw@bwclawyers.com
   ABA No.: 8408071


**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day
of October, 2006, a copy of the foregoing
document was served electronically on:

Breck C. Tostevin
Assistant Attorney General
Environmental Section
1031 W. 4th Ave., Suite 200
Anchorage, AK  99501

and via U.S. mail on:

Michael Bateman
3004 Barbara Drive
Anchorage, AK  99517

s/James K. Wilkens


N:\JAW\957-271\PLDNGS\SUBSTITUTE.PARTIAL OPP.DOC

STATE FARM'S PARTIAL OPPOSITION TO
STATE OF ALASKA'S MOTION TO SUBSTITUTE
STATE OF ALASKA FOR MICHAEL BATEMAN   *State Farm v. Bateman/SOA*
Page 5 of 5   3:06-CV-00152-TMB