James K. Wilkens
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK  99501
(907) 276-2999
(907) 276-2956 (fax)
jkw@bwclawyers.com

Lawyers for State Farm

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,            )<br>)<br>         Plaintiff,         )<br>)<br>    vs.         )<br>)<br>MICHAEL BATEMAN, as personal )<br>representative of the Estate )<br>of Mildred McGalliard; and )<br>STATE OF ALASKA,         )<br>)<br>         Defendants.         )<br>_____) | Case No. 3:06-cv-00152-TMB<br><br>**STATE FARM'S OPPOSITION TO STATE OF ALASKA'S MOTION TO DISMISS** |

I.   **FACTUAL BACKGROUND**[1]

State Farm provided certain insurance for the rental property owned by Mildred McGalliard ("McGalliard") at 3601 Wyoming Drive in Anchorage, Alaska.  The State of Alaska contends the McGalliards

---

[1] A more detailed statement of the facts is contained in State Farm's pending Motion for Summary Judgment [Docket 11], incorporated by reference.

created a pollution liability on the property where the McGalliards resided, located next door at 3603 Wyoming. The State of Alaska asserts the pollution at 3603 Wyoming migrated onto the adjoining rental property at 3601 Wyoming. McGalliard is now deceased, and the properties are held in her estate ("McGalliard Estate"). The State of Alaska filed a liability lawsuit against the McGalliard Estate, alleging statutory pollution liability under AS 46.03.822. State Farm agreed to provide a defense to the McGalliard Estate under a reservation of rights, and then filed this federal declaratory judgment action, seeking adjudication that State Farm has no coverage for this liability claim.

Originally, the State of Alaska was named as a defendant to this declaratory judgment action. However, after the declaratory judgment was filed, the State of Alaska negotiated an assignment of rights from the McGalliard Estate, and then filed a Rule 25(c) motion to voluntarily appear in this matter as the purported assignee of private contractual rights from the McGalliard Estate.[2]

As shown in its motion to dismiss, the State of Alaska does not want the federal court (the forum chosen by State Farm) to adjudicate these private contractual rights, and seeks dismissal in reliance on the Eleventh Amendment, or alternatively, on federal

---

[2] In order to clarify and confirm the State of Alaska's role in this case is solely as a voluntary assignee, State Farm dismissed the State of Alaska (qua State of Alaska) as a named defendant to the complaint in this action. Despite several extensions of time, the McGalliard Estate has filed no appearance in this action and a default has been sought.

abstention. For the reasons stated below, neither of these arguments has merit. Accordingly, the Court should deny the State of Alaska's motion to dismiss and should proceed to address the merits of this declaratory judgment action by deciding State Farm's pending motion for summary judgment [Docket 11].

II. **ELEVENTH AMENDMENT IMMUNITY IS WHOLLY INAPPLIABLE TO THE STATE OF ALASKA'S ROLE AS AN ASSIGNEE OF PRIVATE CONTRACTUAL RIGHTS**

   A. **State of Alaska (*qua* State of Alaska) Has Been Dismissed as a Named Defendant to the Complaint**

Initially, it is highly doubtful the Eleventh Amendment ever applied to the direct claim of the State of Alaska (qua State of Alaska), since the core concerns underlying the Eleventh Amendment were never implicated in this suit seeking adjudication of private contractual rights under the insurance policy.[3] Nevertheless, this

---

[3] The Eleventh Amendment applies to suits by private parties seeking to impose liability against a state which must be paid from public funds of the state treasury. Frew v. Hawkins, 540 U.S. 431, 124 S. Ct. 899, 157 L. Ed. 2d 855 (2004); Regents of the Univ. of California v. Doe, 519 U.S. 425, 117 S. Ct. 900, 137 L. Ed. 2d 55 (1997); Hutto v. Finney, 437 U.S. 678, 98 S. Ct. 2565, 57 L. Ed. 2d 522 (1978). The Eleventh Amendment is intended to protect a state from retrospective relief, including money damages or its equivalent. Frew, supra; In re Dairy Mart Convenience Stores, Inc., 411 F.3d 367 (2d Cir. 2005); Aguon v. Commonwealth Ports Auth., 316 F.3d 899, 902 (9th Cir. 2003); Alaska Cargo Transp., Inc. v. Alaska R.R. Corp., 5 F.3d 378, 380 (9th Cir. 1993). However, the Eleventh Amendment does not apply to prospective injunctive or declaratory relief. Quern v. Jordan, 440 U.S. 332, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979); Edelman v. Jordan, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974). Where the only adverse effect on the state treasury is the necessary result of compliance with the decrees which by their terms were perspective in nature, the Eleventh Amendment poses no obstacle. Spoklie v. State of Montana, 411 F.3d 1051, 1057 (9th Cir. 2005); Morenz v. Wilson-Coker, 415 F.3d 230, 237 (2d Cir. 2005); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). Where the effect of the lawsuit does not jeopardize a state's fiscal coffers,

point is now moot. At its core, the Eleventh Amendment states a private citizen may not "commence or prosecute" an action against the State. Here, even if the Eleventh Amendment had application to the direct claim asserted against the State of Alaska (which State Farm contests), any such possible application of the Eleventh Amendment has been removed by virtue of State Farm's voluntary dismissal of the lawsuit against the State of Alaska as a named defendant. Accordingly, State Farm is not "commencing" or "prosecuting" an action against the State of Alaska.

### B. Eleventh Amendment Does Not Apply to Claim Against the McGalliard Estate, or to Any Assignment of Such Claim by the McGalliard Estate

Of course, the Eleventh Amendment has no application whatsoever to State Farm's claim for declaratory relief against the McGalliard Estate. Without citation to legal authority, the State of Alaska argues that, by accepting a voluntary assignment of the McGalliard Estate's rights, the State of Alaska somehow imbues such assigned private contractual rights with constitutional Eleventh Amendment immunity.[4] This argument is without merit.

Assignments are governed by contract law. McKnight v. Rice, Hoppner, Brown & Brunner, 678 P.2d 1330, 1334 n.3 (Alaska 1984).

---

the Eleventh Amendment's core concern is not implicated. Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 115 S. Ct. 394, 130 L. Ed. 2d 245 (1994).

[4] The State of Alaska's sole argument on this point, unsupported by legal authority, contained on page 6 of its brief states, "It matters not that the State of Alaska's legal rights under the insurance is the result of an assignment from a private person."

As a matter of basic contract law, an assignee acquires a right against the obligor only to the extent the obligor is under a duty to the assignor. See Restatement (Second) of Contracts § 336(1) (1981) ("Restatement"). The right of an assignee is subject to any defense or claim of the obligor which accrues before the obligor receives notification of the assignment. Restatement § 336(2). An assignee's right against the obligor is subject to any defense or claim arising from his conduct to or which he was subject to as a party or a prior assignee because he had notice. Restatement § 336(4). Thus, it is a well-settled principle of law that an assignee "steps into the shoes" of an assignor as to the rights assigned and has rights no greater than the assignor. <u>Bauer v. Blomfield Co./Holden J. Venture</u>, 849 P.2d 1365, 1367 (Matthews dissent) (Alaska 1993). <u>See</u> <u>generally</u> 6A <u>S.J.S. Assignment</u> § 88 (1975). <u>See</u> <u>United States v. American Nat'l Bank</u>, 443 F. Supp. 167, 174 (N.D. Ill. 1977); <u>Massey-Ferguson Credit Corp. v. Brown</u>, 173 Mont. 253, 567 P.2d 440, 444 (1977). Now that the State of Alaska (<u>qua</u> State of Alaska) has been dismissed as a named party to this lawsuit, the State of Alaska's role in this lawsuit is limited solely to that of a voluntary assignee of private contractual rights from the McGalliard Estate. As an assignee of the McGalliard Estate's rights under the insurance policy, the State of Alaska merely "steps into the shoes" of the McGalliard Estate. Since the McGalliard Estate had no Eleventh Amendment immunity,

neither does the State of Alaska as a voluntary assignee of such rights.

    **C.**   **By Knowingly and Voluntarily Negotiating and Accepting an Assignment of Private Contractual Rights, the State of Alaska Has Consented to Federal Jurisdiction, and Has Waived or Forfeited Any Eleventh Amendment Protection as to Such Matters**

Even if the Eleventh Amendment had any application to such assigned private contractual rights (which State Farm contests), the State of Alaska greatly misconstrues the breadth and depth of Eleventh Amendment immunity. The Eleventh Amendment is not absolute. Eleventh Amendment analysis requires a two-step test to determine whether the Eleventh Amendment immunity from suit applies: (1) whether the action is against the state; and (2) if the action is against the state, whether the state consented to be sued or otherwise waived or forfeited its Eleventh Amendment right. Ford Motor Co. v. Dep't of Treasury of Indiana, 323 U.S. 459, 65 S. Ct. 347, 89 L. Ed. 389 (1945); ITSI T.V. Productions, Inc. v. Agric. Associations, 3 F.3d 1289, 1291 (9th Cir. 1993); Aerojet-General Corp. v. Askew, 453 F.2d 819, 828 (5th Cir. 1971).[5] A state may waive its immunity from suit in federal court by

---

[5] The Eleventh Amendment is an "exemplification" of the doctrine of sovereign immunity. In re Anderson, 70 B.R. 759, 761 (Bankr. D. Vt. 1987). The party asserting Eleventh Amendment immunity, and standing to benefit from its acceptance, bears the burden of proving its applicability. Gragg v. Kentucky Cabinet for Workforce Dev., 289 F.3d 958 (6th Cir. 2002); Christie v. Pennsylvania Turnpike Comm'n, 54 F.3d 1140 (3d Cir. 1995).

STATE FARM'S OPPOSITION TO
STATE OF ALASKA'S MOTION TO DISMISS    *State Farm v. Bateman/SOA*
Page 6 of 15    3:06-cv-00152-TMB

voluntarily consenting to and submitting its rights for judicial determination. Lapides v. Board of Regents, 535 U.S. 613, 618-19, 122 S. Ct. 1640, 152 L. Ed. 2d 806 (2002); Gardner v. New Jersey, 329 U.S. 565, 574, 67 S. Ct. 467, 91 L. Ed 504 (1947); Gunter v. Atlantic Coast Line R.R. Co., 200 U.S. 273, 274, 26 S. Ct. 252, 50 L. Ed. 477 (1906); Skelton v. Henry, 390 F.3d 614, 618 (8th Cir. 2004). Where a state voluntarily appears in litigation, such as intervening as a claimant, the state has waived any potential Eleventh Amendment immunity claim. Clark v. Barnard, 108 U.S. 436, 2 S. Ct. 878, 27 L. Ed. 780 (1883). See College Sav. Bank v. Florida Prepair Postsecondary Educ. Expense Board, 527 U.S. 666, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999); In re Lazar, 237 F.3d 967, 976 (9th Cir. 2001). Thus, a state may waive the defense of immunity through voluntary appearance and participation in litigation. Pennsylvania Turnpike Comm'n v. Nationwide Trucking Services, Inc., 319 F. Supp. 2d 569 (W.D. Pa. 2004); S.C. ex rel. C.C. v. Deptford Tp. Bd. of Educ., 248 F. Supp. 2d 368 (D.N.J. 2003).

    Here, prior to the time of the purported assignment, the State of Alaska was a party to, and aware of, the existence of State Farm's federal declaratory judgment action seeking an adjudication of the McGalliard Estate's rights under the subject State Farm insurance policies. The State of Alaska was also aware of the specific reasons why State Farm contends the McGalliard Estate has no rights under the policies, since the State of Alaska received a

STATE FARM'S OPPOSITION TO
STATE OF ALASKA'S MOTION TO DISMISS    *State Farm v. Bateman/SOA*
Page 7 of 15    3:06-cv-00152-TMB

copy of the pending summary judgment motion.  In the face of such knowledge, the State of Alaska willingly and knowingly negotiated and entered into an agreement with the McGalliard Estate, in which the State of Alaska voluntarily took an assignment of the McGalliard Estate's private contractual rights at issue in this ongoing federal declaratory judgment lawsuit.  By such conduct, the State of Alaska has voluntarily consented to federal jurisdiction, and has waived and forfeited any right it may have had to assert the Eleventh Amendment immunity as to such assigned private contractual rights, already the subject of ongoing federal jurisdiction.

    D.    <u>Summary</u>

It is highly doubtful the core concerns of the Eleventh Amendment were ever implicated in this declaratory judgment action.  However, any such doubt was removed by State Farm's dismissal of the State of Alaska (<u>qua</u> State of Alaska).  The State of Alaska's sole role in this case is limited to one of an assignee of private contractual rights of the McGalliard Estate.  As assignee, the State of Alaska "steps into the shoes" of the McGalliard Estate.  Since the McGalliard Estate never had any Eleventh Amendment immunity, neither does the State of Alaska in the role of an assignee.  Finally, even if Eleventh Amendment immunity was arguably applicable to the State of Alaska as an assignee, the State of Alaska has waived and forfeited such Eleventh Amendment immunity by knowingly and voluntarily negotiating the assignment

STATE FARM'S OPPOSITION TO
STATE OF ALASKA'S MOTION TO DISMISS    *State Farm v. Bateman/SOA*
Page 8 of 15    3:06-cv-00152-TMB

and then affirmatively entering an appearance (under Rule 25(c)) in this ongoing federal action as an assignee of the McGalliard Estate.

### III. THIS COURT SHOULD RETAIN AND EXERCISE ITS JURISDICTION TO GRANT DECLARATORY RELIEF UNDER THE "FIRST FILED" RULE AND SHOULD DECLINE THE STATE'S INVITATION TO ABSTAIN

#### A. Doctrines of Federal Abstention and Comity

The United State Supreme Court long ago ruled, although the federal district court has jurisdiction to grant declaratory relief (28 U.S.C. § 2201(a)), it does not necessarily need to exercise such jurisdiction. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942). The Brillhart standard remains today the philosophic touchstone for the district court in the Ninth Circuit. Government Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1225 (9th Cir. 1998). See American Cas. Co. v. Krieger, 181 F.3d 1113, 1118-19 (9th Cir. 1999); Continental Cas. Co. v. Robsak Indus., 947 F.2d 1367, 1371-73 (9th Cir. 1991). See also Phoenix Assurance v. Marimed Foundation, 125 F. Supp. 2d 1214 (D. Haw. 2000); Allstate Ins. Co. v. Veniegas, 2 F. Supp. 2d 1303 (D. Haw. 1998), quoting Employers Reinsurance Corp. v. Karussos, 65 F.3d 796, 800 (9th Cir. 1995). Accordingly, the district court should avoid needless determination of state law issues, should discourage litigants from filing declaratory judgment actions as a means of forum shopping, and should avoid duplicative litigation. Dizol, supra at 1225. However, there is no presumption in favor of abstention in declaratory judgment

actions generally, or in insurance coverage cases specifically. Id. The district court's discretion to abstain is not unfettered; a district court cannot decline to entertain an insurance declaratory judgment action as a matter of whim or personal disinclination. Dizol, supra at 1223.

A parallel judicial doctrine is the "first filed" rule. See Qualcomm, Inc. v. GTI Wireless, Inc., 79 F. Supp. 2d 1177, 1179 (S.D. Cal. 1999), citing Maryland Cas. Co. v. Knight, 96 F.3d 1284, 1288 (9th Cir. 1996). Under the "first filed" rule, claims should be adjudicated in the forum of the first filed action, unless interests of justice and convenience dictate otherwise. Chamberlain v. Allstate Ins. Co., 931 F.2d 1361, 1366-67 (9th Cir. 1991). See Lambert v. Blackwell, 134 F.3d 506, 514 n.18 (3d Cir. 1997); Chiron Corp. v. Advanced Chemtech, Inc., 869 F. Supp. 800, 801-802 (N.D. Cal. 1994).

Federal abstention, particularly as to the "first filed" rule, is consistent with the general doctrine of judicial comity. Comity is recognized as a judicial doctrine based on deference and respect among tribunals of overlapping jurisdiction. Matanuska Elec. Ass'n v. Chugach Elec. Ass'n, 99 P.3d 553, 560 (Alaska 2004), citing Yaracs v. Summitt Academy, 845 A.2d 203, 208 (Pa. Commw. Ct. 2004). The doctrine of comity teaches that one court should defer action on causes properly within its jurisdiction until the court of another sovereignty with concurrent powers, and already cognizant of litigation, has had an opportunity to pass on the matter. Id.

See <u>John v. Baker</u>, 982 P.2d 738, 762-63 (Alaska 1999). The doctrine of comity, grounded in the policy of avoiding conflicts in jurisdiction, applies the general principle the court which first acquires jurisdiction of an issue has precedence, in the absence of special equities. <u>Exxon Research & Eng'g Co. v. Indus. Risk Insurers</u>, 341 N.J. Super. 489, 503-504, 775 A.2d 605, 609-10 (2001); <u>First Midwest Corp. v. Corporate Finance Assoc.</u>, 663 N.W.2d 888 (Iowa 2003); <u>American Home Products Corp. v. Adriatic Ins. Co.</u>, 286 N.J. Super. 24, 668 A.2d 67 (1995); <u>Jackett v. Los Angeles Dep't of Water & Power</u>, 771 P.2d 1074, 1076 (Utah Ct. App. 1989). Absent compelling special circumstances, the court which first acquires jurisdiction of an issue has precedence. <u>Exxon Research & Eng'g Co.</u>, 341 N.J. Super. at 503-504, 775 A.2d at 609-10; <u>First Midwest Corp. v. Corporate Finance Assoc.</u>, 663 N.W.2d 888 (Iowa 2003); <u>American Home Products Corp. v. Adriatic Ins. Co.</u>, 286 N.J. Super. 24, 668 A.2d 67 (1995); <u>Jackett</u>, <u>supra</u> at 1076.

    **B.**    **Application of "First Filed" Rule and Comity Doctrine**

There are now two separate lawsuits involving the same parties seeking declaration of the same rights and duties under the same State Farm insurance policies. Under the "first filed" rule, the federal declaratory judgment action filed by State Farm should take precedence, absent special compelling circumstances as to why the federal court action should be dismissed in favor of the later filed declaratory relief in the state court action.

STATE FARM'S OPPOSITION TO
STATE OF ALASKA'S MOTION TO DISMISS    *State Farm v. Bateman/SOA*
Page 11 of 15    3:06-cv-00152-TMB

Ignoring the first filed rule (or other basic principles of judicial comity), the State superficially argues the private contractual rights at issue somehow implicate "important State interests." Once again,[6] the State glosses over, and seeks to have the Court ignore, important legal distinctions. The ongoing controversy involves two related, but entirely distinct, legal controversies. In the underlying liability lawsuit, the State of Alaska seeks to enforce its statutory pollution liability standards against the McGalliard Estate. State Farm agrees such issues in the underlying lawsuit involve significant State interests as to how the State of Alaska will enforce its pollution liability statutes against pollution in the state.

On the other hand, the subject federal declaratory judgment action does not implicate any of these State's interests, let alone any compelling State interests. This federal declaratory judgment action asks the Court to examine and adjudicate the respective rights and obligations of the parties to an insurance contract.[7] The insurance contract at issue is between two private parties.

---

[6] As already briefed, the State of Alaska previously attempted to gloss over and ignore the important distinction of whether it was appearing in this case as a named defendant (for which Eleventh Amendment immunity could possibly apply), and as a [purported] voluntary assignee of private contractual rights, for which the Eleventh Amendment has no application whatsoever.

[7] The Court should not be lulled into ignoring the important distinction that the State of Alaska is appearing in this federal declaratory judgment action, not as the State qua State, but rather, as a voluntary assignee of these private contractual rights.

The declaratory judgment lawsuit is focused solely on the meaning and intent of the parties to this private contractual relationship.

Not only does the State of Alaska fail to identify any compelling reason to vary from the "first filed" rule, the State of Alaska's motion to dismiss directly contradicts and undermines several of the relevant factors underlying both federal abstention and judicial comity. Specifically, the State of Alaska's procedural maneuvering could not provide a clearer example of "forum shopping" as a reactionary measure to the pending federal declaratory judgment action.[8] Moreover, the State of Alaska's belated attempt to litigate the same coverage issues between the same parties as are at issue in this federal declaratory judgment action will result in unnecessary duplication of litigation, and waste of judicial resources. Under <u>Brillhart</u>, this conduct should be strictly discouraged and, consistent with the "first filed" rule and general considerations of judicial comity, this Court should

---

[8] Here, after the State of Alaska filed its pollution liability lawsuit against the McGalliard Estate, State Farm provided a defense to the McGalliard Estate under a reservation of rights, and filed this declaratory judgment action. The State was well aware of the declaratory judgment action since it was originally named as a defendant to the lawsuit. The State was also aware of the coverage arguments made by State Farm since the State of Alaska was served with the (pending) summary judgment motion on the coverage issues. In light of this, the State of Alaska requested two extensions of time, during which the State of Alaska negotiated a purported assignment of rights from the McGalliard Estate. The State of Alaska then (without service of any pleadings on State Farm) apparently moved to amend the state court action to add State Farm (and other insurers) to the state law action, requesting an adjudication of the very same insurance coverage issues at stake in this federal declaratory judgment action.

proceed with adjudicating the parties' rights and obligations under the subject State Farm insurance policy.

## IV. CONCLUSION

The Eleventh Amendment has no application to this declaratory judgment action, particularly where the State's sole role is limited to that of an assignee of private contractual rights. Further, under the "first filed" rule, this Court's adjudication of the rights and duties of the parties to the insurance contract should take precedence over the later filed state court declaratory judgment action. Such conclusion is mandated not only by the well-recognized doctrine of judicial comity, but is also consistent with the applicable considerations of federal abstention doctrine. For these reasons, the Court should deny the State of Alaska's motion to dismiss.

DATED at Anchorage, Alaska, this 20th day of October, 2006.

BLISS, WILKENS & CLAYTON
Lawyers for State Farm

By: s/James K. Wilkens
500 L Street, Suite 200
Anchorage, AK  99501
Phone:  (907) 276-2999
Fax:    (907) 276-2956
E-mail: jkw@bwclawyers.com
ABA No.: 8408071

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of October, 2006, a copy of the foregoing document was served electronically on:

Breck C. Tostevin
Assistant Attorney General
Environmental Section
1031 W. 4th Ave., Suite 200
Anchorage, AK  99501

and via U.S. mail on:

Michael Bateman
3004 Barbara Drive
Anchorage, AK  99517

s/James K. Wilkens

N:\JAW\957-271\PLDNGS\DISMISS.OPP.DOC