Breck C. Tostevin
Senior Assistant Attorney General
Department of Law
1031 West 4th Avenue, Suite 200
Anchorage, AK  99501
(907) 269-5274
(907) 278-7022 (fax)
breck_tostevin@law.state.ak.us

Attorneys for the State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | | |
|---|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>MICHAEL BATEMAN, as personal )<br>representative of the Estate of Mildred )<br>McGalliard; and STATE OF ALASKA, )<br>)<br>Defendants. )<br>_____ ) | | Case No. 3:06-cv-00152-TMB<br><br>**REPLY TO STATE FARM'S PARTIAL OPPOSITION TO STATE OF ALASKA'S MOTION TO SUBSTITUTE STATE OF ALASKA FOR MICHAEL BATEMAN** |

The State of Alaska, without prejudice to its Motion to Dismiss on the grounds of 11th Amendment immunity from suit in federal court, moved to substitute itself for Michael Bateman, personal representative of the Estate of Mildred McGalliard. The State sought this substitution based upon Bateman's assignment of the Estate's interests in the State Farm insurance policies to the State of Alaska. The State filed this motion as part of its efforts to prevent State

Farm from defeating the State's rights by defaulting Bateman for not appearing in the federal court action. Irrespective of the Court's action on this motion, the State seeks dismissal of the State Farm action against the State and Bateman as detailed in its Motion to Dismiss and Reply. See Docket 31.

State Farm does not contest the substitution of the State for Bateman with respect to the State of Alaska's assigned rights.[1] However, State Farm objects to dismissing the Estate because it wishes to contest the validity of the assignment[2] and because it believes there are potential third-party claims against the insurance beyond those asserted by the State.

The State disagrees with State Farm's assertions concerning the validity of the assignment and the realistic potential for third-party claims.[3] Given that the

---

[1] State Farm's assertion that the State has voluntarily appeared and defeated its 11th Amendment immunity is false given the procedural history of the State's appearance and effort to prevent the default of its rights by the default of the Estate prior to having an opportunity to file its motion to dismiss.

[2] State Farm cites AS 21.42.270 in support of its contest of this assignment, however, AS 21.42.270 does not apply to post-loss assignments of insurance benefits. "[I]n general a restriction in an insurance policy against an assignment of an insured's rights after a loss has occurred would be invalid." R. Keeton & A. Widiss, Insurance Law, (West 1988) at 303; *See Fulton v. Lloyds and Inst. Of London Underwriting Co.*, 903 P.2d 1062, 1066 (Alaska 1995)(insurers claim that insured could not make a post-loss assignment was "without merit").

[3] State Farm's arguments about third-party suits is misplaced. There should not be any third-party claims because the 3601 Wyoming Drive property has been cleaned up and the State has taken cleanup actions at the 3603 Wyoming Drive property to render it protective of human health and the environment. The Estate can protect itself from liability to a prospective purchaser as part of the property

Estate is a party to the state court action, resolution of the insurance coverage issues in the State court case in which Bateman is a party will provide the same binding effect as to future coverage that State Farm seeks in the federal court action.

The State has files a motion to dismiss that, if granted, would dismiss the claims State Farm has asserted against both Bateman and the State in federal court. Docket 31. Consequently, the Court should defer action on the motion to substitute and the application for entry of default against the Estate until after it has resolved the State's Motion to Dismiss.

DATED at Anchorage, Alaska this 24th day of October, 2006.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:   <u>s/Breck C. Tostevin</u>
     Breck C. Tostevin
     Senior Assistant Attorney General
     1031 West 4th Avenue, Suite 200
     Anchorage, AK  99501
     (907) 269-5274
     (907) 278-7022 fax
     ABA No. 8906037

---

sale. *See* Assignment at I.A.(4) (conditional release of prospective purchasers of 3603 Wyoming Drive Property).

Certificate of Service
I hereby certify that on this 24th day
of October, 2006, a copy of the foregoing
document was served via electronically on:

James K. Wilkens
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK   99501

and served by U.S. Mail on:

Michael Bateman
3004 Barbara Drive
Anchorage, AK   99517


s/Breck C. Tostevin