Breck C. Tostevin
Senior Assistant Attorney General
Department of Law
1031 West 4th Avenue, Suite 200
Anchorage, AK   99501
(907) 269-5274
(907) 278-7022 (fax)
breck_tostevin@law.state.ak.us

Attorneys for the State of Alaska

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, ) ) ) Plaintiff, ) ) vs. ) ) MICHAEL BATEMAN, as personal ) representative of the Estate of Mildred ) McGalliard; and STATE OF ALASKA, ) **)** Defendants. ) _____) | Case No. 3:06-cv-00152-TMB  **REPLY TO STATE FARM'S OPPOSITION TO MOTION TO DISMISS** |

The State of Alaska has moved to dismiss Plaintiff State Farm Fire

and Casualty Company (State Farm's) Complaint against Michael Bateman and

the State of Alaska based on 11th Amendment sovereign immunity and abstention

principles.[1]

### A. THE STATE OF ALASKA REMAINS A NAMED DEFENDANT IN THIS ACTION IN WHICH STATE FARM SEEKS TO BAR RECOVERY FROM THE STATE UNDER THE INSURANCE POLICIES; AS SUCH THE ACTION IS AGAINST THE STATE AND BARRED BY THE 11th AMENDMENT.

Since the filing of the State's Motion to Dismiss, State Farm has filed a notice of voluntary dismissal of the State of Alaska (qua State of Alaska). Docket 35. However, the State of Alaska remains a named party defendant to this action both as the assignee of the Estate and as the real party in interest even after State Farm's voluntary dismissal.

State Farm has opposed the State' motion to dismiss on 11th Amendment grounds arguing that State Farm's voluntary dismissal of the "State of Alaska (qua State of Alaska)" has somehow stripped the State of its 11th Amendment sovereign immunity from suit in federal court. The sovereign immunity of states recognized in our Federal Constitution would be a meaningless provision if all a plaintiff has to do is file a voluntary dismissal incanting a Latin phrase "State qua State" in order to continue a suit against an non-consenting State.

---

[1] A motion to dismissed based on 11th Amendment sovereign immunity is a 12(b)(1) motion that goes to the subject matter jurisdiction of the Court. See C. Wright & A. Miller, *Federal Practice and Procedure*: Civil 3d § 1350, p. 79 (*citing Savage v. Glendale Union High School,* 343 F.3d 1036 (Ninth Cir. 2003)).

State Farm's focus on the source of the State's rights as an assignment of private contractual rights is irrelevant to the 11th Amendment analysis. The issue is whether the plaintiff has brought an action against a state in federal court on state law grounds. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 908 (1984). It is undisputed that State Farm has done just that. State Farm wants the State of Alaska to remain a named defendant and it seeks to bar the State of Alaska from any recovery of the State of Alaska's past cleanup or future monitoring costs under the State Farm policies issued to Mildred McGalliard.[2]

State Farm's recitation of black letter law that an assignment of rights does not create greater rights in the assignee does not logically dictate that a private assignment of rights to the State strips the State of its sovereignty. It matters not the source of the State's rights in this litigation. What is relevant is that State Farm has brought a state law action against a State in federal court without its consent. Consequently, the State's motion to dismiss should be granted.

Earlier, the State filed a motion under Fed. Civil Rule 25(c) requesting that the State be formally substituted for Michael Bateman, personal representative of the Estate, as a result of the assignment of the Estate's interest.

---

[2] *See* State Farm's Complaint at Docket 1; State Farm's Motion for Summary Judgment at Docket 11.

Whether this Court grants or denies that Motion to Substitute, the Court should recognize the State as the real party in interest and dismiss the entire State Farm action as one against the State.

**B. IN ORDER TO FIND A STATE HAS WAIVED ITS 11TH AMENDMENT IMMUNITY, THE COURT MUST FIND THAT THE STATE VOLUNTARILY INVOKED THE JURISDICTION OF THIS COURT IN ORDER TO LITIGATE ITS CLAIMS AGAINST THE INSURER.**

State Farm next argues that the State has waived its 11th Amendment immunity by accepting an assignment of insurance rights from the Estate. This argument is similarly flawed. In order for this Court to find that the State has waived its 11th amendment immunity, the Court must find that the State voluntarily appeared in federal court seeking substantive relief. For example, in *Lapides v. Board of Regents*,[3] Georgia voluntarily agreed to the removal of a state court action against it to federal court.[4] Similarly, the Ninth Circuit in *In re Lazar*, found that the California State Water Resources Control Board had waived its 11th Amendment immunity by filing a proof of claim in a federal bankruptcy action.[5]

In contrast, the State has involuntarily been sued in federal court by State Farm and has appeared here for the sole purpose of contesting jurisdiction, has not filed an answer, and has moved to dismiss for lack of subject matter

---

[3] 535 U.S. 613, 122 S.Ct. 1640 (2002).

[4] 535 U.S. at 620, 122 S.Ct. at 1644.

[5] 237 F.3d 967, 978 (Ninth Cir. 2001).

REPLY TO STATE FARM'S OPPOSITION TO MOTION TO DISMISS
State Farm Fire & Casualty Co. v. Michael Bateman, SOA
Case No. 3:06-cv-00152-TMB                                                                 Page 4 of 8

jurisdiction. Under *Lapides*, this is not a waiver of 11th Amendment immunity since the State has not voluntarily invoked the jurisdiction of the federal court.

### C. THE COURT SHOULD ABSTAIN FROM HEARING THE STATE FARM ACTION BECAUSE THIS ACTION HAS NOT PROCEEDED TO THE MERITS AND BECAUSE THE STATE HAS IMPORTANT INTERESTS IN HAVING THE STATE LAW ENVIRONMENTAL AND INSURANCE ISSUES IN HEARD IN THE PENDING STATE COURT ACTION.

State Farm has failed to raise valid reasons why this Court should not abstain from hearing this matter under the *Younger* abstention doctrine. State Farm argues that the "first filed" rule prevents abstention since State Farm filed its declaratory judgment action before State Farm was joined in the State Court action. The Court can easily dispose of this argument since the Ninth Circuit does not mechanically look at the filing date of the state court action but rather whether the federal court action has held proceedings of substance on the merits. *M & A Gabaee v. Community Redev. Agency of the City of Los Angeles*, 419 F.3d 1036, 1041-1042 (9th Cir. 2005) (*citing Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 238, 104 S.Ct. 2321 (1984) and *Hicks v. Miranda*, 422 U.S. 332, 95 S Ct. 2281 (1975)). Since there have not been any proceedings on the substance of the insurance issues in this Court, this Court should abstain in favor of the state court deciding these state law insurance issues in the context of state law environmental claims.

State Farm's "first-filed" argument also ignores that the State's action against the Estate was filed in state court first and that the parties need not

be the same to allow the federal court to abstain in favor of the state court resolving state law issues. *Smith v. Central Arizona Water Conservation Dist.*, 418 F.3d 1028 (Ninth Cir. 2005) (exact parallelism between state and federal proceedings is not required to invoke abstention doctrine).

State Farm not only misapplies the "first-filed" doctrine but more fundamentally in terms of the abstention doctrine, State Farm also errs by ignoring the State of Alaska's important interests in having this dispute resolved in state court. This dispute involves intertwined issues of state insurance law and state environmental laws that State Farm itself has acknowledged have not been addressed by the Alaska Supreme Court.[6] The State has important interests in having these state law issues concerning its environmental cleanup laws and its ability to recover environmental cleanup costs expended from the State's Oil and Hazardous Substance Response Fund decided by its courts.[7] State Farm attempts to belittle these interests by arguing that the State is merely "forum-shopping." State Farm's argument ignores the State's important interests in the state court

---

[6] *See, e.g.*, State Farm's Motion for Summary Judgment at Docket 11, pages 4, 9, 12, and 13. Unlike the case with the federal CERCLA statute, there are very few Alaska Supreme Court decisions on the state's hazardous substance cleanup statute. *See, e.g, Berg v. Popham*, 113 P.3d 604 (Alaska 2005); *Federal Deposit Insurance Corp v. Laidlaw Transit Inc.*, 21 P.3d 344 (Alaska 2001); *Parks Hiway Enterprises, LLC v. CEM Leasing, Inc.*, 995 P.2d 657, 663 (Alaska 2000).

[7] Specifically, the State is seeking to recover for damages to, and costs associated with the protection of, groundwater resources held in trust for the people of the State of Alaska. See State Court Amended Complaint at ¶23, page 10, Appendix G of Docket 27.

forum as well as the fact that the U.S. Constitution protects the State from suit in federal court against its will. State Farm has already consented to jurisdiction in the state courts of Alaska by selling insurance in this state. *See* AS 21.09.180. It would not be forum shopping to hold State Farm to its word.

### D. CONCLUSION.

The State respectfully requests that State Farm's Complaint against Michael Bateman and the State of Alaska be dismissed on 11th Amendment immunity grounds because the real party in interest is the State of Alaska and the State has not consented to suit in federal court on these claims. Alternatively, the Court should abstain from hearing this case since it is duplicative of the State Court action brought by the State and because the issues in this case involve issues of state insurance and environmental law that are best addressed in the first instance by the State Courts.

DATED at Anchorage, Alaska this 25th day of October, 2006.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

    s/Breck C. Tostevin
By: Breck C. Tostevin
Senior Assistant Attorney General
1031 West 4th Avenue, Suite 200
Anchorage, AK  99501
(907) 269-5274
(907) 278-7022 fax
ABA No. 8906037

Certificate of Service
I hereby certify that on this 25th day
of October, 2006, a copy of the foregoing
document was served via electronically on:

James K. Wilkens
Bliss, Wilkens & Clayton
500 L Street, Suite 200
Anchorage, AK   99501

and served by U.S. Mail on:

Michael Bateman
3004 Barbara Drive
Anchorage, AK   99517


s/Breck C. Tostevin