Steven Soha
Soha & Lang
701 5th Avenue, Suite 2400
Seattle, WA 98122
Tel: (206) 624-1800
Fax: (206) 624-3585
Email: soha@sohalang.com

Attorneys for Intervenors Insurance Company of North
America and ACE Indemnity Insurance Company

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA
## AT ANCHORAGE

STATE FARM FIRE AND CASUALTY
COMPANY

                    Plaintiff,

          vs.

MICHAEL BATEMAN,  as personal representative of
the Estate of Mildred McGalliard; and STATE OF
ALASKA,

                    Defendants.

No.  3:06-cv-00152-TMB

**MOTION TO INTERVENE**

## RELIEF REQUESTED

Non-parties Insurance Company of North America and ACE Indemnity Insurance

Company, f/k/a CIGNA Indemnity Insurance Company, f/k/a Alaska Pacific Assurance

Company, (collectively "Intervenors") move to intervene in this matter as defendants.  This

Motion is made pursuant to Fed. R. Civ. P. 24 ("Rule 24").

Plaintiff State Farm Insurance and Casualty Company ("State Farm") filed the present

declaratory judgment action against Michael Bateman as the executor of the estate of Mildred

SOHA & LANG, P.S.
ATTORNEYS AT LAW
701 FIFTH AVENUE, STE 2400
SEATTLE, WASHINGTON  98104
(206) 624-1800/FAX (206) 624-3585

McGalliard ("Estate") and the State of Alaska ("State").[1]  This action was in response to an underlying lawsuit brought by the State in which it is seeking to hold the Estate liable for the costs of remediating environmental contamination.  Both State Farm and the Intervenors issued policies of insurance that the State alleges cover the cleanup costs.  The Intervenors seek to intervene so that coverage questions involving the State's underlying claims may be heard in a single action for the reasons given below.

## FACTS

**A.      Underlying Litigation**

By letters dated April 14, 2005, the State demanded that the Intervenors pay the cleanup costs that it was incurring on the McGilliard property.  (Letters to Intervenors, p. 2, Exs. 1 and 2 to Soha Decl.)  Per the State's demand letters, Ms. McGilliard's use of her property for battery and scrap storage caused environmental contamination.  (Exs. 1 & 2 to Soha Decl., pp. 1-2.)  The State claimed that insurance policies issued by the Intervenors covered the remediation expenses.  (*Id.*, pp.2-4.)

On the same date that the State made its demands to Intervenors, it made a similar demand to State Farm, claiming that State Farm's policies also covered the cleanup costs.  (Letter to State Farm, Ex. 3 to Soha Decl.)  As with the Intervenors, the demand to State Farm was based on Ms. McGalliard's alleged use of her property for battery and scrap storage.  (*Id.*, pp. 1-2.)

On or about March 29, 2006, the State filed a civil action against the Estate entitled *State of Alaska Dept. of Environmental Conservation v. Bateman, et al.*, Anchorage Superior Court No. 3 AN-06-06485CI (the "Underlying Action").  The State alleged that, from 1960 to 2003, decedent McGalliard owned property at 3606 Wyoming Drive, in Anchorage.  (Underlying

---

[1] As discussed below, State Farm has voluntarily dismissed the State.

**MOT. TO INTERVENE - 2**
**No. 3:06-cv-00152-TMB**
G:\M&M Enterprises\Pleadings\intervene mot.5.doc

1  Complaint, ¶ 9, Ex. 4 to Soha Decl.) Consistent with its earlier demand latter, the State alleged

2  that the McGilliard property was used for scrap metal salvage and battery storage, and that it

3  found hazardous substances on the property, and adjoining property, in excess of statutory

4  cleanup levels. (Letters to Intervenors, pp. 1-2, Exs. 1 & **2** to Soha Decl.; Underlying Complaint,

5  ¶¶ 1, 16-20, Ex. 4 to Soha Decl.) The State asserted claims against the Estate for $432,576 in

6  response to costs incurred in cleaning up contamination (plus attorney fees and interest) and for a

7  declaration that the Estate is liable to the State for any future cleanup. (Underlying Complaint,

8  ¶¶23-27, Ex. 4 to Soha Decl.)

9       Defense of the Underlying Action was tendered to Intervenors, who have provided a

10  defense to the Estate in the Underlying Action subject to a full reservation of rights. State Farm

11  is similarly participating in the defense to the Estate under a reservation of rights. (DJ

12  Complaint, ¶ 8, Dkt. No. 1.)

13  **B.**    **State Farm's Present Declaratory Judgment Action**

14       Like the Intervenors, State Farm issued policies of insurance that the State alleges cover

15  the cleanup costs. (DJ Complaint, Dkt. 1, ¶ 7.) State Farm agreed to provide a defense in the

16  Underlying Action to the Estate under a reservation of rights. (*Id.*, ¶ 8.) State Farm then filed the

17  present declaratory judgment action against the Estate and the State seeking, as relief, a

18  determination that its policies do not provide coverage for the claims asserted in the Underlying

19  Action. (*Id.*, ¶10.)

20       State Farm moved for summary judgment. (Dkt. No. 11.) The State appeared (Dkt. No.

21  17) and moved to extend time to respond to State Farm's summary judgment and to hold the

22  motion in abeyance. (Dkt. No. 16.) Thereafter, the State also moved to be substituted for the

23  Estate and to dismiss this action. (Dkt. Nos. 28, 31.) On October 18, 2006, the Court granted the

**MOT. TO INTERVENE - 3**
**No. 3:06-cv-00152-TMB**
G:\M&M Enterprises\Pleadings\intervene mot.5.doc

1  State's motion for abeyance. (Dkt. No. 34.) The next day, State Farm voluntarily dismissed the

2  State. (Dkt. No. 35.) Intervenors now seek leave to join this action.

3  **ISSUES PRESENTED**

4  A.    May the Intervenors intervene in this action as by right under Rule 24(a)?

5  B.    May the Intervenors intervene in this action permissively under Rule 24(b)?

6  **ARGUMENT**

7  **A.    The Intervenors Should Be Granted Intervention of Right**

8  Rule 24 governs intervention and provides that intervention may occur as a matter of

9  right as follows:

10  Upon timely application anyone shall be permitted to intervene in an action: . . .
   when the applicant claims an interest relating to the property or transaction which
11  is the subject of the action and the applicant is so situated that the disposition of
   the action may as a practical matter impair or impede the applicant's ability to
12  protect that interest, unless the applicant's interest is adequately represented by
   existing parties.

13  Rule 24(a)(2).

14
15  "Rule 24 traditionally has received a liberal construction in favor of applicants for

16  intervention." *Washington State Bldg. & Constr. Trades Council v. Spellman*, 684 F.2d 627, 630

17  (9th Cir. 1982). A "motion to intervene as of right . . . should not be dismissed unless it appears

18  to a certainty that the intervenor is not entitled to relief under any set of facts[.]" *Crosby v. St.*

19  *Paul Fire & Marine Ins. Co.*, 138 F.R.D. 570, 572 (W.D. Wa. 1991).

20  The Ninth Circuit has parsed [Rule 24] out into a four-part test to determine when
   a party may intervene as of right: (1) the motion to intervene must be timely; (2)
21  the applicant must assert an interest in the underlying subject matter of the
   litigation; (3) the applicant's interest in the underlying subject matter must be
22  prejudiced if intervention is denied; and (4) the applicant's interest must be
   inadequately represented if there is no intervention

23

SOHA & LANG, P.S.
ATTORNEYS AT LAW
701 FIFTH AVENUE, STE 2400
SEATTLE, WASHINGTON 98104
(206) 624-1800/Fax (206) 624-3585

1    *Id.* at 572. Each of these requirements will be addressed in the following sections.[2]

2    **1.    Timeliness**

3    In determining timeliness, courts look to (1) the reason for and length of the delay; (2) the

4    stage of the proceedings; and (3) prejudice to other parties. *United States v. Oregon*, 745 F.2d

5    550, 552 (9th Cir. 1984). Mere lapse of time alone is not determinative. *Id.* Prejudice to the

6    existing parties is the most important consideration in deciding whether a motion for intervention

7    is untimely. *Id.* In this respect, the question is whether "existing parties may be prejudiced by

8    the <u>delay</u> in moving to intervene, <u>not</u> whether the intervention itself will cause the nature,

9    duration, or disposition of the lawsuit to change." *United States v. Union Elec. Co.*, 64 F.3d

10    1152, 1159 (8th Cir. 1995) (emphasis added).

11    Here, these factors favor intervention. This case is in its initial stages. The Intervenors'

12    delay was slight – the action was filed just four months ago, and the State did not file its notice of

13    appearance until September 29, 2006 (Dkt. No. 17) and was voluntarily dismissed on October 19,

14    2006 (Dkt. No. 35), about a week ago. Given that the case is just commencing, the intervention

15    itself will not prejudice any of the parties. This is especially true because the Court has held

16    State Farm's summary judgment in abeyance. (Dkt. No. 34.) Accordingly, the motion to

17    intervene is timely.

18    **2.    Significant Interest in the Underlying Subject Matter that Will Be Prejudiced If Intervention Is Denied**

19

20    An applicant has a significant protectable interest in an action if it asserts an interest that

21    is protected under some law, and there is a relationship between its legally protected interest and

22    the plaintiff's claims. *State ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006).

23    The standard for substantiality of interest is quite liberal. *Crosby v. St. Paul Fire & Marine Ins.*

SOHA & LANG, P.S.
ATTORNEYS AT LAW
701 FIFTH AVENUE, STE 2400
SEATTLE, WASHINGTON 98104
(206) 624-1800/FAX (206) 624-3585

1    *Co.*, 138 F.R.D. 570, 573 (W.D. Wash. 1991).

2    In coverage actions, parties have intervened when they would be directly impacted by the

3    courts' coverage determinations. In *Security Ins. Co. of Hartford v. Schipporeit*, 69 F.3d 1377,

4    1380 (7th Cir. 1995), the insurer filed a coverage action against its insured, seeking a declaratory

5    judgment that there was no coverage for an underlying lawsuit brought against the insured. The

6    claimant from the underlying action (who was asserting the claim against the insured) moved to

7    intervene in the coverage action. The trial court permitted the intervention, and the Seventh

8    Circuit affirmed. In doing so, the appellate court agreed with the trial court that it could not

9    "imagine a more pressing, more clear, and more obvious interest than the [claimant] has in this

10   case" where the claimant, if it ultimately succeeded in the underlying action, would be seeking to

11   execute against the policy in question. *Id.* at 1380.

12   In *Crosby v. St. Paul Fire & Marine Ins. Co.*, 138 F.R.D. 570 (W.D. Wa. 1991), the

13   insured filed a coverage action against its insurer to determine whether there was insurance for

14   claims asserted against the FDIC in an underlying tort action. *Id.* at 571-72. The FDIC (as a

15   claimant against the insureds in the underlying action) moved to intervene as of right in the

16   coverage action, and the court granted the motion. *Id.* at 574. The court held the FDIC had a

17   sufficient interest because it was suing the insureds as the assignee of the savings and loan where

18   the insureds had worked. *Id.* at 572. The court then held that the FDIC has a sufficient interest

19   because it would seek recovery from the insurance funds at issue. *Id.* at 573.

20   In *Admiral Ins. Co. v. National Casualty Co.*, 137 F.R.D. 176 (D.D.C. 1991), a

21   professional liability insurer, Admiral, filed a coverage action against two other insurance

22   companies that provided general liability insurance to the same, mutual insureds. Admiral

23   sought a decree that the policies issued by the other insurers provided coverage for the defense of

**MOT. TO INTERVENE - 6**
**No. 3:06-cv-00152-TMB**
G:\M&M Enterprises\Pleadings\intervene mot.5.doc

1     the insureds in an underlying civil action. *Id.* at 177. The insureds moved to intervene as of

2     right, and the court granted the motion. The court reasoned that the insureds had the requisite

3     interest because the coverage suit could determine who paid defense costs in the underlying

4     action:

> The prospective intervenors are facing substantial costs for their legal defense in
> the [underlying] litigation, and a large portion of the costs have not been
> reimbursed. The [insurer] defendants have not contributed to the costs of
> defending the intervenors, and this action will determine their right to
> reimbursement from the [insurer] defendants. Accordingly, the intervenors have
> a strong interest in the subject matter of this action and a clear right to protect that
> interest.

9     *Id.* at 177-178 (citations and footnote omitted). The court noted that judicial economy, too,

10    would be served because "allowing the intervenors in this suit may obviate future litigation to

11    protect their interests." *Id.* at 178.

12          In *Schipporeit* and *Crosby*, intervention was permitted because the parties' interest in

13    executing on insurance was at stake; in *Admiral*, the party's interest in defense costs was at stake.

14    A similar situation exists in the present case.

15          State Farm filed this coverage action asking the Court to hold that its policies provide no

16    coverage for the claims being made against the Estate in the Underlying Action. At this time, the

17    Intervenors and State Farm are both providing a defense to the Estate in the Underlying Action;

18    at this time, the Intervenors and State Farm both face the potential of paying $432,576 in the

19    cleanup costs (plus future cleanup costs, attorney fees and interest) alleged by the State in the

20    Underlying Action. Both of these situations may change if the Court grants the relief that State

21    Farm seeks. If the Court grants State Farm its requested relief, then the Intervenors alone may

22    face exposure for the cleanup costs alleged by the State, including the share that State Farm

23    would have paid. Further, if the Court grants State Farm its requested relief, then the Intervenors

**MOT. TO INTERVENE - 7**
**No. 3:06-cv-00152-TMB**
G:\M&M Enterprises\Pleadings\intervene mot.5.doc

SOHA & LANG, P.S.
ATTORNEYS AT LAW
701 FIFTH AVENUE, STE 2400
SEATTLE, WASHINGTON 98104
(206) 624-1800/FAX (206) 624-3585

1   alone may be left paying the Estate's defense costs in the Underlying Action. In other words, the

2   Intervenors may have to pay more if State Farm prevails. This is particularly so given that

3   Alaska recognizes that an insurer may bring a contribution claim against a jointly-liable insurer,

4   *see generally Columbia Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 905 P.2d 474, 477

5   (Alaska 1995), and this right could be threatened if the Court were to hold that State Farm's

6   policy does not apply to the underlying claims against the Estate. Thus, as in *Schipporeit*,

7   *Crosby* and *Admiral*, the Intervenors have a significant interest at stake.

8           Intervenors' clear interest in this litigation finds further support from cases holding that

9   inter-carrier disputes present an actual controversy for the purpose of pursuing a declaratory

10  judgment action to determine coverage. Where one insurer has sued another seeking a court to

11  determine the nature and extent of coverage provided by the insurers' policies, courts have

12  repeatedly found that such questions present an actual, justiciable controversy that provides a

13  basis for suit.[3] Implicit in these holdings is that the insurer seeking the determination of coverage

14  vis-à-vis another insurer has a substantial interest in the nature and extent of another insurer's

15  coverage because such directly affects its own obligations to the same insured. Thus, the court-

16  approved mechanism for settling coverage questions among insurers, as the one existing here, is

17  a declaratory action between the insurers potentially on the risk for the underlying claims.

18          Finally, as the *Admiral* court recognized, judicial economy supports intervention because

19  it will obviate the need for the Intervenors to file a separate coverage action – naming the same

20  parties – to adjudicate its obligations toward the Estate and its contribution claim against State

21

---

22  [3] *See USAA v. Royal-Globe Insurance Company*, 511 F.2d 1094, 1096 (10th Cir. 1975) (finding standing where the action "seeks a declaration of the relative rights and duties of [two insurers]"); *Industrial Underwriters Ins. Co. v. P & A Constr. Co.*, 382 F.2d 313, 315 (10th Cir. 1967) (finding a justiciable controversy between two insurers); *Cf.*

23  *United Pacific Ins. Co. v. Ohio Casualty Ins. Co.*, 172 F.2d 836, 842 (9th Cir. 1949) (holding that the trial court could properly adjudicate a declaratory judgment action between carriers).

**MOT. TO INTERVENE - 8**
**No. 3:06-cv-00152-TMB**
G:\M&M Enterprises\Pleadings\intervene mot.5.doc

SOHA & LANG, P.S.
ATTORNEYS AT LAW
701 FIFTH AVENUE, STE 2400
SEATTLE, WASHINGTON 98104
(206) 624-1800/FAX (206) 624-3585

1  Farm.

2  **3.    Interest Inadequately Represented**

3  "An applicant for intervention is required to make only a <u>minimal</u> showing that existing

4  parties' representation of its interests may be inadequate." *Crosby v. St. Paul Fire & Marine Ins.*

5  *Co.*, 138 F.R.D. 570, 573 (W.D. Wa. 1991) (emphasis added); *accord United States v.*

6  *Stringfellow*, 783 F.2d 821, 827 (9th Cir. 1986) ("the requirement of inadequacy of

7  representation is satisfied if the applicant shows that representation of its interests 'may be'

8  inadequate and . . . the burden of making that showing is minimal."), *cert. granted on other*

9  *grounds*, 476 U.S. 1157 (1986), *vacated on other grounds*, 480 U.S. 370, 380 (1987).  "When a

10  party possesses interests adverse to those of a prospective intervenor, that party cannot

11  adequately represent the intervenor's interests." *Stringfellow*, 783 F.2d at 828.  *See also Crosby,*

12  138 F.R.D. at 573-574 (although insured and intervenor/claimant had a joint interest in

13  establishing coverage under the insurer's policy in the coverage action, the intervenor still was

14  not adequately represented because it was adverse to the insured in the underlying action).

15  Here, none of the present parties can adequately represent the Intervenors' interests.  They

16  all possess interests directly adverse to those of the Intervenors because they have an interest in

17  ensuring that the Intervenors' policies provide coverage.  As to State Farm, such a holding would

18  decrease the amount that it would have to pay for the cleanup.  As to the Estate (and the State as

19  the Estate's purported assignee), its interest is in securing insurance coverage to shift the cleanup

20  cost to its insurer by imposing liability on the Intervenors and making them bear the cost of the

21  cleanup.  Accordingly, no present party will adequately represent the Intervenors.

22  **B.    <u>Intervenor Should Be Granted Permissive Intervention</u>**

23  Alternatively, if this Court does not find that Intervenors may intervene as of right, the

**MOT. TO INTERVENE - 9**
**No. 3:06-cv-00152-TMB**
G:\M&M Enterprises\Pleadings\intervene mot.5.doc

SOHA & LANG, P.S.
ATTORNEYS AT LAW
701 FIFTH AVENUE, STE 2400
SEATTLE, WASHINGTON 98104
(206) 624-1800/FAX (206) 624-3585

1  Intervenors should be granted permissive intervention.  Rule 24(b) provides as follows:

2      Upon timely application anyone may be permitted to intervene in an action: . . .
    when an applicant's claim or defense and the main action have a question of law
3      or fact in common.  When a party to an action relies for ground of claim or
    defense upon any statute or executive order administered by a federal or state
4      governmental officer or agency or upon any regulation, order, requirement, or
    agreement issued or made pursuant to the statute or executive order, the officer or
5      agency upon timely application may be permitted to intervene in the action.  In
    exercising its discretion the court shall consider whether the intervention will
6      unduly delay or prejudice the adjudication of the rights of the original parties.

7  Under this rule, a court may grant intervention if the movant shows an independent ground for

8  (1) jurisdiction; (2) the motion is timely; and (3) the movant's claim or defense and the main

9  action must have a question of law and fact in common.  *Venegas v. Skaggs*, 867 F.2d 527, 529

10  (9th Cir. 1989), *aff'd*, 495 U.S. 82 (1990).  Judicial economy is also relevant consideration in

11  deciding a motion for permissive intervention.  *Id.* at 531.

12      Here, jurisdiction is proper under 28 U.S.C. § 1332 (diversity), and intervention is timely

13  for the reasons discussed in Section A.1. *supra.*  There will also be common questions of law and

14  fact involved because many of the same coverage-determinative issues may be the same, as

15  demonstrated by the State's demand letters to State Farm and the Intervenors.  The State's letter

16  to the Invervenors says:

17      [T]he McGalliards stored cracked lead acid batteries and other scrap in the
    backyard of their property that leaked hazardous substances into the ground and
18      they disposed of battery acid on top of an underground leach field constructed in
    their yard. . . .  These activities occurred over several decades between 1973 and
19      the mid- to late 1980s. . . .  Hazardous substances disposed of in the leach field
    and released on the ground surface have migrated and contaminated groundwater
20      at the site and the adjoining unpaved alleyway.

21  (Letters to Intervenors, pp. 1-2, Exs. 1& 2 to Soha Decl.)  At page 2 of its letter to State Farm (in

22  the first paragraph), the State makes the same allegation almost word for word.  (Letter to State

23  Farm, p. 2, Ex.3. to Soha Decl.)  Thus, the State's factual predicate for the coverage claims is the

**MOT. TO INTERVENE - 10**
**No. 3:06-cv-00152-TMB**
G:\M&M Enterprises\Pleadings\intervene mot.5.doc

SOHA & LANG, P.S.
ATTORNEYS AT LAW
701 FIFTH AVENUE, STE 2400
SEATTLE, WASHINGTON 98104
(206) 624-1800/FAX (206) 624-3585

1   same.  Furthermore, the letters show that many of the coverage questions may be the same, such

2   as the existence of "property damage" and whether the policies are triggered.  (*Compare* 4/14/05

3   letters to Intervenors, p. 3, Exs. 1& 2 to Soha Decl. *with* 4/14/05 letter to State Farm, pp. 2-3,

4   Ex.3. to Soha Decl.)  Finally, as discussed above, intervention will serve judicial economy.

5   Thus, permissive intervention is proper.

### CONCLUSION

7        Intervenor qualifies to intervene as of right under Rule 24(a)(2).  Alternatively, Intervenor

8   should be granted permissive intervention under Rule 24(b).  Under either provision of the rule,

9   this Court should grant Intervenor's motion and permit it to join the litigation as a defendant.  A

10  proposed Answer, in accordance with Rule 24(c), is included as **Appendix 1**.

13       Dated this 27th day of October, 2006.

                                      SOHA & LANG, P.S.
                                      Attorneys for Intervenors Insurance Company of
                                      North America and ACE Indemnity Insurance
                                      Company

                                      By: */s/ Steven Soha*_____
                                          701 Fifth Avenue, Suite 2400
                                          Seattle, WA  98104
                                          Telephone:  206-624-1800
                                          Facsimile:   206-624-3585
                                          Email:  soha@sohalang.com
                                          ABA No.:  10059

**MOT. TO INTERVENE - 11**
**No. 3:06-cv-00152-TMB**
G:\M&M Enterprises\Pleadings\intervene mot.5.doc

                                      SOHA & LANG, P.S.
                                      ATTORNEYS AT LAW
                                      701 FIFTH AVENUE, STE 2400
                                      SEATTLE, WASHINGTON 98104
                                      (206) 624-1800/FAX (206) 624-3585

1

## CERTIFICATE OF SERVICE

2       I am employed in the County of King, State of Washington.  I am over the age of 18 and

3   not a party to the within action; my business address is SOHA & LANG, PS, 701 Fifth Avenue,

4   Suite 2400, Seattle, WA  98104.

5       On October 27, 2006, I served the foregoing documents: **Motion to Intervene with**

6   **attached Certificate of Service.**  Included as attachments to this Motion are the following

7   documents:

8       • **[Proposed] Answer of Defendant-Intervenors Insurance Company of North**

9           **America and ACE indemnity Insurance Company**

10      • **[Proposed] Order Granting Motion to Intervene**

11      • **Corporate Disclosure of Intervenors**

12      on interested parties in this action as follows **via CM/ECF:**

13  **James K. Wilkens**                          **Breck C. Tostevin**
    **Bliss, Wilkens & Clayton**                  **Assistant Attorney General Environmental**
14  **500 L Street, Suite 200**                   **Section**
    **Anchorage, AK 99501**                       **1031 W. 4th Avenue, Suite 200**
15  **Attorneys for State Farm**                  **Anchorage, AK 99501**

16      I declare under penalty of perjury under the laws of the State of Alaska that the above is

17  true and correct.

18      DATED this 27th day of October, 2006.

19                                      /s/ Steven Soha

20

21

22

23

24

Certificate of Service - 1
No. 3:06-cv-00152-TMB
G:\M&M Enterprises\Pleadings\decl of service motion intervene.doc

SOHA & LANG, P.S.
701 FIFTH AVENUE, SUITE 2400
SEATTLE, WASHINGTON 98104
(206) 624-1800/FAX (206) 624-3585