1

2  Steven Soha
   Soha & Lang
3  701 5th Avenue, Suite 2400
   Seattle, WA 98122
4  Tel: (206) 624-1800
   Fax: (206) 624-3585
5  soha@sohalang.com

6  Attorneys for Intervenors Insurance Company of North
   America and ACE Indemnity Insurance Company

7

8              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF ALASKA
9                         AT ANCHORAGE

10  STATE FARM FIRE AND CASUALTY
    COMPANY                                              No. 3:06-cv-00152-TMB
11                         Plaintiff,
                    vs.                                  **DECLARATION OF STEVEN
12                                                       SOHA IN SUPPORT OF
    MICHAEL BATEMAN, as personal representative of      MOTION TO INTERVENE**
13  the Estate of Mildred McGalliard; and STATE OF
    ALASKA,
14
                         Defendants.
15

16          I, STEVEN SOHA, declare as follows:

17          1.      I am over the age of 18, have personal knowledge of and am competent to testify

18  to the matters stated herein.  I am one of the attorneys for Non-parties Insurance Company of

19  North America and ACE Indemnity Insurance Company that are seeking to intervene in this

20  matter.

21          2.      Attached as **Exhibit 1** is a true and correct copy of the letter from Breck Tostevin

22  to Alaska Pacific Assurance Company dated 4/14/05 that I received from my clients in this

23  matter.

DEC. OF SOHA IN SUPPORT OF MOT. TO INTERVENE - 1
No. 3:06-cv-00152-TMB
G:\M&M Enterprises\Pleadings\intervene Soha decl.doc

SOHA & LANG, P.S.
ATTORNEYS AT LAW
701 FIFTH AVENUE, STE 2400
SEATTLE, WASHINGTON  98104
(206) 624-1800/FAX (206) 624-3585

1    3.    Attached as **Exhibit 2** is a true and correct copy of the letter from Breck Tostevin

2  to Insurance Company of North America dated 4/14/05 that I received from my clients in this

3  matter.

4    4.    Attached as **Exhibit 3** is a true and correct copy of the letter from Breck Tostevin

5  to State Farm Fire and Casualty Company that I retrieved from the court file.  This letter was

6  previously filed with this Court as Exhibit C to State Farm's Motion for Summary Judgment.

7    5.    Attached as **Exhibit 4** is a true and correct copy of the complaint from the

8  underlying action that I received from my clients in this matter.

9    I DECLARE UNDER THE PENALTY OF PERJURY UNDER THE LAWS OF THE

10  STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.

11    Executed this 27th day of October, 2006, in Seattle, Washington.

12

13    SOHA & LANG, P.S.
    Attorneys for Intervenors Insurance Company of
    North America and ACE Indemnity Insurance
14    Company

15    By: _/s/ Steven Soha_____
    701 Fifth Avenue, Suite 2400
16    Seattle, WA  98104
    Telephone:  206-624-1800
17    Facsimile:  206-624-3585
    Email:  soha@sohalang.com
18    ABA No.:  10059

19

20

21

22

23

**DEC. OF SOHA IN SUPPORT OF MOT. TO INTERVENE - 2**
**No. 3:06-cv-00152-TMB**
G:\M&M Enterprises\Pleadings\intervene Soha decl.doc

Soha & Lang, P.S.
ATTORNEYS AT LAW
701 FIFTH AVENUE, STE 2400
SEATTLE, WASHINGTON  98104
(206) 624-1800/FAX (206) 624-3585

**Exhibit 1**

STATE OF ALASKA

DEPARTMENT OF LAW

OFFICE OF THE ATTORNEY GENERAL

FRANK H. MURKOWSKI,
GOVERNOR

*1031 WEST 4TH AVENUE, SUITE 200*
*ANCHORAGE, ALASKA 99501-1994*
*PHONE:        (907)269-5274*
*FAX:           (907)278-7022*

April 14, 2005

COPY RECEIVED

APR 1 8 2005

SOHA & LANG, PS

*VIA CERTIFIED MAIL RETURN RECEIPT REQUEST*
*ARTICLE NO. 7099 3220 0008 3643 8523*

Alaska Pacific Assurance Company
c/o Randall J. Weddle, Registered Agent
701 W. 8th Ave, Suite 700
Anchorage, AK 99501

Re:    *In the Matter of the Estate of Mildred C. McGalliard,*
3AN-04-1499 PR (Probate, Anchorage Superior Court);
3603 Wyoming Drive Contaminated Site Cleanup – M&M
Enterprises; AGO File No. 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.

Dear Mr. Weddle:

On behalf of the State of Alaska and its Department of Environmental
Conservation, I am presenting a claim to the Alaska Pacific Assurance Company
(APAC) under the homeowners insurance policies issued to Joseph L. and Mildred C.
McGalliard for the 3603 Wyoming Drive property in Anchorage, Alaska (policy
number A01301925).

Field investigations conducted by contractors retained by the Alaska
Department of Environmental Conservation (DEC) have identified high levels of
hazardous substance contamination on the Wyoming Drive property. Specifically,
DEC's investigation has identified high levels of lead and other hazardous substance
contamination in the backyard portion of the property. This hazardous substance
contamination has contaminated groundwater resources of the State and the presence
of the contamination threatens additional damages to the State's groundwater
resources -- and to public health and the environment -- if the contamination is not
removed.

The Attorney General's Office has conducted an investigation into the history
of the property and has obtained historical documents and records concerning the
property. Our investigation found that APAC's insureds Joseph and Mildred
McGalliard's use of the property resulted in hazardous substance contamination and
damage to the State's groundwater resources. Specifically, the McGalliards stored

Alaska Pacific Assurance Company                                    April 14, 2005
c/o Randall J. Weddle, Registered Agent                                    Page 2

cracked lead acid batteries and other scrap in the backyard of their property that
leaked hazardous substances into the ground and they disposed of battery acid on top
of an underground leach field constructed in their yard. Some of the batteries
disposed of in this manner were from the McGalliard's personal vehicles and other
household materials were also stored in this area. These activities occurred over
several decades between 1973 and the mid- to late 1980s. These activities have been
documented through aerial photos, interviews, and public records memorializing
previous investigations. Hazardous substances disposed of in the leach field and
released on the ground surface have migrated and contaminated groundwater at the
site and the adjoining unpaved alleyway.

   **Probate Claims by the State of Alaska.** As a result of this contamination, the
State of Alaska filed a claim against the Probate Estate of your insured, Mildred C.
McGalliard on January 24, 2005. A copy of the State's Claim is attached.

   Mrs. McGalliard's son, Michael Bateman, was appointed special administrator
of her estate on March 8, 2005. A copy of the court appointment is also enclosed.
The special administrator has not acted on the State's claim.

   **Coverage under the APAC Policies.** As a result of an administrative
subpoena issued by DEC, we have obtained copies of the relevant policies issued to
the McGalliards by APAC from September 16, 1973 until apparently January 15,
1981 when CIGNA provided a new policy with increased coverage. APAC's policies
provide coverage in the amount of $100,000 per occurrence under Coverage E for "all
sums which the Insured shall become legally obligated to pay as damages for bodily
injury or property damage, to which this insurance applied, caused by an occurrence."

   We are requesting that you acknowledge coverage for the State's claims filed
against the McGalliard Estate under Coverage E for property damage to the State's
groundwater and for the state's response costs as damages under Coverage E.
Specifically, we are seeking payment of sums to reimburse the State for its response
costs under AS 46.03.822 and for the costs of future cleanup work. Our analysis of
coverage is provided below.

   The APAC policy defines "property damages" as "injury to or destruction of
tangible property, including loss of use thereof." As the U.S. District Court for the
District of Alaska found in *Mapco Alaska Petroleum, Inc. v. The Central National
Ins. Co. of Omaha*, 795 F. Supp. 941, 950-951 (D. Alaska 1991), under Alaska law,
"damages" in a general liability policy includes environmental cleanup costs
undertaken with DEC regulatory oversight. Similarly, the U.S. District Court found

Alaska Pacific Assurance Company                          April 14, 2005
c/o Randall J. Weddle, Registered Agent                        Page 3

that "contamination of groundwater qualifies as property damage and as such is covered by [general liability] insurance policies." 795 F. Supp at 952.

The APAC policy defines "occurrence" as "an accident, including injurious exposure to conditions which results, during the policy term, in bodily injury or property damage." Consequently, coverage under the APAC policies was triggered each time the groundwater and the other property not owned by the insured was exposed to contaminants during the policy term and as long as the groundwater contamination is unremediated. *See Mapco*, 795 F. Supp. at 948 (Alaska Supreme Court generally follows California insurance law); *Montrose Chem. Corp. v. Admiral Ins.*, 913 P.2d 878, 880 (Cal. 1995) (California Supreme Court adopted continuous trigger theory in third party insurance disputes over standard occurrence language).

Given the site assessments for the property and our investigation of the activities at the site, these occurrences happened throughout the 1973 to 1981 policy periods. Groundwater will continue to be impacted until the contamination source is removed. In sum, there is coverage for multiple occurrences under the policies issued to the McGalliards by APAC.

DEC plans to undertake a state-led cleanup of the Wyoming Drive property this June through one of its term contractors. DEC has determined that in order to protect human health and the environment, it will undertake a cleanup action to remove the highly contaminated soils from the backyard portion of the site and in the adjoining alleyway. DEC's term contractor has estimated the "order of magnitude cost" of this action at around $315,000. As of the end of 2004, the State had already incurred response costs in the amount of $48,903. The State has incurred additional costs since December of 2004 and can provide an accounting of those costs at your request.

The State is also submitting claims to the insurance companies that continued the McGalliard's policy coverage on 3603 Wyoming Drive (CIGNA and Vesta) and to State Farm Ins. Company that apparently provided homeowner's coverage on the adjoining property while owned by the McGalliards for the period of 1983 to 1994.

**Requested Action**. We request that APAC acknowledge coverage under coverage E of the policies issued to Mr. and Mrs. McGalliard and pay the State the above sums. I am providing you with copies of the environmental reports for the property and DEC's response cost invoices and supporting materials. Given the pending site cleanup actions and the probate case, we request that you provide a response to our claim as soon as possible but no later than May 16, 2005.

Alaska Pacific Assurance Company
c/o Randall J. Weddle, Registered Agent

April 14, 2005
Page 4

     Please Assistant Attorney General Breck Tostevin a call at 269-5274 if you have any questions concerning this matter.

                 Sincerely,

                 DAVID W. MÁRQUEZ
                 ATTORNEY GENERAL

               By:

                 Breck C. Tostevin
                 Assistant Attorney General

BCT/cam
Enclosures

cc:    Michael A. Bateman, Special Admin.
       of the Estate of Mildred McGalliard
       Rich Sundet, DEC/CS
       Steven Soha, Esq.

**Exhibit 2**

STATE OF ALASKA

DEPARTMENT OF LAW

OFFICE OF THE ATTORNEY GENERAL

FRANK H. MURKOWSKI,
GOVERNOR

*1031 WEST 4TH AVENUE, SUITE 200*
*ANCHORAGE, ALASKA 99501-1994*
*PHONE:      (907)269-5274*
*FAX:        (907)278-7022*

April 14, 2005

*VIA CERTIFIED MAIL RETURN RECEIPT REQUEST*
*ARTICLE NO. 7099 3220 0008 3643 8530*

COPY RECEIVED

APR 1 8 2005

SOHA & LANG, PS

Insurance Company of North America
1601 Chestnut Street
Philadelphia, PA 19103

Re:    *In the Matter of the Estate of Mildred C. McGalliard,*
       3AN-04-1499 PR (Probate, Anchorage Superior Court);
       3603 Wyoming Drive Contaminated Site Cleanup – M&M
       Enterprises; AGO File No. 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.

Dear Sir or Madam:

On behalf of the State of Alaska and its Department of Environmental Conservation, I am presenting a claim to the Insurance Company of North America (CIGNA) under the homeowners insurance policies issued to Joseph L. and Mildred C. McGalliard for the 3603 Wyoming Drive property in Anchorage, Alaska (policy number A01301925).

Field investigations conducted by contractors retained by the Alaska Department of Environmental Conservation (DEC) have identified high levels of hazardous substance contamination on the Wyoming Drive property. Specifically, DEC's investigation has identified high levels of lead and other hazardous substance contamination in the backyard portion of the property. This hazardous substance contamination has contaminated groundwater resources of the State and the presence of the contamination threatens additional damages to the State's groundwater resources -- and to public health and the environment -- if the contamination is not removed.

The Attorney General's Office has conducted an investigation into the history of the property and has obtained historical documents and records concerning the property. Our investigation found that CIGNA's insureds Joseph and Mildred McGalliard's use of the property resulted in hazardous substance contamination and damage to the State's groundwater resources. Specifically, the McGalliards stored cracked lead acid batteries and other scrap in the backyard of their property that leaked hazardous substances into the ground and they disposed of battery acid on top

April 14, 2005
Page 2

of an underground leach field constructed in their yard. Some of the batteries disposed of in this manner were from the McGalliard's personal vehicles and other household materials were also stored in this area. These activities occurred over several decades between 1973 and the mid- to late 1980s. These activities have been documented through aerial photos, interviews, and public records memorializing previous investigations. Hazardous substances disposed of in the leach field and released on the ground surface have migrated and contaminated groundwater at the site and the adjoining unpaved alleyway.

**Probate Claims by the State of Alaska.** As a result of this contamination, the State of Alaska filed a claim against the Probate Estate of your insured, Mildred C. McGalliard on January 24, 2005. A copy of the State's Claim is attached.

Mrs. McGalliard's son, Michael Bateman, was appointed special administrator of her estate on March 8, 2005. A copy of the court appointment is also enclosed. The special administrator has not acted on the State's claim.

**Coverage under the CIGNA Policies.** As a result of an administrative subpoena issued by DEC, we have obtained copies of the relevant policies issued to the McGalliards by CIGNA from September 16, 1973 until September 16, 2000, when Vesta wrote new policies. CIGNA's policies provide coverage in the amount of $300,000 per occurrence under Coverage E for "damages because of 'bodily injury' or 'property damage' caused by an 'occurrence to which this coverage applies."

We are requesting that you acknowledge coverage for the State's claims filed against the McGalliard Estate under Coverage E for property damage to the State's groundwater and for the state's response costs as damages under Coverage E. Specifically, we are seeking payment of sums to reimburse the State for its response costs under AS 46.03.822 and for the costs of future cleanup work. Our analysis of coverage is provided below.

The CIGNA policy defines "property damages" as "physical injury to, destruction of, or loss of use of tangible property." As the U.S. District Court for the District of Alaska found in *Mapco Alaska Petroleum, Inc. v. The Central National Ins. Co. of Omaha*, 795 F. Supp. 941, 950-951 (D. Alaska 1991), under Alaska law, "damages" in a general liability policy includes environmental cleanup costs undertaken with DEC regulatory oversight. Similarly, the U.S. District Court found that "contamination of groundwater qualifies as property damage and as such is covered by [general liability] insurance policies." 795 F. Supp at 952.

April 14, 2005
Page 3

The CIGNA policy defines "occurrence" as "an accident, including injurious exposure to conditions which results, during the policy term, in bodily injury or property damage." Consequently, coverage under the CIGNA policies was triggered each time the groundwater and the other property not owned by the insured was exposed to contaminants during the policy term and as long as the groundwater contamination is unremediated. *See Mapco*, 795 F. Supp. at 948 (Alaska Supreme Court generally follows California insurance law); *Montrose Chem. Corp. v. Admiral Ins.*, 913 P.2d 878, 880 (Cal. 1995) (California Supreme Court adopted continuous trigger theory in third party insurance disputes over standard occurrence language).

We note that CIGNA added a pollution exclusion to Coverage E beginning in September 1989. *See* March 17, 2005 Response to DEC Administrative Subpoena at RMI 00210-00217. This verifies that the policies covered such liabilities under the policies issued prior to that date.

Given the site assessments for the property and our investigation of the activities at the site, these occurrences happened throughout the 1973 to 1999 policy periods. Groundwater will continue to be impacted until the contamination source is removed. In sum, there is coverage for multiple occurrences under the policies issued to the McGalliards by CIGNA.

DEC plans to undertake a state-led cleanup of the Wyoming Drive property this June through one of its term contractors. DEC has determined that in order to protect human health and the environment, it will undertake a cleanup action to remove the highly contaminated soils from the backyard portion of the site and in the adjoining alleyway. DEC's term contractor has estimated the "order of magnitude cost" of this action at around $315,000. As of the end of 2004, the State had already incurred response costs in the amount of $48,903. The State has incurred additional costs since December of 2004 and can provide an accounting of those costs at your request.

The State is also submitting claims to the insurance companies that provided the McGalliard's policy coverage on 3603 Wyoming Drive (Alaska Pacific Assurance Company and Vesta) and to State Farm Ins. Company that apparently provided homeowner's coverage on the adjoining property while owned by the McGalliards for the period of 1983 to 1994.

**Requested Action.** We request that CIGNA acknowledge coverage under coverage E of the policies issued to Mr. and Mrs. McGalliard and pay the State the above sums. I am providing you with copies of the environmental reports for the property and DEC's response cost invoices and supporting materials. Given the

April 14, 2005
Page 4

pending site cleanup actions and the probate case, we request that you provide a response to our claim as soon as possible but no later than May 16, 2005.

Please call Assistant Attorney General Breck Tostevin at 269-5274 if you have any questions concerning this matter.

Sincerely,

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By:

Breck C. Tostevin
Assistant Attorney General

BCT/cam
Enclosures

cc:    Michael A. Bateman, Special Admin.
        of the Estate of Mildred McGalliard
        Rich Sundet, DEC/CS
        Steven Soha, Esq.

**Exhibit 3**

# STATE OF ALASKA

### DEPARTMENT OF LAW

OFFICE OF THE ATTORNEY GENERAL

FRANK H. MURKOWSKI,
GOVERNOR

*1031 WEST 4TH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501-1994*
*PHONE:    (907)269-5274*
*FAX:       (907)278-7022*

April 14, 2005

*VIA CERTIFIED MAIL RETURN RECEIPT REQUEST*
*ARTICLE NO. 7099 3220 0008 3643 8516*

RECEIVED

APR 1 8 2005

PACNW FINANCIAL SERVICES

Mr. John S. Bishop
Vice President Operations
State Farm Fire and Casualty Company
1000 Wilmington Drive
Dupont, WA 98327

     Re:   *In the Matter of the Estate of Mildred C. McGalliard,*
           3AN-04-1499 PR (Probate, Anchorage Superior Court);
           3603 Wyoming Drive Contaminated Site Cleanup – M&M
           Enterprises; AGO File No. 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.

Dear Mr. Bishop:

    On behalf of the State of Alaska and its Department of Environmental
Conservation, I am presenting a claim to the State Farm Fire and Casualty Company
(State Farm) under the rental dwelling policies issued to Joseph L. and Mildred C.
McGalliard for the 3601 Wyoming Drive property in Anchorage, Alaska (policy
number 92-95-9466-6).

    Field investigations conducted by contractors retained by the Alaska
Department of Environmental Conservation (DEC) have identified high levels of
hazardous substance contamination on the adjoining property owned by the
McGalliards at 3603 Wyoming Drive property. Specifically, DEC's investigation has
identified high levels of lead and other hazardous substance contamination in the
backyard portion of the property. This hazardous substance contamination has
contaminated groundwater resources of the State and the presence of the
contamination threatens additional damages to the State's groundwater resources --
and to public health and the environment -- if the contamination is not removed.

    The Attorney General's Office has conducted an investigation into the history
of the property and has obtained historical documents and records concerning the
property. Our investigation found that use of the insured premises by State Farm's
insureds Joseph and Mildred McGalliard (McGalliards) resulted in hazardous

EXHIBIT **3**
PG **1** OF **4**

April 14, 2005
Page 2

substance contamination and damage to the State's groundwater resources.
Specifically, the McGalliards stored cracked lead acid batteries and other scrap in the
backyard of their 3603 Wyoming Drive property that leaked hazardous substances
into the ground, and they disposed of battery acid, after attempts to neutralize it, into
an underground leach field constructed in their yard. Hazardous substances were also
released onto the adjoining alleyway behind the 3603 and 3601 Wyoming Drive
properties. These activities occurred over several decades between 1973 and the mid-
to late 1980s. These activities have been documented through aerial photos,
interviews, and public records memorializing previous investigations. Hazardous
substances disposed of in the leach field and released on the ground surface have
migrated and contaminated groundwater at the site and the adjoining unpaved
alleyway.

**Probate Claims by the State of Alaska.** As a result of this contamination, the
State of Alaska filed a claim against the Probate Estate of your insured, Mildred C.
McGalliard on January 24, 2005. A copy of the State's Claim is attached.

Mrs. McGalliard's son, Michael Bateman, was appointed special administrator
of her estate on March 8, 2005. A copy of the court appointment is also enclosed.
The special administrator has not acted on the State's claim.

**Coverage under the State Farm Policies.** As a result of an administrative
subpoena issued by DEC, we have obtained copies of the relevant policies issued to
the McGalliards by State Farm from December 29, 1983 until November 4, 1994
when State Farm apparently cancelled the policy because of "debris in the yard,
including inoperable snowmobiles, trailers, an old refrigerator, and mattresses." Letter
of Sept. 2, 1994 from Rita Ritter, State Farm Fire & Cas. to Mildred C. McGalliard.
State Farm's policies provide coverage in the amount of $300,000 per occurrence
under Coverage L, Business Liability, for "property damage to which this coverage
applies and which arises from the ownership, maintenance, or use of the insured
premises."

We are requesting that you acknowledge coverage for the State's claims filed
against the McGalliard Estate for property damage to the State's groundwater and for
the state's response costs as damages under Coverage L. Specifically, we are
seeking payment of sums to reimburse the State for its response costs under AS
46.03.822 and for the costs of future cleanup work. Our analysis of coverage is
provided below.

3235429280_3

EXHIBIT ___3___
PG ___2___ OF ___4___

April 14, 2005
Page 3

The policy defines "property damages" as "physical injury to or destruction of tangible property, including loss of use of this property." As the U.S. District Court for the District of Alaska found in *Mapco Alaska Petroleum, Inc. v. The Central National Ins. Co. of Omaha*, 795 F. Supp. 941, 950-951 (D. Alaska 1991), under Alaska law, "damages" in a general liability policy includes environmental cleanup costs undertaken with DEC regulatory oversight. Similarly, the U.S. District Court found that "contamination of groundwater qualifies as property damage and as such is covered by [general liability] insurance policies." 795 F. Supp at 952.

Coverage L applies to "property damage under Section 2, which occurs during the period this policy is in effect." Paragraph 1, Section I and II – Conditions. Damage to the groundwater was occurring during the policy period since contaminants were leaching into the groundwater and migrating. The policies were triggered each time the groundwater and the other property not owned by the insured was exposed to contaminants during the policy term and as long as the groundwater contamination is unremediated. *See Mapco*, 795 F. Supp. at 948 (Alaska Supreme Court generally follows California insurance law); *Montrose Chem. Corp. v. Admiral Ins.*, 913 P.2d 878, 880 (Cal. 1995) (California Supreme Court adopted continuous trigger theory in third party insurance disputes over standard occurrence language).

Given the site assessments for the property and our investigation of the activities at the site, these occurrences happened throughout the 1983 to 1996 policy periods. Groundwater will continue to be impacted until the contamination source is removed. In sum, there is coverage for multiple occurrences under the policies issued to the McGalliards by State Farm.

Finally, the property damage arose out of the use of the insured premises since the release of contaminants onto the alleyway adjoining the 3603 and 3601 properties is part of the "insured premises." See Paragraph 3.c. Definitions ("insured premises" means: the ways immediately adjoining on land").

DEC plans to undertake a state-led cleanup of the Wyoming Drive property this June through one of its term contractors. DEC has determined that in order to protect human health and the environment, it will undertake a cleanup action to remove the highly contaminated soils from the backyard portion of the site and in the adjoining alleyway. DEC's term contractor has estimated the "order of magnitude cost" of this action at around $315,000. As of the end of 2004, the State had already incurred response costs in the amount of $48,903. The State has incurred additional costs since December of 2004 and can provide an accounting of those costs at your request.

EXHIBIT ___3___
PG _3___ OF _4___

April 14, 2005
Page 4

The State is also submitting claims to the insurance companies that provided the McGalliard's homeowners policy coverage on 3603 Wyoming Drive property (Alaska Pacific Assurance Company, CIGNA and Vesta).

**Requested Action.** We request that State Farm acknowledge coverage under coverage L of the policies issued to Mr. and Mrs. McGalliard and pay the State the above sums. I am providing you with copies of the environmental reports for the property and DEC's response cost invoices and supporting materials. Given the pending site cleanup actions and the probate case, we request that you provide a response to our claim as soon as possible but no later than May 16, 2005.

Please give Assistant Attorney General Breck Tostevin a call at 269-5274 if you have any questions concerning this matter.

Sincerely,

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: Breck C. Tostevin
    Assistant Attorney General

BCT/cam
Enclosures

cc:    Michael A. Bateman, Special Admin.
       of the Estate of Mildred McGalliard
       Rich Sundet, DEC/CS

3235429280_7

EXHIBIT  3
PG  4  OF  4

**Exhibit 4**

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

STATE OF ALASKA, DEPARTMENT )
OF ENVIRONMENTAL CONSERVATION )
                       )
         Plaintiff, )
                       )
    vs. )      Case No. 3AN-06-_6485_CI
                       )
MICHAEL A. BATEMAN, in his capacity )
as Special Administrator of the Estate )
of Mildred McGalliard, )
                       )
        Defendant. )
_____ )

## COMPLAINT FOR RECOVERY OF RESPONSE COSTS
## AND DECLARATORY RELIEF (AS 46.03.822; AS 22.10.020(g))

Comes now Plaintiff State of Alaska, Department of Environmental Conservation, by and through the Office of the Attorney General, and complains and alleges as follows:

## <u>JURISDICTION</u>

1.      This is a civil action for recovery of response costs incurred by the State of Alaska responding to hazardous substance contamination on property of the Estate of Mildred McGalliard at 3603 Wyoming Drive and adjoining properties in Anchorage, Alaska (hereinafter the "Site"). In addition, the State seeks a declaration that the Estate of Mildred McGalliard is liable to the State for future costs responding to the release or threatened release of hazardous substances from the Wyoming Drive property.

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

2.    Subject matter jurisdiction is proper pursuant to Alaska statutory and common law, including AS 22.10.020 and AS 09.05.015.

3.    Personal jurisdiction is proper because the Defendant has engaged in substantial and not isolated activities in this state and because the claims arose in this State.

4.    Venue is properly laid in the Third Judicial District pursuant to AS 22.10.030 and Alaska Civil Rule 3(c) because the claims arose in the Third Judicial District.

## PARTIES

5.    Plaintiff State of Alaska is a sovereign state of the United States and is entitled to bring this action.  The Department of Environmental Conservation (DEC) is the agency of state government with jurisdiction to enforce state environmental laws.

6.    Defendant Michael A. Bateman is a resident of Anchorage, Alaska.

7.    On March 8, 2005, Defendant Bateman was formally appointed by the Superior Court as the Special Administrator of the Estate of Mildred McGalliard under AS 13.16.210(2) with the powers of a personal representative under AS 13.16.325.

8.    Defendant Bateman is being sued solely in his capacity as Special Administrator of the McGalliard Estate.

## GENERAL ALLEGATIONS

9.    From February 26, 1960 to the time of her death on April 25, 2003, Mildred McGalliard, formerly known as Mildred C. Peters and Mildred C. Gilbeau, owned

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

real property at 3603 Wyoming Drive, a residential property in the Spenard area of Anchorage (the "Wyoming Drive Property" or the "Property").

10.    The 3603 Wyoming Drive property is now part of the Estate of Mildred McGalliard.

11.    The probate of the McGalliard Estate is pending in the action entitled *In the Matter of the Estate of Mildred C. McGalliard*, 3AN-04-1499 PR.

12.    On January 24, 2005, the State of Alaska presented a timely claim under AS 13.16.460 to the McGalliard Estate by filing a claim concerning the Wyoming Drive property in the Superior Court. A copy of the State's claim was mailed to Defendant Bateman at the time the claim was filed in Superior Court.

13.    Following his appointment as Special Administrator, Defendant Bateman did not mail a notice of action on the State's claim within 60 days after the time for original presentment had expired.

14.    Pursuant to AS 13.16.475(a), the State's Claim of January 24, 2005 is allowed against the McGalliard Estate.

15.    At all relevant times, Mildred McGalliard and the Estate were or are, "owners" and "operators" of the Property within the meaning of AS 46.03.826(8).

16.    Environmental site investigations conducted by Dames & Moore in 1991 and BGES, Inc. in May 2004 found lead, cadmium, mercury and 1,2,4 trichlorbenzene in the soil and groundwater beneath the Wyoming Drive property.

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

17.    Lead, cadmium, mercury and 1,2,4 trichlorbenzene are "hazardous substances" within the meaning of AS 46.03.826(5).

18.    The release of hazardous substances at and from the Wyoming Drive property has caused damages to groundwater held in trust for the people of the State of Alaska and has caused property damages to those groundwater resources and to adjoining property. As of the filing of this Complaint, hazardous substance-contaminated soil and water remain at the Site.

19.    In order to protect human health, public safety and lessen migration of additional hazardous substances to groundwater, DEC through its environmental contractor, BGES, secured access to the property, took actions to lessen surface migration of hazardous substances from the property, and removed 372.3 tons of hazardous substance-contaminated soil from the Site.

20.    Hazardous substances in excess of DEC cleanup levels in 18 AAC 75 remain on portion of the Site under the protective fill material placed on the Site by DEC's environmental contractors.

## FIRST CAUSE OF ACTION: STATE RESPONSE COSTS

21.    Paragraphs 1 through 20 are incorporated herein by reference.

22.    Hazardous substances within the meaning of AS 46.03.826 have been released at and from the Wyoming Drive property.

23.    Plaintiff State of Alaska has incurred response costs, including legal fees and costs, in the amount of $432,576 as a result of its investigation of Site conditions, its

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

efforts to contain and control access to the hazardous substance contamination, its development of cleanup plans for the property, and its removal and disposal of contaminated soil from the property and adjoining properties.

24.   Pursuant to AS 46.03.822, AS 46.03.763, and other law, Mildred McGalliard and her Estate are strictly liable, jointly and severally for the full amount of actual expenses incurred by the State as a result of the release, including direct and indirect costs of response, containment, removal or remedial action, full reasonable attorneys fees and costs, and incidental administrative expenses incurred by the State.

## SECOND CAUSE OF ACTION: DECLARATORY JUDGMENT AS TO FUTURE RESPONSE COSTS

25.   Paragraphs 1 through 24 are incorporated herein by reference.

26.   Because contamination above cleanup levels remains on the Site, Plaintiff State of Alaska will continue to incur response costs for monitoring and other related activities in amounts to be proven.

27.   Pursuant to AS 46.03.822, AS 46.03.763, and other law, Mildred McGalliard and her Estate are strictly liable, jointly and severally for the full amount of actual expenses incurred by the State in the future as a result of the release, including direct and indirect costs of response, containment, removal or remedial action, full reasonable attorneys fees and costs, and incidental administrative expenses incurred by the State.

## RELIEF SOUGHT

WHEREFORE, Plaintiff asks this Court:

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

COMPLAINT FOR RECOVERY OF RESPONSE COSTS & DECL. RELIEF
State of Alaska, DEC v. Michael Bateman, Case No. 3AN-06-_____ CI

5 of 6

a.    to adjudge and decree that Mildred McGalliard, deceased, and the McGalliard Estate are liable to the State of Alaska for past and future hazardous substance response costs and to enter judgment in favor of the Plaintiff and against Defendant as Special Representative of the Estate;

b.    to award pre and post judgment interest in the amount provided by AS 46.08.075, full reasonable attorneys' fees, and the costs of this action;

c.    to grant such other and additional relief as may be appropriate.

DATED this 20 day of March, 2006 at Anchorage, Alaska.

DAVID W. MÁRQUEZ
ATTORNEY GENERAL

By: _____
Breck C. Tostevin
Senior Assistant Attorney General
ABA No. 8906037

DEPARTMENT OF LAW
OFFICE OF THE ATTORNEY GENERAL
ANCHORAGE BRANCH
1031 W. FOURTH AVENUE, SUITE 200
ANCHORAGE, ALASKA 99501
PHONE: (907) 269-5100

1

**CERTIFICATE OF SERVICE**

2      I am employed in the County of King, State of Washington.  I am over the age of 18 and

3  not a party to the within action; my business address is SOHA & LANG, PS, 701 Fifth Avenue,

4  Suite 2400, Seattle, WA  98104.

5      On October 27, 2006, I served the foregoing documents: **Declaration of Steven Soha in**

6  **Support of Motion to Intervene with attached Certificate of Service**

7      on interested parties in this action as follows **via CM/ECF:**

8  **James K. Wilkens**                    **Breck C. Tostevin**
   **Bliss, Wilkens & Clayton**            **Assistant Attorney General Environmental**
9  **500 L Street, Suite 200**             **Section**
   **Anchorage, AK 99501**                 **1031 W. 4th Avenue, Suite 200**
10 **Attorneys for State Farm**            **Anchorage, AK 99501**

11     I declare under penalty of perjury under the laws of the State of Alaska that the above is

12 true and correct.

13     DATED this 27th day of October, 2006.

14                                         /s/ Steven Soha

15

16

17

18

19

20

21

22

23

24

Certificate of Service  - 1
No. 3:06-cv-00152-TMB
G:\M&M Enterprises\Pleadings\decl of service motion intervene.doc

SOHA & LANG, P.S.
701 FIFTH AVENUE, SUITE 2400
SEATTLE, WASHINGTON 98104
(206) 624-1800/FAX (206) 624-3585