IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY,<br><br>              Plaintiff,<br><br>  vs.<br><br>MICHAEL BATEMAN, as personal representative of the Estate of Mildred McGalliard; and STATE OF ALASKA,<br><br>              Defendants. | Case No. 3:06-cv-00152 TMB<br><br><u>**ORDER GRANTING<br>MOTION TO DISMISS**</u> |

      The State of Alaska (the "State") filed a lawsuit against Michael Bateman as the personal representative of the Estate of Mildred McGalliard (the "Estate") in Alaska state court alleging that the Estate was liable under Alaska statutes for contamination of property located at 3603 Wyoming Drive, Anchorage, Alaska, and adjacent properties. Plaintiff State Farm Fire and Casualty Company ("State Farm") issued rental property insurance to Joseph and Mildred McGalliard for property located at 3601 Wyoming Drive. State Farm filed this federal declaratory judgment action seeking a declaration that State Farm has no duty to defend or indemnify Bateman, as the personal representative of the Estate, as to the claims asserted by the State in the underlying state court action. In this federal action, the State was also named as a defendant because of its claims for remediation and cleanup costs and other expenses against the Estate in the state court action.

      On September 27, 2006, Bateman assigned coverage and indemnity rights of the Estate under the State Farm policies to the State. The State therefore assumed a dual role in this litigation, both as a named defendant and as an assignee of the rights of the Estate. Prior to the assignment, Bateman had not appeared in this action on behalf of the Estate. Although the State entered a notice of appearance in the name of the State on September 29, 2006, it did not explicitly enter an appearance on behalf of the Estate. State Farm therefore moved for a default judgment against the Estate. (Docket No. 21). The State opposed the motion on the grounds that it is the real party in interest to the Estate and timely appeared to represent the interests of the Estate in this proceeding.

On October 17, 2006, the State moved to be substituted for the Estate as the assignee of the Estate's contractual rights. (Docket No. 29). State Farm partially opposed the motion, noting that it plans to challenge the validity and enforceability of the assignment under Alaska statutes, but would nevertheless consent to allowing the State to be substituted as an assignee of the Estate's rights under the policies. However, State Farm claims that the Estate must remain a party to this action because, even assuming a valid assignment, the Estate still retains some interest in State Farm's policies and State Farm cannot obtain full relief if the Estate is dismissed.

On October 17, 2006, the State also filed a motion to dismiss State Farm's claims against both the Estate and the State. (Docket No. 32). On October 19, 2006, State Farm voluntarily dismissed its claims against the State as a named defendant, but argues that it still has a viable claim against the State as the assignee of the private contractual rights of the Estate. Therefore, the only question before this Court on the State's motion to dismiss is whether the case against the State as assignee of the Estate should be dismissed.

In its motion to dismiss, the State argues that State Farm's declaratory judgment action is barred under the 11th Amendment. In the alternative, the State argues that this Court should abstain from exercising its jurisdiction over this mater. The Court agrees with the State that it is advisable for this Court to abstain from considering this declaratory judgment action. Therefore, the Court GRANTS the State's motion to dismiss for the reasons set forth below, and need not reach either the State's 11th Amendment claim or the merits of the other pending motions.

The Declaratory Judgment Act, 28 U.S.C. § 2201, is "deliberately cast in terms of permissive, rather than mandatory, authority."[1] "The Act 'gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.'"[2] Referring to the Supreme Court's decision in *Brillhart v. Excess Insurance Company of America*,[3] the Ninth Circuit in *Government*

---

[1]  *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998)(*quoting Pub. Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 250 (1952) (J. Reed, concurring)).

[2]  *Id.* (*quoting Pub. Affairs Assocs. v. Rickover*, 369 U.S. 111, 112 (1962)).

[3]  316 U.S. 491 (1942).

*Employees Insurance Company v. Dizol*, has stated that, when considering whether to exercise its discretionary jurisdiction under the Act:

> The *Brillhart* factors remain the philosophic touchstone for the district court. The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation.  If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court   The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief.  Nonetheless, federal courts should generally decline to entertain reactive declaratory actions.[4]

In a footnote in *Dizol*, the Ninth Circuit further noted that:

> The *Brillhart* factors are not exhaustive. We have suggested other considerations, such as whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a res judicata advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.[5]

Having considered the arguments of the parties in their briefing and at oral argument, the Court declines to exercise its discretion under the Act.  Abstention is appropriate in this case because this Court has not reached the merits of any of State Farm's claims and a more advanced state court action is currently proceeding, the case would needlessly require resolution of state law issues, and, since the State is a party to this proceeding, the 11th Amendment may prevent this Court from settling all aspects of the controversy.

This federal action was brought by State Farm on June 23, 2006.  Since the filing of the complaint, the Court has not reached the substance of State Farm's allegations.  State Farm filed a motion for summary judgment on September 19, 2006, but this Court held the summary judgment motion in abeyance pending resolution of the procedural motions discussed above.  The state court proceeding, which joins the State and State Farm, has been pending since March 29, 2006, and discovery is well underway.  While the Court acknowledges that the state court proceeding did not originally include a request for declaratory relief under the State Farm policies at the center of this dispute, the State filed a motion to amend its complaint to include such a declaration of rights on

---

[4]    *Dizol*, 133 F.3d at 1225 (citations omitted).

[5]    *Id.* at n.5 (citation omitted).

3

September 28, 2006, and that motion was granted by the state court on October 16, 2006. Therefore, the same request for a declaration of rights under the State Farm policies before this Court is now squarely before the state court and resolution of this dispute in federal court would be duplicative of the more advanced state court action.

In its summary judgment motion, State Farm asks for a clarification of its rights under Alaska law. In doing so, it asks this Court to address issues, such as interpretation of an absolute pollution exclusion clause in its policy, which the Alaska Supreme Court has not yet addressed. Since the claim does not implicate any federal questions, the Court does not believe that it is necessary for a federal court to interpret these state law issues in the first instance when they are ripe for consideration in a parallel proceeding in state court. As the Third Circuit has noted, "where the applicable state law is uncertain or undetermined, district courts should be particularly reluctant to entertain declaratory judgment actions."[6]

Hearing this matter in federal court would be further complicated by the dual role the State has played and could potentially continue to play in the resolution of State Farm's claim. In opposition to the State's motion to be substituted as a party, State Farm challenged the State's immunity claims and informed the Court that it intends to contest the validity and enforceability of the assignment under Alaska statutes. It questions whether the Estate had the authority to assign its rights to the State and argues that, even if it did, the Estate still holds some rights and obligations under its policies. Even if, as State Farm urges, this Court were to determine that the State as an assignee of private contractual rights is not entitled to dismissal under the 11th Amendment, and this case continued through resolution on the merits in federal court, the import of any decision this Court renders would hang in the balance pending resolution of the question of the extent and validity of the assignment. Such a resolution might require the State as a sovereign to defend its rights under the assignment. It is possible, then, that 11th Amendment concerns would prevent this Court from resolving all aspects of this controversy. That all parties are undisputedly properly joined in the state court proceeding and can litigate their dispute over the scope of contractual rights

---

[6] *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 135 (3rd Cir. 2000).

without implicating any 11th Amendment concerns underscores the appropriateness of abstention in this proceeding.

For the foregoing reasons, the Court declines to exercise its discretion under the Declaratory Judgment Act to hear this proceeding. Since the Court declines to hear this case, the Application for Entry of Default against Defendant Michael Bateman at Docket No. 21 and the Motion to Substitute State of Alaska for Michael Bateman at Docket No. 29 are hereby DENIED as moot. The Motion for Summary Judgment at Docket No. 11, which was held in abeyance, is also DENIED as moot. At Docket No. 43, non-parties Insurance Company of North America and ACE Indemnity Insurance Company moved to intervene in this proceeding. Because the Court is dismissing this case, the Motion to Intervene at Docket No. 43 is DENIED as moot.

In conclusion, the Motion to Dismiss at Docket No. 31 is hereby GRANTED, and the motions at Docket Nos. 11, 21, 29, and 43 are hereby DENIED as moot.

Dated at Anchorage, Alaska, this 5th day of December, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge